# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROOFERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PERRIGO CO., PLC *et al.*,<br><br>Defendants. | Civil Action No.<br><br>16-2805 (MCA) (LDW)<br><br><br>**OPINION AND ORDER** |

Before the Court is the motion (ECF No. 68) of Michael Wilson for reconsideration, under Local Civil Rule 7.1(i), of the Court's February 10, 2017 Order (ECF No. 64), which decided various competing motions for appointment as lead plaintiff and for approval of lead counsel. The Court having considered the parties' filings on the motion, and for the reasons set forth below, Wilson's reconsideration motion is **DENIED**.

## I. UNDERLYING FACTS AND PROCEDURAL HISTORY

Plaintiff Roofers' Pension Fund commenced this putative class action in May 2016 and alleged claims against defendants Perrigo Co., PLC ("Perrigo"), a pharmaceutical manufacturer, and Joseph C. Papa, Perrigo's former board chairman and CEO, for violation of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as well as rule 10b-5 promulgated thereunder. (Compl., ECF No. 1). Briefly, the Complaint alleged that Perrigo and Papa made false statements regarding Perrigo's value and earnings outlook to induce Perrigo shareholders to reject a tender offer by non-party Mylan N.V. (ECF No. 1 ¶¶ 2–9, 16–41). Plaintiffs contend that these

misrepresentations constituted a fraud on the market and that shareholders relied on them in retaining or acquiring Perrigo shares, to their detriment. (ECF No. 1 ¶¶ 41, 50–70).

On July 18, 2016, four members of the putative plaintiff class filed motions seeking appointment as lead plaintiff and approval of lead counsel: Harel Insurance Company, Ltd. ("Harel"); a group referring to itself as the Perrigo Institutional Investor Group ("PIIG"), composed of Migdal Insurance Company Ltd., Migdal Makefet Pension and Provident Funds Ltd., Clal Insurance Company Ltd., Clal Pension and Provident Ltd., Atudot Pension Fund for Employees and Independent Workers Ltd., and Meitav DS Provident Funds and Pension Ltd; Dan Kleinerman; and Michael Wilson. (*See* ECF Nos. 5, 6, 7, 8, 9). The competing movants timely filed opposition papers on August 1, 2016 (ECF Nos. 17, 18, 19, 20), and reply papers on August 8, 2016 (ECF Nos. 23, 24, 25, 26).[1] On January 27, 2017, without leave of the Court, Harel filed a sur-reply characterized as a Supplemental Submission in Further Support of its motion, arguing that PIIG's lead plaintiff motion should be denied because its co-lead counsel, Pomerantz LLP, had taken inconsistent positions in different actions as to Kleinerman's adequacy as a co-lead plaintiff. (ECF No. 58). Both PIIG and Kleinerman filed (also without Court leave) oppositions to this supplemental filing. (ECF Nos. 61, 62).

On February 10, 2017, this Court granted the motion of PIIG and denied the competing motions, appointing PIIG lead plaintiff and approving its choice of Pomerantz LLP and Bernstein Litowitz Berger & Grossmann LLP as co-lead counsel and Lowenstein Sandler LLP as liaison counsel.[2] (ECF Nos. 64, 65). Assessing the motions under the provisions of the Private Securities

---

[1] Additionally, Harel filed a motion to strike portions of Kleinerman's reply brief as raising new arguments. (ECF No. 29). The Court denied this motion as moot, as it did not rely on any arguments in Kleinerman's reply brief in deciding the competing lead plaintiff motions. (*See* ECF No. 64; ECF No. 65 at 19–20).

[2] This Order also consolidated all existing and future related cases. (ECF Nos. 64, 65).

Litigation Reform Act of 1995 ("the PSLRA"), the Court identified PIIG as the presumptive most adequate plaintiff. (ECF No. 65 at 5–11). In reaching this determination, the Court first found that PIIG, of the parties seeking appointment as lead plaintiff, had the largest financial interest in the action by any pertinent measure. (ECF No. 65 at 6–9). Second, the Court found that PIIG made a *prima facie* showing of its typicality and adequacy under Federal Rule of Civil Procedure 23 because, as a group of institutional investors, PIIG had the incentive and experience to represent the class, particularly in light of the presumptive suitability of institutional investors as lead plaintiffs. (ECF No. 65 at 9–11).

The Court then found that the competing movants failed to demonstrate that PIIG would be an inadequate class representative or would be subject to unique defenses. (ECF No. 65 at 11–18). The Court rejected arguments by Harel and Kleinerman that the group making up PIIG was too large or otherwise composed in a manner detrimental to its ability to represent class interests. (ECF No. 65 at 12–16). The Court found that the competing movants had failed to show that PIIG would be subject to unique defenses that could impede its ability to represent the plaintiff class. (ECF No. 65 at 16–18). The Court additionally approved PIIG's selection of lead counsel, noting the deference owed to a lead plaintiff's choice of counsel and finding PIIG's selected counsel suitable despite competing movants' arguments that approval of multiple counsel would be inefficient. (ECF No. 65 at 19).

Kleinerman subsequently objected to the February 10, 2017 Order. (ECF No. 67). United States District Judge Madeline Cox Arleo adopted the Order in full on April 27, 2017. (ECF Nos. 84, 85).

## II. MOTION AND ANALYSIS

Wilson now moves for reconsideration of the February 10, 2017 Order under Local Civil Rule 7.1(i). (ECF No. 68). He argues that the Court, when deciding the competing lead plaintiff motions, failed to consider properly the arguments Harel raised in its supplemental submission regarding Pomerantz's alleged conflicting positions as to Kleinerman. (ECF No. 68). Wilson argues that the Court should have denied PIIG's motion and instead appointed Harel as lead plaintiff and Wilson as lead plaintiff for a sub-class of put-option sellers. (ECF No. 68 at 1–2). Both PIIG and Kleinerman oppose Wilson's motion. (ECF Nos. 74, 76).

Grounds for reconsideration are very limited, and the purpose of a reconsideration motion is only to "correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *see also Moody v. Conroy*, 680 F. App'x 140, 142 (3d Cir. 2017); *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A grant of reconsideration may be premised on one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe*, 176 F.3d at 677; *see also Arrington v. McRae*, 683 F. App'x 108, 109 (3d Cir. 2017); *Baldinger v. Ferri*, 674 F. App'x 204, 206 (3d Cir. 2016);

Wilson relies on the third category and alleges "that the Court committed clear error of law and fact" by failing to consider Harel's supplemental submission and the argument that Pomerantz's conflicting positions on Kleinerman rendered PIIG inadequate to serve as lead plaintiff. (ECF No. 68 at 2–4). Wilson asserts that the Court did not state that it had reviewed and considered the supplemental submissions and did not address the arguments those submissions raised. (ECF No. 68 at 3). Specifically, Wilson argues that Harel's supplemental briefing brought

to the Court's attention that Pomerantz argued in this case that Kleinerman was inadequate to serve as lead counsel due to alleged "involvement in an insider trading scheme," but subsequently, in two unrelated actions, argued that Kleinerman would be a suitable co-lead plaintiff. (ECF No. 68 at 3–4). Wilson argues that this demonstrated a unique defense that could be raised against PIIG, thus rendering it unsuitable to serve as lead plaintiff in this action. (ECF No. 68 at 3–4). PIIG and Kleinerman oppose the reconsideration motion, arguing that Wilson waived his arguments by not raising them himself prior to the Court's decision on the lead plaintiff motions and that Wilson does not identify any clear error of law or facts. (*See* ECF Nos. 74, 76).

As noted by PIIG in its opposition papers (ECF No. 74 at 1), the arguments that Wilson alleges the Court erred in overlooking were raised in improper supplemental submissions to the Court. Local Civil Rule 7.1(d)(6) states that "[n]o sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned." Accordingly, the Court typically will not consider sur-replies that parties have filed without seeking and receiving leave to do so. *Young v. United States*, 152 F. Supp. 3d 337, 352 (D.N.J. 2015); *Marias v. Bank of Am., N.A.*, Civ. A. No. 14-4986 (RBK), 2015 WL 4064780, at *2 n.6 (D.N.J. July 1, 2015); *Carroll v. Del. River Port Auth.*, Civ. A. No. 13-2833 (JEI), 2014 WL 3748609, at *1 n.2 (D.N.J. July 29, 2014). Harel filed the supplemental submission, raising the arguments that Wilson now contends the Court improperly overlooked, on January 27, 2017, but it neither sought nor received leave of the Court to make such a filing. (*See* ECF No. 58). Accordingly, it was within the discretion of the Court to disregard that unpermitted and untimely filing, and it did so.

PIIG and Kleinerman also argue that Wilson should be precluded from seeking reconsideration based on arguments in Harel's supplemental filing, as Wilson himself did not make such arguments and Harel has not moved for reconsideration. (ECF No. 74 at 4–5 & n.2; ECF No.

76 at 7). In making this argument, PIIG relies on the opinion in *Shanahan v. Diocese of Camden*, Civ. A. No. 12-2898 (NLH), 2014 WL 1217859 (D.N.J. Mar. 21, 2014), in which United States District Judge Noel L. Hillman stated that "'a motion for reconsideration is not a vehicle for a party to raise arguments that were effectively waived by being omitted from that party's original briefs.'" *Id.* at *3 (quoting *A & L Indus., Inc. v. P. Cipollini, Inc.*, Civ. A. No. 12-7598 (SRC), 2013 WL 6145766, *1 (D.N.J. Nov. 21, 2013). While it is not clear from either the *Shanahan* opinion or the opinion that it quotes that this sentence is meant to apply specifically to situations where one party seeks reconsideration premised on the alleged oversight of another party's arguments, this Court nevertheless agrees that permitting Wilson to do so would seem at odds with the fundamental and well-established principle that a party cannot raise arguments on reconsideration that were not raised in the original motion. *See P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352–53 (D.N.J. 2001). Wilson did not raise the arguments in question until making this reconsideration motion; he did not join in Harel's prior attempt to raise them. Furthermore, Harel did not move for reconsideration based on those arguments, nor did it join Wilson's motion for reconsideration. Permitting Wilson to seek reconsideration of arguments he did not advance before the Court's original decision would thus seem incongruous with the purpose of reconsideration motions.

In any case, even had the Court considered the arguments advanced by Harel in its attempted supplemental filing, these arguments would not have affected the Court's decision on the lead-plaintiff motion. As outlined above, PIIG made a showing that it alleged the largest loss, thus making it the presumptive most adequate lead plaintiff, and the other movants failed to make a showing that PIIG would not be an adequate lead plaintiff or would be subject to unique defenses. There is no indication that Harel's arguments regarding Pomerantz would have established that

PIIG was inadequate or subject to a unique defense.[3] Furthermore, given the deference owed to a lead plaintiff's choice of counsel, *In re Cendant Corp. Litig.*, 264 F.3d 201, 273–74 (3d Cir. 2001), the argument as to Pomerantz, even if properly presented, would not have impacted the approval of it as co-lead counsel.

## III. CONCLUSION

For the reasons stated above, Michael Wilson's motion (ECF No. 68) for reconsideration of the Court's February 10, 2017 Order is **DENIED**. Accordingly, the Clerk of the Court is directed to terminate the motion filed as ECF No. 68.

Dated: August 18, 2017

**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:   Clerk of the Court
  cc:   Hon. Madeline Cox Arleo, U.S.D.J.
      All Parties

---

[3] Indeed, the very fact that PIIG's response to Harel's attempted supplemental filing identified instances in which one of Harel's counsel had similarly first opposed and subsequently supported a potential lead plaintiff, makes clear that this purported defense would not be unique.