IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROOFER'S PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 16-CV-2805 (MCA)(LDW) |
| Plaintiffs, | ) ) ) | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PERRIGO COMPANY PLC** |
| -vs- | ) ) ) | |
| PAPA, et al., | ) ) | |
| Defendants. | ) ) | |

Defendant Perrigo Company plc ("Perrigo") herewith answers the First Amended Complaint ("FAC") in this action filed by purported class plaintiffs self-identified as "Perrigo Institutional Investor Group" ("PIIG") dated June 21, 2017 (ECF 89).  Perrigo denies all claims of liability in the FAC and denies the allegations in the FAC that it violated the securities laws of the United States or of Israel.  Perrigo lacks information sufficient to form a belief as to the remaining allegations of the introductory paragraph in the FAC and so denies same.

I.      **Response to Summary of the Action**

1.      Perrigo denies the allegations and characterizations of FAC ¶ 1or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 1 and so denies same, except that Perrigo admits that Mylan N.V. ("Mylan") made an unsolicited bid to acquire Perrigo in April 2015 and that Mylan launched a tender offer in September 2015, which ultimately failed on November 13, 2015.

2.      To the extent the allegations of FAC ¶ 2 relate to PIIG claims dismissed by the Court's ruling of July 27, 2018 (ECF 136) ("Opinion") no response is required.  To the extent any response is necessary, Perrigo denies the allegations of FAC ¶ 2.

3.      Perrigo denies the allegations and characterizations of FAC ¶ 3 (and footnote 2) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 3 (and footnote 2) and so denies same, except that Perrigo admits that the tender offer events during 2015 were subject to Irish Takeover Rules and avers that Perrigo complied with those Rules during the relevant period in 2015.

4.      To the extent the allegations of FAC ¶ 4 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations of FAC ¶ 4 relating to the dismissed claims and assertions.  Perrigo otherwise denies the remaining allegations and characterizations of FAC ¶ 4 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 4 and so denies same, except that Perrigo admits the existence of Irish Takeover Rules and respectfully refers the Court to those Rules and to Irish law for the proper interpretation of those Rules.

5.      Perrigo denies the allegations and characterizations of FAC ¶ 5 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 5 and so denies same.

6.      Perrigo denies the allegations and characterizations of FAC ¶ 6 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 6 and so denies same.

7.      To the extent the allegations of FAC ¶ 7 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations of FAC ¶ 7, except that Perrigo admits that its accounting followed GAAP and that Perrigo issued a restatement in May 22, 2017 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

8.      Perrigo denies the allegations and characterizations of FAC ¶ 8 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 8 and so denies

same, except that Perrigo admits that on November 13, 2015 less than 50% of its shareholders

tendered shares in response to the Mylan tender offer.

9.      Perrigo denies the allegations and characterizations of FAC ¶ 9 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 9 and so denies

same, except that Perrigo admits reporting fourth quarter 2015 revenue, profits, and margins on

February 18, 2016 and respectfully refers the Court to those documents for a complete and

accurate statement of their contents.  To the extent FAC ¶ 9 purports to allege trading prices for

Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to

the actual trading records of the New York Stock Exchange for a complete and accurate statement

of such records.

10.     To the extent the allegations of FAC ¶ 10 (or footnote 3) relate to PIIG claims dismissed

by the Opinion no response is required.  To the extent any response is required, Perrigo denies

the allegations and characterizations of FAC ¶ 10 (and footnote 3) or lacks sufficient information

to form a belief as to the allegations and characterizations of FAC ¶ 10 (and footnote 3) and so

denies same, except that Perrigo admits that various news stories appeared on April 22, 2016 that

speculated about the departure of then-CEO Joseph Papa and respectfully refers the Court to

those documents for a complete and accurate statement of their contents without conceding the

accuracy of any such news stories.  To the extent that FAC ¶ 10 (or footnote 3) refers to an

article published by the Southern Investigative Reporting Foundation entitled "Valeant, the End

of the Michael Pearson Era," dated March 23, 2017, Perrigo respectfully refers the Court to that

article for a complete and accurate statement of its contents without conceding the accuracy of

the news story.  To the extent FAC ¶ 10 (or footnote 3) purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

11.     Perrigo denies the allegations and characterizations of FAC ¶ 11 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 11 and so denies same, except that Perrigo admits that Mr. Papa resigned his positions at Perrigo, that Perrigo announced his departure on April 25, 2016, and that Perrigo issued preliminary results for the first quarter of 2016 on that same day and respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent FAC ¶ 11 refers to commentary on CNBC, Perrigo respectfully refers the Court to that commentary for a complete and accurate statement of its contents without conceding the accuracy of such commentary.  To the extent FAC ¶ 11 purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

12.     Perrigo denies the allegations and characterizations of FAC ¶ 12 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 12 and so denies same, except that Perrigo admits that it issued results for the first quarter of 2016 on May 12, 2016 and respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent FAC ¶ 12 purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

13.     Perrigo denies the allegations and characterizations of FAC ¶ 13 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 13 and so denies same, except that Perrigo admits that then-CEO John Hendrickson made statements during an analyst call on May 12, 2016 and respectfully refers the Court to the record of that call for a complete and accurate statement of its contents.

14.     Perrigo denies the allegations and characterizations of FAC ¶ 14 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 14 and so denies same, except that Perrigo admits that it issued results for the second quarter of 2016 on August 10, 2016 and respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent FAC ¶ 14 purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

15.     Perrigo denies the allegations and characterizations of FAC ¶ 15 (and footnote 4) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 15 (and footnote 4) and so denies same, except that Perrigo admits that investor Starboard Value issued a letter on September 12, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

16.     Perrigo denies the allegations and characterizations of FAC ¶ 16 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 16 and so denies same, except that Perrigo admits that on November 10, 2016 it released a statement about arbitral claims against Marc Coucke and respectfully refers the Court to that document for a complete and accurate statement of its contents.

17.     Perrigo denies the allegations and characterizations of FAC ¶ 17 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 17 and so denies same, except that Perrigo admits that on December 8, 2016 it released a statement about restructuring and respectfully refers the Court to that document for a complete and accurate statement of its contents.  To the extent FAC ¶ 17 purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

18.     To the extent the allegations of FAC ¶ 18 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 18, except that Perrigo admits announcing on February 27, 2017 that it would sell Tysabri® assets and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

19.     To the extent the allegations of FAC ¶ 19 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 19, except that Perrigo admits announcing on February 27, 2017 that it would delay filing its Annual Report on Form 10-K for the calendar year 2016 and the departure of then-CFO Judy Brown and respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent FAC ¶ 19 purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

20.     Perrigo denies the allegations and characterizations of FAC ¶ 20 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 20 and so denies same, except that Perrigo admits that Bloomberg published an article entitled "Perrigo Joins Firms with Generic Drugs Under U.S. Glare" dated March 3, 2017 and respectfully refers the Court to that article for a complete and accurate statement of its contents without conceding the accuracy of the article.  To the extent FAC ¶ 20 purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

21.     Perrigo denies the allegations and characterizations of FAC ¶ 21 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 21 and so denies same, except that Perrigo admits that on May 2, 2017 it released a statement about government investigatory activity at Perrigo's offices earlier that day and respectfully refers the Court to that document for a complete and accurate statement of its contents.  To the extent FAC ¶ 21 purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

22.     To the extent the allegations of FAC ¶ 22 (or footnote 5) relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 22 (and footnote 5), except that Perrigo admits issuing a restatement in May 2017 and respectfully refers the Court to that document for a complete and accurate statement of its contents.  To the extent that FAC ¶ 22 (or footnote 5) refers to an article published by Audit Analytics entitled "Perrigo Restates to Correct More than

$ 1 Billion in Errors" dated June 1, 2017, Perrigo respectfully refers the Court to that article for a complete and accurate statement of its contents without conceding the accuracy of the article.

23.     Perrigo denies the allegations and characterizations of FAC ¶ 23 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 23 and so denies same, except that Perrigo admits that Mr. Papa and Ms. Brown received bonuses for their contributions related to the Mylan takeover effort.

**II.      Response to Jurisdiction and Venue Contentions**

24.     Perrigo admits that PIIG purports to assert claims under various U.S. securities laws and that therefore this Court has jurisdiction over those purported claims.  Perrigo denies that this Court has or should exercise supplemental jurisdiction over claims based on Israeli securities law and PIIG's invocation of 28 U.S.C. § 1367(a).

25.     Perrigo admits that Mr. Papa resides in this District and that Perrigo has operations in this District.  Perrigo does not challenge the assertion of venue in this Court but does deny any other allegations PIIG has made to support its assertion of venue in this Court.

**III.     Response to Contentions about Parties**

26.     FAC ¶ 26 contains assertions about the plaintiff entities in this case.   Perrigo lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 26 and so denies same.

27.     FAC ¶ 27 contains assertions about plaintiff entities in this case.   Perrigo lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 27 and so denies same.

28.     FAC ¶ 28 contains assertions about plaintiff entities in this case.   Perrigo lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 28 and so denies same.

29.     FAC ¶ 29 contains assertions about plaintiff entities in this case.   Perrigo lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 29 and so denies same.

30.     Perrigo denies the allegations and characterizations of FAC ¶ 30 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 30 and so denies same, except that Perrigo admits that it is an Irish corporation that manufactures over-the-counter ("OTC") healthcare products as well as generic prescription pharmaceuticals and a variety of other products, that Perrigo has business facilities in New Jersey, and that Perrigo acquired a Michigan entity named Perrigo Company in 2013.

31.     Perrigo denies the allegations and characterizations of FAC ¶ 31 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 31 and so denies same, except that Perrigo admits that its shares trade on the New York Stock Exchange ("NYSE") and the Tel Aviv Stock Exchange ("TASE") and that in February 2016 Perrigo had approximately 143 million shares of common stock outstanding.

32.     Perrigo denies the allegations and characterizations of FAC ¶ 32 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 32 and so denies same, except that Perrigo admits that Mr. Papa joined Perrigo in 2006 and was President, CEO, and a Perrigo director at the time of his resignation in April 2016, and that at the time of submitting this Answer Mr. Papa was CEO of Valeant.

33.     Perrigo denies the allegations and characterizations of FAC ¶ 33 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 33 and so denies same, except that Perrigo admits that Ms. Laurie Brlas has served on its Board of Directors since August 2003, was serving in that capacity at the time this Answer was filed, and was Chair of the Board beginning in April 2016 until May 2018.

34.     Perrigo denies the allegations and characterizations of FAC ¶ 34 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 34 and so denies same, except that Perrigo admits that Ms. Brown served as its CFO from July 2006 until her resignation announced in February 2017.

35.     Perrigo denies the allegations and characterizations of FAC ¶ 35 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 35 and so denies same, except that Perrigo admits that Mr. Gary M. Cohen has served as a member of the Perrigo Board of Directors since January 2003 and was serving in that capacity at the time this Answer was filed.

36.     Perrigo denies the allegations and characterizations of FAC ¶ 36 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 36 and so denies same, except that Perrigo admits that Mr. Coucke was a co-founder, Chairman, and CEO of Omega Pharma Invest prior to the acquisition of the shares of Omega Pharma Invest by Perrigo in March 2015, that Mr. Coucke thereafter was an Executive Vice President and was General Manager of Perrigo's Branded Consumer Healthcare ("BCH") sector until late April 2016, that Mr. Coucke's entity Mylecke Management, Art & Invest NV was involved in Omega before its acquisition by Perrigo up until Mr. Coucke left in April 2016, that Mr. Coucke has an interest in Alychlo, another entity, and Alychlo was compensated for the sale of shares of Omega Pharma

Invest to Perrigo in March 2015, and that Mr. Coucke was elected to the Board of Directors of Perrigo in November 2015 and ceased to serve on the Perrigo Board as of April 26, 2016.

37.     Perrigo denies the allegations and characterizations of FAC ¶ 37 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 37 and so denies same, except that Perrigo admits that Ms. Jacqualyn Fouse served on its Board of Directors from November 2012 until her resignation in April 2016.

38.     Perrigo denies the allegations and characterizations of FAC ¶ 38 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 38 and so denies same, except that Perrigo admits that Ms. Ellen Hoffing served on its Board of Directors from July 2008 until her resignation in May 2017.

39.     Perrigo denies the allegations and characterizations of FAC ¶ 39 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 39 and so denies same, except that Perrigo admits that Mr. Michael Jandernoa served on its Board of Directors from January 1981 until his resignation in February 2017, that Mr. Jandernoa had served as CEO of Perrigo between 1988 and 2000, and that he had been Chair of the Board from 1991 to 2003.

40.     Perrigo denies the allegations and characterizations of FAC ¶ 40 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 40 and so denies same, except that Perrigo admits that Mr. Gerald Kunkle, Jr., served on its Board of Directors from October 2002 until his resignation in February 2017, and that Mr. Kunkle served as Lead Independent Director from August 2009 until April 2016.

41.     Perrigo denies the allegations and characterizations of FAC ¶ 41 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 41 and so denies

same, except that Perrigo admits that Mr. Herman Morris, Jr., served on its Board of Directors from December 1999 until his resignation in February 2017.

42.     Perrigo denies the allegations and characterizations of FAC ¶ 42 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 42 and so denies same, except that Perrigo admits that Mr. Donal O'Connor has served on its Board of Directors since November 2014 and was serving in that capacity at the time this Answer was filed, and that Mr. O'Connor previously was a director of Elan Corporation, plc for some period until Perrigo acquired Elan in December 2013.

43.     Perrigo admits that Defendants Papa, Brlas, Cohen, Fouse, Hoffing, Jandernoa, Kunkle, Morris, and O'Connor served on the Perrigo Board in 2015 while Mylan was seeking to acquire Perrigo and that the FAC refers to these Defendants collectively as the "Director Defendants", and that the "Individual Defendants," as defined in the FAC, refers to the Director Defendants plus Ms. Brown and Mr. Coucke.  Perrigo avers that, for part of 2015 while the Mylan offer was pending, Mr. Coucke served on the Perrigo Board, but that the FAC does not include Mr. Coucke as part of the definition of Director Defendants.

**IV.     Response to Factual Allegations of Fraudulent Scheme**

A.     <u>Response to Allegations about the Growth of Perrigo's Business</u>

44.     Perrigo denies the allegations and characterizations of FAC ¶ 44 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 44 and so denies same, except that Perrigo admits that it acquired Perrigo Company, an entity incorporated in Michigan.

45.     Perrigo denies the allegations and characterizations of FAC ¶ 45 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 45 and so denies

same, except that Perrigo admits that it acquired healthcare companies in the 2000s and in the 2010s.

46.     Perrigo denies the allegations and characterizations of FAC ¶ 46 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 46 and so denies same, except that Perrigo admits that Perrigo's shares trade on the NYSE and on the TASE under ticker symbol "PRGO."  Perrigo avers that, in December 2013, it acquired Irish company Elan and Perrigo Company (a Michigan corporation).

47.     Perrigo denies the allegations and characterizations of FAC ¶ 47 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 47 and so denies same, except that, to the extent that FAC ¶ 47 refers to an article entitled "Corporate Artful Dodgers" published by the New York Times dated July 27, 2014, Perrigo respectfully refers the Court to that article for a complete and accurate statement of its contents without conceding to the accuracy of the article.

48.     To the extent the allegations of FAC ¶ 48 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 48 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 48 and so denies same, except that Perrigo admits that, as a result of the acquisition of Elan, Perrigo acquired royalty stream rights in a drug product named Tysabri®, and that Perrigo reported the royalty stream income as a separate unit known as Specialty Sciences in financial statements it issued thereafter until it issued restated financial statements in May 2017.

49.     To the extent the allegations of FAC ¶ 49 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations

of FAC ¶ 49 and respectfully refers the Court to Perrigo's statements released on May 2017 for a description of the events surrounding the restatement.

50.    Perrigo denies the allegations and characterizations of FAC ¶ 50 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 50 and so denies same.

51.    Perrigo denies the allegations and characterizations of FAC ¶ 51 (and subparagraphs (a) – (e)) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 51 (and subparagraphs (a) – (e)) and so denies same, except that Perrigo admits that at various times in the past it had business segments referred to, at times, as Consumer Healthcare ("CHC"), BCH, Generic Rx, Specialty Sciences, and Other, and respectfully refers the Court to Perrigo's SEC filings for descriptions of those various units over time.

52.    Perrigo denies the allegations and characterizations of FAC ¶ 52 (and footnote 6) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 52 (and footnote 6) and so denies same, except that Perrigo admits that it changed its financial reporting year during 2015, shifting from a period that ended at the end of June 2015 to a 12-month reporting period that ended with the calendar year and that because of this change Perrigo issued (in February 2016) audited financials for a six month stub period that ended on December 31, 2015.

B.    Response to Allegations about the Omega Acquisition

53.    Perrigo denies the allegations and characterizations of FAC ¶ 53 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 53 and so denies

same, except that Perrigo admits that it announced its intention to acquire Omega in November

2014 and that the acquisition closed on March 30, 2015.

54.    Perrigo denies the allegations and characterizations of FAC ¶ 54 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 54 and so denies

same.

55.    Perrigo denies the allegations and characterizations of FAC ¶ 55 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 55 and so denies

same, except that Perrigo admits that it received confidential information from Omega (including

access to a data room) as part of a bidding process during the period July 2014 through October

2014, and that Perrigo employees and other Perrigo advisors met with Omega employees and

Omega advisors during the bidding process.

56.    Perrigo denies the allegations and characterizations of FAC ¶ 56 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 56 and so denies

same except that Perrigo admits it submitted to the SEC copies of Forms 8-K on October 22,

2015 and respectfully refers the Court to those documents for a complete and accurate statement

of their contents.  To the extent FAC ¶ 56 refers to a 2013 Omega Annual Report, Perrigo

respectfully refers the Court to that report for a complete and accurate statement of its contents,

without conceding the accuracy of the report.

57.    Perrigo denies the allegations and characterizations of FAC ¶ 57 (and footnote 7) or lacks

sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 57

(and footnote 7), which purport to state what Plaintiffs contend Ms. Kincaid told them and what Ms. Kincaid claims to have been told by others, and so denies same, except that Perrigo admits that Mr. Tom Farrington served as Perrigo's Chief Information Officer in 2015, that Ms. Christine Kincaid was employed by Perrigo from June 2015 through October 2015, and that Mr. Papa spoke with investors on June 2, 2015 and Perrigo respectfully refers the Court to the record of Mr. Papa's statements for a complete and accurate statement of their contents.

58.     Perrigo denies the allegations and characterizations of FAC ¶ 58 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 58, which purport to state what Plaintiffs contend Ms. Kincaid told them and what Ms. Kincaid claims to have been told by others, and so denies same.

59.     Perrigo denies the allegations and characterizations of FAC ¶ 59 (and footnote 8) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 59 (and footnote 8), which purport to state what Plaintiffs contend Ms. Kincaid told them and what Ms. Kincaid claims to have been told by others, and so denies same.

60.     Perrigo denies the allegations and characterizations of FAC ¶ 60 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 60, which purport to state what Plaintiffs contend Ms. Kincaid told them and what Ms. Kincaid claims to have been told by others, and so denies same, except that Perrigo admits that Brian Marr was employed by Perrigo in 2015 and avers that Mary Sheahan (not Mary Donovan as alleged in FAC ¶ 60) was employed by Perrigo in 2015.

61.     To the extent the allegations of FAC ¶ 61 relate to forward looking statements dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 61 or lacks sufficient information to form a belief

as to the allegations and characterizations of FAC ¶ 61, which purport to state what Plaintiffs contend Ms. Kincaid told them and what Ms. Kincaid claims to have been told by others, and so denies same. To the extent FAC ¶ 61 describes any activity that involved privileged communications by persons that were Perrigo employees at the time, Perrigo asserts the attorney-client privilege and work product protection.

62.     Perrigo denies the allegations and characterizations of FAC ¶ 62 (and subparagraphs (a) – (e)) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 62 (and subparagraphs (a) – (e)) and so denies same, except that Perrigo admits that it employed individuals in positions similar to those described in FAC ¶ 62 (and subparagraphs (a) – (e)); however, because the description in FAC ¶ 62 (and subparagraphs (a) – (e)) is too vague to assess whether these positions exist or who held these positions, Perrigo lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 62 (and subparagraphs (a) – (e)) and so denies same.

C.      Response to Allegations Regarding Perrigo's Organic Growth

63.     To the extent the allegations of FAC ¶ 63 (or footnote 9) relate to PIIG claims dismissed by the Opinion no response is required. To the extent the allegations of FAC ¶ 63 (or footnote 9) relate to forward looking statements dismissed by the Opinion no response is required. To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 63 (and footnote 9) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 63 (and footnote 9) and so denies same, except that, to the extent the allegations of FAC ¶ 63 (or footnote 9) refer to an article published by the Irish Times entitled "Takeover of Elan the perfect fit in Perrigo's prescription for growth" dated February 7,

2014, Perrigo respectfully refers the Court to that article for a complete and accurate statement of its contents without conceding the accuracy of the article.

64.     To the extent the allegations of FAC ¶ 64 (or footnote 10) relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is required, Perrigo denies the allegations and characterizations of FAC ¶ 64 (and footnote 10) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 64 (and footnote 10) and so denies same.

65.     To the extent the allegations of FAC ¶ 65 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 65 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 65 and so denies same.

D.      Response to Allegations of Purported Anti-Competitive Practices

66.     Perrigo denies the allegations and characterizations of FAC ¶ 66 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 66 and so denies same.

67.     Perrigo denies the allegations and characterizations of FAC ¶ 67 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 67 and so denies same, except that Perrigo admits that Mr. Papa spoke at the January 13, 2014 J.P. Morgan Healthcare Conference and respectfully refers the Court to the record of his remarks for a complete and accurate statement of its contents.

68.     Perrigo denies the allegations and characterizations of FAC ¶ 68 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 68 and so denies same, except that Perrigo admits that the United States Food and Drug Administration and the

Federal Trade Commission issued studies concerning the generics market and respectfully refers the Court to those studies for a complete and accurate statement of their contents without conceding the accuracy of those studies.

69. Perrigo denies the allegations and characterizations of FAC ¶ 69 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 69 and so denies same, except that, to the extent that FAC ¶ 69 refers to an article published by the Wall Street Journal entitled "Valeant's New CEO Brings Familiar Prescription" dated July 5, 2016, Perrigo respectfully refers the Court to that article for a complete and accurate statement of its contents without conceding the accuracy of the article.

70. Perrigo denies the allegations and characterizations of FAC ¶ 70 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 70 and so denies same.

   1. <u>Desonide</u>

71. Perrigo denies the allegations and characterizations of FAC ¶ 71 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 71 and so denies same, except that Perrigo admits that Desonide has been sold since the 1970s and has been available in generic form for several decades.

72. Perrigo denies the allegations and characterizations of FAC ¶ 72 (and footnote 11) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 72 (and footnote 11) and so denies same, except that Perrigo admits that Perrigo representatives attended the Generic Pharmaceutical Association annual meeting in February 2013, that the Connecticut Attorney General commenced an action against several pharmaceutical companies — but not against Perrigo — in *Connecticut v. Aurobindo Pharma USA, Inc.*, No.

3:16-cv-02056, and that the Connecticut Attorney General issued a press release on December 15, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents without conceding the accuracy of the information in that document.  To the extent that FAC ¶ 72 (or footnote 11) refers to an article published by The New York Times entitled "20 States Accuse Generic Drug Companies of Price Fixing" dated December 15, 2016, Perrigo respectfully refers the Court to that article for a complete and accurate statement of its contents without conceding the accuracy of the news story.

73.      Perrigo denies the allegations and characterizations of FAC ¶ 73 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 73 and so denies same.  Perrigo avers that trade meetings of the type described in FAC ¶¶ 72-73 occur often throughout the year and that therefore every price increase of any product would occur after some trade meeting had occurred.

74.      Perrigo denies the allegations and characterizations of FAC ¶ 74 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 74 and so denies same, except that, to the extent that FAC ¶ 74 refers to an article published in eDermatology News entitled "The high price of desonide" dated February 3, 2015, Perrigo respectfully refers the court to that article for a complete and accurate statement of its contents without conceding the accuracy of the article.

75.      Perrigo denies the allegations and characterizations of FAC ¶ 75 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 75 and so denies same.

76.     Perrigo denies the allegations and characterizations of FAC ¶ 76 (and subparagraphs (a) – (c), and footnote 12) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 76 (and subparagraphs (a) – (c), and footnote 12) and so denies same.

      2.     <u>Econazole</u>

77.     Perrigo denies the allegations and characterizations of FAC ¶ 77 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 77 and so denies same, except that Perrigo admits that Econazole is a prescription cream that has been available since 1982 and available in generic form since 2002.

78.     Perrigo denies the allegations and characterizations of FAC ¶ 78 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 78 and so denies same.  Perrigo avers that trade meetings of the type described in FAC ¶ 78 occur often throughout the year and that therefore every price increase of any product would occur after some trade meeting had occurred.

79.     Perrigo denies the allegations and characterizations of FAC ¶ 79 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 79 and so denies same.

80.     Perrigo denies the allegations and characterizations of FAC ¶ 80 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 80 and so denies same.

      3.     <u>Permethrin</u>

81.     Perrigo denies the allegations and characterizations of FAC ¶ 81 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 81 and so denies

same, except that Perrigo admits that Permethrin is a prescription treatment for lice and scabies that has been available in branded form since 1989 and in generic form since 1998.

82.     Perrigo denies the allegations and characterizations of FAC ¶ 82 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 82 and so denies same.  Perrigo avers that trade meetings of the type described in FAC ¶ 82 occur often throughout the year and that therefore every price increase of any product would occur after some trade meeting had occurred.

83.     Perrigo denies the allegations and characterizations of FAC ¶ 83 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 83 and so denies same.

84.     Perrigo denies the allegations and characterizations of FAC ¶ 84 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 84 and so denies same.

> 4.     Tretinoin

85.     Perrigo denies the allegations and characterizations of FAC ¶ 85 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 85 and so denies same, except that Perrigo admits that Tretinoin is a topical treatment for acne, that Perrigo previously distributed the product from 2005 to 2013, and that Perrigo acquired a portfolio of Tretinoin products from Matawan Pharmaceuticals in 2015.

86.     Perrigo denies the allegations and characterizations of FAC ¶ 86 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 86 and so denies same.

5.      Clobetasol

87.     Perrigo denies the allegations and characterizations of FAC ¶ 87 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 87 and so denies

same, except that Perrigo admits that Clobetasol is a potent corticosteroid used to treat eczema,

dermatitis, and psoriasis.

88.     Perrigo denies the allegations and characterizations of FAC ¶ 88 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 88 and so denies

same.

6.      Halobetasol propionate

89.     Perrigo denies the allegations and characterizations of FAC ¶ 89 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 89 and so denies

same, except that Perrigo admits that Halobetasol propionate is a corticosteroid used on the skin

to reduce swelling, redness, and itching due to certain dermatological conditions that has been

available in branded form since 1990 and in generic form since 2004.

90.     Perrigo denies the allegations and characterizations of FAC ¶ 90 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 90 and so denies

same.  Perrigo avers that trade meetings of the type described in FAC ¶ 90 occur often

throughout the year and that therefore every price increase of any product would occur after

some trade meeting had occurred.

91.     Perrigo denies the allegations and characterizations of FAC ¶ 91 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 91 and so denies

same.

E.      Response to Allegations of Inflated Growth Projections

92.     To the extent the allegations of FAC ¶ 92 relate to forward looking statements dismissed by the Opinion, no response is required.  Perrigo denies the allegations and characterizations of FAC ¶ 92 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 92 and so denies same, except that Perrigo admits that Mylan submitted to the SEC a copy of a Form 425 on April 8, 2015 and respectfully refers the Court to that document for a complete and accurate statement of its contents without conceding the accuracy of the information in Mylan's Form 425 submitted to the SEC on April 8, 2015.

93.     Perrigo denies the allegations and characterizations of FAC ¶ 93 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 93 and so denies same, except that Perrigo admits that it is an Irish company and admits the existence of Irish Takeover Rules and respectfully refers the Court to those Rules and to Irish law for the proper interpretation of those Rules.

94.     Perrigo denies the allegations and characterizations of FAC ¶ 94 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 94 and so denies same, except that Perrigo admits the existence of Irish Takeover Rules and respectfully refers the Court to those Rules and to Irish law for the proper interpretation of those Rules.

95.     Perrigo denies the allegations and characterizations of FAC ¶ 95 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 95 and so denies same, except that Perrigo admits that Bank of America Merrill Lynch, Barclays plc, Deutsche Bank AG, UBS Group AG, and Jim Cramer issued analyst reports or opinions and that Mylan submitted to the SEC a copy of a Form 425 on May 5, 2015 and respectfully refers the Court to those documents for a complete and accurate statement of their respective contents without

conceding the accuracy of those reports or the information in the Mylan Form 425 submitted to the SEC on May 5, 2015.

96.     Perrigo denies the allegations and characterizations of FAC ¶ 96 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 96 and so denies same, except that Perrigo admits that it issued a statement on April 21, 2015 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

97.     Perrigo denies the allegations and characterizations of FAC ¶ 97 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 97 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of an Investor Presentation as part of its April 21, 2015 Form 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents, admits that it is an Irish company, and admits the existence of Irish Takeover Rules and respectfully refers the Court to those Rules and to Irish law for the proper interpretation of those Rules.

98.     To the extent the allegations of FAC ¶ 98 relate to PIIG claims or forward looking statements dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 98 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 98 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of an Investor Presentation as part of its April 21, 2015 Form 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

99.     Perrigo denies the allegations and characterizations of FAC ¶ 99 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 99 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of an Investor Presentation

as part of its April 21, 2015 Form 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

100.     Perrigo denies the allegations and characterizations of FAC ¶ 100 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 100 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of an Investor Presentation as part of its April 21, 2015 Form 8-K and admits that Mr. Papa issued a statement on April 21, 2015 and respectfully refers the Court to those documents for a complete and accurate statement of their respective contents.

101.     To the extent the allegations of FAC ¶ 101 relate to PIIG claims dismissed by the Opinion no response is required.  Perrigo denies the allegations and characterizations of FAC ¶ 101 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 101 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of an Investor Presentation as part of its April 21, 2015 Form 8-K and admits that Mr. Papa issued a statement on April 21, 2015 and respectfully refers the Court to those documents for a complete and accurate statement of their respective contents.

102.     Perrigo denies the allegations and characterizations of FAC ¶ 102.

103.     Perrigo denies the allegations and characterizations of FAC ¶ 103 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 103 and so denies same, except that Perrigo admits that Mylan made an offer to tender for Perrigo shares on April 24, 2015, and admits that Perrigo's Board of Directors issued a statement on April 24, 2015 and respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent FAC ¶ 103 purports to allege trading prices for Mylan's common

stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

104.    Perrigo denies the allegations and characterizations of FAC ¶ 104 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 104 and so denies same, except that Perrigo admits that Mylan made an offer to tender for Perrigo shares on April 29, 2015, and admits that Perrigo's Board of Directors issued a statement on April 29, 2015 and respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent FAC ¶ 104 purports to allege trading prices for Mylan's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

105.    To the extent the allegations of FAC ¶ 105 (or footnote 13) relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 105 (and footnote 13) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 105 (and footnote 13) and so denies same, except that Perrigo admits that it submitted to the SEC on August 6, 2015 a presentation slide deck and respectfully refers the Court to that document for a complete and accurate statement of its contents.

106.    Perrigo denies the allegations and characterizations of FAC ¶ 106 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 106 and so denies same, except that Perrigo admits that Actavis disclosed that it had received a subpoena from the United States Department of Justice's Antitrust Division and, to the extent that FAC ¶ 106 refers to that subpoena or to an article published by FiercePharma entitled "Actavis gets subpoena as DOJ probe of generic pricing moves up food chain" dated August 7, 2015, Perrigo

27

respectfully refers the Court to those documents for a complete and accurate statement of their respective contents without conceding the accuracy of the article.

107.    Perrigo denies the allegations and characterizations of FAC ¶ 107 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 107 and so denies same, except that Perrigo admits that Mylan made an offer to tender for Perrigo shares on September 14, 2015 and respectfully refers the Court to the Mylan tender offer for a complete and accurate statement of its contents without conceding the accuracy of the document.

108.    To the extent the allegations of FAC ¶ 108 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 108 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 108 and so denies same, except that Perrigo admits that it issued a letter on September 17, 2015 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

109.    To the extent the allegations of FAC ¶ 109 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 109 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 109 and so denies same, except that Perrigo admits reporting third quarter 2015 revenue, profits, and margins on October 22, 2015 and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

110.    To the extent the allegations of FAC ¶ 110 relate to PIIG claims or forward looking statements dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 110 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 110 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a letter to shareholders and other materials as attachments to Form 8-K on October 22, 2015 and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

111.    Perrigo denies the allegations and characterizations of FAC ¶ 111, except admits that less than 50% of Perrigo shareholders tendered shares to Mylan on or before November 13, 2015, which terminated Mylan's takeover effort.

112.    Perrigo denies the allegations and characterizations of FAC ¶ 112 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 112 and so denies same, except that Perrigo admits that it issued a press release on January 11, 2016 that adjusted 2016 earnings guidance and respectfully refers the Court to that document for a complete and accurate statement of its contents.

113.    Perrigo denies the allegations and characterizations of FAC ¶ 113 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 113 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form PRE 14A on March 4, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents and admits that special cash bonuses were paid to Mr. Papa, in the amount of $500,000, and to Ms. Brown, in the amount of $375,000, and that restricted stock grants were made to Mr. Papa, worth $1.5 million, and to Ms. Brown, worth $375,000, and that both the special cash bonuses and the restricted stock grants were made for their contributions related to the Mylan takeover effort.

F.     Response to Allegations Regarding Deterioration in Perrigo's Largest Financial Asset

114.   To the extent the allegations of FAC ¶ 114 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 114 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 114 and so denies same.

1.     Response to Allegations about Applicable GAAP Requirements

115.   To the extent the allegations of FAC ¶ 115 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 115 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 115 and so denies same, except that Perrigo admits the existence of SEC Regulation S-X and the Financial Accounting Standards Board's Accounting Standards Codification and Concept Statements and respectfully refers the Court to the terms of those materials for a complete and accurate statement of their respective contents.

116.   To the extent the allegations of FAC ¶ 116 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 116 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 116 and so denies same, except that Perrigo admits the existence of the Financial Accounting Standards Board's Concept Statements and respectfully refers the Court to the terms of those materials for a complete and accurate statement of their contents.

117.   To the extent the allegations of FAC ¶ 117 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 117 or lacks sufficient information to form a belief as

to the allegations and characterizations of FAC ¶ 117 and so denies same, except that Perrigo admits the existence of the Financial Accounting Standards Board's Concept Statements and respectfully refers the Court to the terms of those materials for a complete and accurate statement of their contents.

118.     To the extent the allegations of FAC ¶ 118 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 118 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 118 and so denies same, except that Perrigo admits the existence of the Financial Accounting Standards Board's Concept Statements and respectfully refers the Court to the terms of those materials for a complete and accurate statement of their contents.

119.     To the extent the allegations of FAC ¶ 119 relate to PIIG claims dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 119 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 119 and so denies same, except that Perrigo admits the existence of the Financial Accounting Standards Board's Concept Statements and respectfully refers the Court to the terms of those materials for a complete and accurate statement of their contents.

120.     To the extent the allegations of FAC ¶ 120 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 120 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 120 and so denies same, except that Perrigo admits the existence of the Financial Accounting Standards Board's Concept Statements and

respectfully refers the Court to the terms of those materials for a complete and accurate statement of their contents.

121.     To the extent the allegations of FAC ¶ 121 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 121 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 121 and so denies same, except that Perrigo admits the existence of the Financial Accounting Standards Board's Accounting Standards Codification and respectfully refers the Court to the terms of those materials for a complete and accurate statement of their contents.

2.     Response to Alleged Violations of GAAP

122.     To the extent the allegations of FAC ¶ 122 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 122 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 122 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-K on May 22, 2017 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

123.     To the extent that allegations of FAC ¶ 123 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 123 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 123 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-K on May 22, 2017, and admits the existence of the Financial Accounting Standards Board's Accounting Standards Codification and

respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

124.    To the extent that allegations of FAC ¶ 124 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 124 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 124 and so denies same, except that Perrigo admits the existence of the Financial Accounting Standards Board's Accounting Standards Codification and respectfully refers the Court to the terms of those materials for a complete and accurate statement of their contents.

3.      Response to Allegations of Deteriorations in Fair Value

125.    To the extent that allegations of FAC ¶ 125 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 125 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 125 and so denies same.

126.    To the extent that allegations of FAC ¶ 126 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 126 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 126 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of an Investor Presentation as part of its April 21, 2015 Form 8-K and admits that Mr. Papa spoke with investors around that time and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

127.    To the extent that allegations of FAC ¶ 127 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 127 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 127 and so denies same.

128.    To the extent that allegations of FAC ¶ 128 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 128 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 128 and so denies same, except that, to the extent FAC ¶ 128 refers to an article published by News Medical entitled "Phase III studies show Roche's ocrelizumab reduces relapse rate, delays disability progression in MS patients," dated October 12, 2015, Perrigo respectfully refers the Court to that document for a complete and accurate statement of its contents without conceding the accuracy of the article.

129.    To the extent that allegations of FAC ¶ 129 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 129 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 129 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-KT on February 22, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

130.    To the extent that allegations of FAC ¶ 130 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 130 or lacks sufficient information to form a belief as

to the allegations and characterizations of FAC ¶ 130 and so denies same, except that Perrigo admits that Perrigo sold Tysabri® in February 2017.

131.    To the extent that allegations of FAC ¶ 131 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 131 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 131 and so denies same, except that Perrigo admits that it took a restatement in May 2017.  To the extent that FAC ¶ 131 references an article published by Audit Analysis entitled "Perrigo Restates to Correct More than $1 Billion in Errors" on June 1, 2017, Perrigo respectfully refers the Court to that document for a complete and accurate statement of its contents without conceding the accuracy of the article.

**V.      Response to Alleged Class Period Misrepresentations and Omissions**

A.      Response to Allegations about Omega Integration and Overvaluation

132.    Perrigo denies the allegations and characterizations of FAC ¶ 132 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 132 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 8-K on April 21, 2015, admits that it submitted to the SEC a copy of an Investor Presentation as part of its April 21, 2015 Form 8-K, and admits that Mr. Papa spoke to investors around this time and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

133.    Perrigo denies the allegations and characterizations of FAC ¶ 133 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 133 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of an Investor Presentation as part of its April 25, 2015 Form 8-K and admits that Mr. Papa spoke to investors

around this time and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

134.     To the extent the allegations of FAC ¶ 134 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 134 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 134 and so denies same.

135.     To the extent the allegations of FAC ¶ 135 reference forward looking statements or puffery dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 135 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 135 and so denies same, except that Perrigo admits that Mr. Papa made statements in response to an analyst request on May 6, 2015 and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

136.     To the extent the allegations of FAC ¶ 136 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 136 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 136 and so denies same.

137.     To the extent the allegations of FAC ¶ 137 refer to statements made by Mr. Coucke, who was dismissed from this action, or relate to forward looking statements or puffery dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 137 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 137 and so denies same, except that Perrigo admits that Mr. Coucke made statements during a conference call for analysts and investors on

June 2, 2015 and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

138.    To the extent the allegations of FAC ¶ 138 refer to statements made by Mr. Coucke, who was dismissed from this action, or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 138 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 138 and so denies same.

139.    Perrigo denies the allegations and characterizations of FAC ¶ 139 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 139 and so denies same, except that Perrigo admits that Ms. Brown attended the Oppenheimer Consumer Conference and, to the extent that FAC ¶ 139 refers to statements made by Ms. Brown during that conference, Perrigo respectfully refers the Court to those statements for a complete and accurate statement of their contents.

140.    To the extent the allegations of FAC ¶ 140 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 140 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 140 and so denies same.

141.    Perrigo denies the allegations and characterizations of FAC ¶ 141 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 141 and so denies same, except that Perrigo admits that Mr. Papa made certain statements during a conference call on August 5, 2015 and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

142.    To the extent the allegations of FAC ¶ 142 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 142 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 142 and so denies same.

143.    To the extent the allegations of FAC ¶ 143 reference forward looking statements or puffery dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 143 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 143 and so denies same, except that Perrigo admits that it issued a letter to investors on September 17, 2015 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

144.    To the extent the allegations of FAC ¶ 144 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 144 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 144 and so denies same.

145.    Perrigo denies the allegations and characterizations of FAC ¶ 145 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 145 and so denies same, except that Perrigo admits that Mr. Papa addressed the public following Mylan's tender offer and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

146.    To the extent the allegations of FAC ¶ 146 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and

characterizations of FAC ¶ 146 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 146 and so denies same.

147.     To the extent the allegations of FAC ¶ 147 reference forward looking statements or puffery dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 147 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 147 and so denies same, except that Perrigo admits to making certain statements on October 22, 2015 and respectfully refers the Court to those statements for a complete and accurate statement of their contents, admits that it is an Irish company, and admits the existence of Irish Takeover Rules and respectfully refers the Court to those Rules and to Irish law for the proper interpretation of those Rules.

148.     To the extent the allegations of FAC ¶ 148 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 148 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 148 and so denies same.

149.     Perrigo denies the allegations and characterizations of FAC ¶ 149 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 149 and so denies same, except that Perrigo admits that Mr. Papa made certain statements during a presentation to investors on January 5, 2016 and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

150.     To the extent the allegations of FAC ¶ 150 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and

characterizations of FAC ¶ 150 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 150 and so denies same.

B.     Response to Allegations of Inflated Organic Growth Claims

151.    To the extent that allegations of FAC ¶ 151 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 151 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 151 and so denies same, except that Perrigo admits to issuing a press release on April 21, 2015 and that Mr. Papa made certain statements on or about April 21, 2015 and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

152.    To the extent that allegations of FAC ¶ 152 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 152 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 152 and so denies same.

153.    To the extent that allegations of FAC ¶ 153 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 153 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 153 and so denies same, except that Perrigo admits to making a presentation to investors on April 21, 2015 and that Mr. Papa made certain statements to investors during that presentation and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

154.     To the extent that allegations of FAC ¶ 154 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 154 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 154 and so denies same.

155.     To the extent that allegations of FAC ¶ 155 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 155 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 155 and so denies same, except that Perrigo admits to making a presentation to investors on April 21, 2015 and that Ms. Brown made certain statements to investors during that presentation and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

156.     To the extent that allegations of FAC ¶ 156 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 156 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 156 and so denies same.

157.     To the extent that allegations of FAC ¶ 157 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 157 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 157 and so denies same, except that Perrigo admits that Mr. Papa attended the Deutsche Bank Health Care Conference on May 6, 2015 and

that Mr. Papa made certain statements during that conference and respectfully refers the Court to those statements for a complete and accurate statement of its contents.

158.     To the extent that allegations of FAC ¶ 158 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 158 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 158 and so denies same.

159.     To the extent that allegations of FAC ¶ 159 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 159 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 159 and so denies same, except that Perrigo admits that Mr. Papa attended the Bank of America Merrill Lynch Health Care Conference on May 12, 2015 and that Mr. Papa made certain statements during that conference and respectfully refers the Court to those statements for a complete and accurate statement of its contents.

160.     To the extent that that allegations of FAC ¶ 160 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 160 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 160 and so denies same.

161.     To the extent that allegations of FAC ¶ 161 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 161 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 161 and so

denies same, except that Perrigo admits that Mr. Papa attended the Jefferies Global Health Care Conference on June 2, 2015 and that Mr. Papa made certain statements during that conference and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

162.     To the extent that allegations of FAC ¶ 162 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 162 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 162 and so denies same, except that Perrigo admits that it issued a press release on August 5, 2015 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

163.     To the extent that allegations of FAC ¶ 163 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 163 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 163 and so denies same.

164.     To the extent that allegations of FAC ¶ 164 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 164 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 164 and so denies same, except that Perrigo admits that it submitted to the SEC on August 6, 2015 a presentation slide deck and respectfully refers the Court to that document for a complete and accurate statement of its contents.

165.     To the extent that allegations of FAC ¶ 165 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is

necessary, Perrigo denies the allegations and characterizations of FAC ¶ 165 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 165 and so denies same.

166.     To the extent that allegations of FAC ¶ 166 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 166 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 166 and so denies same, except that Perrigo admits that a letter was issued on September 17, 2015 and that it submitted to the SEC a copy of a Schedule 14D-9 on September 17, 2015 and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

167.     To the extent that allegations of FAC ¶ 167 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 167 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 167 and so denies same.

168.     To the extent that allegations of FAC ¶ 168 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 168 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 168 and so denies same, except that Perrigo admits that Mr. Papa attended the Morgan Stanley Global Healthcare Conference on September 17, 2015 and that Mr. Papa made certain statements during that conference and respectfully refers the Court to those statements for a complete and accurate statement of its contents.

169.    To the extent that allegations of FAC ¶ 169 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 169 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 169 and so denies same.

170.    To the extent that allegations of FAC ¶ 170 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 170 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 170 and so denies same, except that Perrigo admits it submitted to the SEC a copy of an Investor Presentation as an exhibit to its October 22, 2015 Form 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

171.    To the extent that allegations of FAC ¶ 171 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 171 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 171 and so denies same, except that Perrigo admits it submitted to the SEC a copy of an Investor Presentation as an exhibit to its October 22, 2015 Form 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

172.    To the extent that allegations of FAC ¶ 172 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 172 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 172 and so denies same, except that Perrigo

admits that a letter was sent to investors and respectfully refers the Court to that document for a complete and accurate statement of its contents, and admits the existence of Irish Takeover Rules and respectfully refers the Court to those Rules and to Irish law for the proper interpretation of those Rules.

173.   To the extent that allegations of FAC ¶ 173 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 173 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 173 and so denies same.

174.   To the extent that allegations of FAC ¶ 174 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 174 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 174 and so denies same, except that Perrigo admits that it issued a press release on January 11, 2016 and that Mr. Papa made certain statements in connection with that press release and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

175.   To the extent that allegations of FAC ¶ 175 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 175 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 175 and so denies same.

C.      Response to Allegations of Anti-Competitive Pricing Practices in Generic Rx Division

176.    To the extent the allegations of FAC ¶ 176 reference forward looking statements or puffery dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 176 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 176 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of an Investor Presentation as part of its April 21, 2015 Form 8-K and admits that Mr. Papa spoke with investors around that time and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

177.    To the extent the allegations of FAC ¶ 177 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 177 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 177 and so denies same.

178.    Perrigo denies the allegations and characterizations of FAC ¶ 178 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 178 and so denies same, except that Perrigo admits that Mr. Papa attended the Bank of America Merrill Lynch Health Care Conference on May 12, 2015 and that Mr. Papa made certain statements during that conference and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

179.    To the extent the allegations of FAC ¶ 179 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 179 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 179 and so denies same.

180.     To the extent the allegations of FAC ¶ 180 reference forward looking statements or puffery dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 180 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 180 and so denies same, except that Perrigo admits that Mr. Papa attended the Jefferies Global Healthcare Conference on June 2, 2015 and that Mr. Papa made certain statements during that conference and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

181.     To the extent the allegations of FAC ¶ 181 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 181 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 181 and so denies same.

182.     To the extent the allegations of FAC ¶ 182 reference forward looking statements or puffery dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 182 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 182 and so denies same, except that Perrigo admits that Mr. Papa made certain statements during a conference call on August 5, 2015 and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

183.     To the extent the allegations of FAC ¶ 183 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 183 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 183 and so denies same.

184.    Perrigo denies the allegations and characterizations of FAC ¶ 184 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 184 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of its Form 10-K for the year ended June 2015 on August 13, 2015 and respectfully refers the Court to the document for a complete and accurate statement of its contents.

185.    To the extent the allegations of FAC ¶ 185 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 185 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 185 and so denies same.

186.    Perrigo denies the allegations and characterizations of FAC ¶ 186 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 186 and so denies same, except that Perrigo admits that a conference call was held on October 22, 2015 and that Mr. Papa made certain statements during that call and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

187.    To the extent the allegations of FAC ¶ 187 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 187 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 187 and so denies same.

188.    To the extent the allegations of FAC ¶ 188 reference forward looking statements or puffery dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 188 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 188 and so denies same, except that Perrigo admits it submitted to the SEC a copy of an Investor

Presentation as an exhibit to its October 22, 2015 Form 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents, and admits the existence of Irish Takeover Rules and respectfully refers the Court to those Rules and to Irish law for the proper interpretation of those Rules.

189.    To the extent the allegations of FAC ¶ 189 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 189 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 189 and so denies same.

190.    Perrigo denies the allegations and characterizations of FAC ¶ 190 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 190 and so denies same, except that Perrigo admits that Mr. Papa attended the Goldman Sachs Healthcare CEOs Conference on January 5, 2016 and that Mr. Papa made certain statements during that conference and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

191.    To the extent the allegations of FAC ¶ 191 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 191 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 191 and so denies same.

192.    To the extent the allegations of FAC ¶ 192 reference forward looking statements or puffery dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 192 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 192 and so denies same, except that Perrigo admits that it announced fourth quarter calendar year results on

February 18, 2016 and that a conference call took place that same day during which Mr. Papa and Ms. Brown made certain statements and respectfully refers the Court to those statements for a complete and accurate statement of their respective contents.

193.    To the extent the allegations of FAC ¶ 193 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 193 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 193 and so denies same.

194.    To the extent the allegations of FAC ¶ 194 refer to statements made by Mr. Coucke or the Director Defendants who were dismissed from this action, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 194 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 194 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-KT on February 25, 2016 and respectfully refers the Court to the document for a complete and accurate statement of its contents.

195.    To the extent the allegations of FAC ¶ 195 refer to statements made by Mr. Coucke or the Director Defendants who were dismissed from this action, or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 195 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 195 and so denies same.

196.    Perrigo denies the allegations and characterizations of FAC ¶ 196 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 196 and so denies same, except that Perrigo admits that it announced first quarter calendar year 2016 results on May 12, 2016 and that a conference call was held that same day during which Ms. Brown

made certain statements and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

197.    To the extent the allegations of FAC ¶ 197 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 197 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 197 and so denies same.

198.    Perrigo denies the allegations and characterizations of FAC ¶ 198 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 198 and so denies same, except that Perrigo admits that it announced first quarter calendar year 2016 results on May 16, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

199.    To the extent the allegations of FAC ¶ 199 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 199 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 199 and so denies same.

200.    Perrigo denies the allegations and characterizations of FAC ¶ 200 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 200 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-Q on May 16, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

201.    Perrigo denies the allegations and characterizations of FAC ¶ 201 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 201 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of Forms 10-Q on

August 10, 2016 and November 10, 2016 and respectfully refers the Court to those documents for a complete and accurate statement of their respective contents.

202.    To the extent the allegations of FAC ¶ 202 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 202 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 202 and so denies same.

203.    To the extent the allegations of FAC ¶ 203 reference forward looking statements or puffery dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 203 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 203 and so denies same, except that Perrigo avers that Ms. Brown attended the UBS Global Healthcare Conference on May 24, 2016 (not June 21, 2016 as alleged in FAC ¶ 203) and admits that Ms. Brown made certain statements during that conference and respectfully refers the Court to those materials for a complete and accurate statement of their contents.

204.    To the extent the allegations of FAC ¶ 204 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 204 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 204 and so denies same.

D.    Response to Allegations of Declining Fair Value of Tysabri® Royalty Stream

205.    To the extent that allegations of FAC ¶ 205 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 205 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 205 and so denies same, except that Perrigo

admits that it submitted to the SEC a copy of a Form 10-Q on April 29, 2015 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

206.     To the extent that allegations of FAC ¶ 206 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 206 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 206 and so denies same.

207.     To the extent that allegations of FAC ¶ 207 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 207 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 207 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-K for the year ended June 2015 on August 13, 2015 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

208.     To the extent that allegations of FAC ¶ 208 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 208 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 208 and so denies same.

209.     To the extent that allegations of FAC ¶ 209 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 209 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 209 and so denies same, except that Perrigo

admits that it issued a press release on October 22, 2015 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

210.     To the extent that allegations of FAC ¶ 210 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 210 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 210 and so denies same.

211.     To the extent that allegations of FAC ¶ 211 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 211 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 211 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-Q on November 2, 2015 and respectfully refers the Court to the document for a complete and accurate statement of its contents.

212.     To the extent that allegations of FAC ¶ 212 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 212 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 212 and so denies same.

213.     To the extent that allegations of FAC ¶ 213 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 213 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 213 and so denies same, except that Perrigo

admits that Mr. Papa attended the Goldman Sachs Healthcare CEOs Conference on January 5, 2016 and that Mr. Papa made certain statements during that conference and respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

214.    To the extent that allegations of FAC ¶ 214 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 214 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 214 and so denies same.

215.    To the extent that allegations of FAC ¶ 215 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 215 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 215 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form-10KT for the calendar year ended 2015 on February 22, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

216.    To the extent that allegations of FAC ¶ 216 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 216 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 216 and so denies same.

217.    To the extent that allegations of FAC ¶ 217 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 217 or lacks sufficient information to form a belief as

to the allegations and characterizations of FAC ¶ 217 and so denies same, except that Perrigo admits that Mr. Hendrickson made statements during a conference call on May 12, 2016 and respectfully refers the Court to those materials for a complete and accurate statement of their contents.

218. To the extent that allegations of FAC ¶ 218 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required. To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 218 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 218 and so denies same, except that Perrigo admits that an earnings release was issued on May 12, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

219. To the extent that allegations of FAC ¶ 219 relate to PIIG claims dismissed by the Opinion, no response is required. To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 219 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 219 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-Q for the first quarter of 2016 on May 16, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

220. To the extent that allegations of FAC ¶ 220 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required. To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 220 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 220 and so denies same.

221.    To the extent that allegations of FAC ¶ 221 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 221 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 221 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-Q for the second quarter of 2016 on August 10, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

222.    To the extent that allegations of FAC ¶ 222 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 222 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 222 and so denies same.

223.    To the extent that allegations of FAC ¶ 223 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 223 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 223 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-Q for the third quarter of 2016 on November 10, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

224.    To the extent that allegations of FAC ¶ 224 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 224 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 224 and so denies same.

## VI.   Response to Allegations that "The Truth is Revealed"

225.   Perrigo denies the allegations and characterizations of FAC ¶ 225 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 225 and so denies same, except that Perrigo admits to releasing earnings guidance revised on February 18, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

226.   To the extent that allegations of FAC ¶ 226 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 226 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 226 and so denies same, except that, to the extent FAC ¶ 226 refers to certain analyst reports and purports to allege trading prices for Perrigo's common stock, Perrigo respectfully refers the Court to those analyst reports and to the actual trading records for a complete and accurate statement of their respective contents without conceding the accuracy of these reports.

227.   Perrigo denies the allegations and characterizations of FAC ¶ 227 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 227 and so denies same, except that Perrigo admits that Mr. Papa received a $500,000 cash bonus.  Perrigo avers that Mr. Papa received a restricted stock grant worth $1.5 million, that the restricted stock grant would vest in December 2017, and that Mr. Papa left Perrigo in April 2016 to become the CEO of Valeant.

228.    Perrigo denies the allegations and characterizations of FAC ¶ 228 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 228 and so denies same, except that to the extent FAC ¶ 228 refers to certain analyst reports and purports to allege trading prices for Perrigo's common stock, Perrigo respectfully refers the Court to those analyst reports and to the actual trading records for a complete and accurate statement of their respective contents without conceding the accuracy of these reports.

229.    To the extent the allegations of FAC ¶ 229 reference forward looking statements or puffery dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 229 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 229 and so denies same, except that Perrigo admits that Mr. Papa left Perrigo to become the CEO of Valeant and that Perrigo issued preliminary earnings guidance for first quarter 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

230.    Perrigo denies the allegations and characterizations of FAC ¶ 230 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 230 and so denies same, except that Perrigo admits that it issued earnings guidance for 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

231.    Perrigo denies the allegations and characterizations of FAC ¶ 231 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 231 and so denies same, except that to the extent FAC ¶ 231 refers to statements made by certain market commentators and analysts, Perrigo respectfully refers the Court to those documents for a complete and accurate statement of their respective contents without conceding the accuracy of these reports.

232.    Perrigo denies the allegations and characterizations of FAC ¶ 232 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 232 and so denies same, except that to the extent FAC ¶ 232 refers to reports issued by Wells Fargo and Barclays, Perrigo respectfully refers the Court to those documents for a complete and accurate statement of their respective contents without conceding the accuracy of these reports.

233.    Perrigo denies the allegations and characterizations of FAC ¶ 233 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 233 and so denies same.  To the extent FAC ¶ 233 purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

234.    Perrigo denies the allegations and characterizations of FAC ¶ 234 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 234 and so denies same, except that Perrigo admits that it made certain statements on May 12, 2016 and respectfully refers the Court to those materials for a complete and accurate statement of their contents.

235.    Perrigo denies the allegations and characterizations of FAC ¶ 235 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 235 and so denies same, except that Perrigo admits that Mr. Hendrickson made certain statements on May 12, 2016 and respectfully refers the Court to those materials for a complete and accurate statement of their contents.

236.    Perrigo denies the allegations and characterizations of FAC ¶ 236 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 236 and so denies same, except that, to the extent FAC ¶ 236 refers to reports issued by Jefferies and

Barclays, Perrigo respectfully refers the Court to the actual reports for a complete and accurate statement of their respective contents. To the extent FAC ¶ 236 purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

237.    Perrigo denies the allegations and characterizations of FAC ¶ 237 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 237 and so denies same, except that Perrigo admits that it made certain statements on August 10, 2016 and respectfully refers the Court to those statements for a complete and accurate statement of their contents. To the extent that FAC ¶ 237 refers to analyst reports issued by RBC Capital Markets and UBS on August 10, 2016, Perrigo respectfully refers the Court to those reports for a complete and accurate statement of their respective contents without conceding the accuracy of these reports.

238.    Perrigo denies the allegations and characterizations of FAC ¶ 238 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 238 and so denies same, except that Perrigo admits that it issued an earnings press release on August 10, 2016 and made an announcement on December 8, 2016 and respectfully refers the Court to that document for a complete and accurate statement of its contents. To the extent FAC ¶ 238 purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

239.    To the extent the allegations of FAC ¶ 239 reference forward looking statements or puffery dismissed by the Opinion no response is required. To the extent any response is

necessary, Perrigo denies the allegations and characterizations of FAC ¶ 239 or lacks sufficient

information to form a belief as to the allegations and characterizations of FAC ¶ 239 and so

denies same, except that Perrigo admits that Starboard Value sent a letter to Mr. Hendrickson

and the Board of Directors on September 12, 2016 and respectfully refers the Court to that

document for a complete and accurate statement of its contents.

240.     To the extent that allegations of FAC ¶ 240 relate to PIIG claims dismissed by the

Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the

allegations and characterizations of FAC ¶ 240 or lacks sufficient information to form a belief as

to the allegations and characterizations of FAC ¶ 240 and so denies same, except that Perrigo

admits that it sold Tysabri®, admits that Ms. Brown resigned from Perrigo, admits that it issued a

restatement in May 2017 and admits to making certain statements on February 27, 2017 and

respectfully refers the Court to those statements for a complete and accurate statement of their

contents.

241.     To the extent that allegations of FAC ¶ 241 relate to PIIG claims dismissed by the

Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the

allegations and characterizations of FAC ¶ 241 or lacks sufficient information to form a belief as

to the allegations and characterizations of FAC ¶ 241 and so denies same, except that Perrigo

admits that Morgan Stanley issued an analyst report and respectfully refers the Court to that

document for a complete and accurate statement of its contents without conceding the accuracy

of the report.  To the extent FAC ¶ 241 purports to allege trading prices for Perrigo's common

stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading

records of the New York Stock Exchange for a complete and accurate statement of such records.

242.     Perrigo denies the allegations and characterizations of FAC ¶ 242 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 242 and so denies same except that, to the extent that FAC ¶ 242 refers to an article published by Bloomberg entitled, "Perrigo Joins Firms with Generic Drugs Under U.S. Glare" on March 3, 2017, Perrigo respectfully refers the Court to that document for a complete and accurate statement of its contents without conceding the accuracy of the article.

243.     Perrigo denies the allegations and characterizations of FAC ¶ 243 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 243 and so denies same except that Perrigo admits that it made an announcement on May 2, 2017 and respectfully refers the Court to those statements for a complete and accurate statement of their contents.  To the extent FAC ¶ 243 refers to a report issued by Wells Fargo, Perrigo respectfully refers the Court to that report for a complete and accurate statement of its contents without conceding the accuracy of the report.

244.     Perrigo denies the allegations and characterizations of FAC ¶ 244 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 244 and so denies same.  To the extent FAC ¶ 244 purports to allege trading prices for Perrigo's common stock on the New York Stock Exchange, Perrigo respectfully refers the Court to the actual trading records of the New York Stock Exchange for a complete and accurate statement of such records.

**VII.     Response to Allegations Regarding Post-Class Period Events**

245.     To the extent that allegations of FAC ¶ 245 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 245 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 245 and so denies same, except that Perrigo

admits that it submitted to the SEC a copy of a Form 10-K for the calendar year 2016 on May 22, 2017 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

246.    To the extent that allegations of FAC ¶ 246 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 246 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 246 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-K for the calendar year 2016 on May 22, 2017 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

247.    To the extent that allegations of FAC ¶ 247 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 247 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 247 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-K for the calendar year 2016 on May 22, 2017 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

248.    To the extent that allegations of FAC ¶ 248 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 248 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 248 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-K for the calendar year 2016 on May 22,

2017 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

249.    To the extent that allegations of FAC ¶ 249 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 249 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 249 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-K for the calendar year 2016 on May 22, 2017 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

250.    To the extent that allegations of FAC ¶ 250 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 250 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 250 and so denies same, except that Perrigo admits that it submitted to the SEC a copy of a Form 10-K for the calendar year 2016 on May 22, 2017 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

251.    Perrigo denies the allegations and characterizations of FAC ¶ 251 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 251 and so denies same except that Perrigo admits that Ms. Brown and Mr. Hendrickson left Perrigo and admits that Mr. Hendrickson announced his retirement on June 7, 2017 and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

## VIII.    Response to Additional Allegations of Scienter

252.    To the extent the allegations of FAC ¶ 252 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 252 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 252 and so denies same.

253.    To the extent the allegations of FAC ¶ 253 reference forward looking statements or puffery dismissed by the Opinion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 253 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 253 and so denies same, except that Perrigo admits that Mr. Papa made certain statements on June 2, 2015, August 5, 2015, and May 18, 2015 and respectfully refers the Court to those statements for a complete and accurate statement of their respective contents.

254.    To the extent the allegations of FAC ¶ 254 reference forward looking statements or puffery dismissed by the Opinion or set forth a legal conclusion no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 254 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 254 and so denies same.

255.    To the extent the allegations of FAC ¶ 255 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 255 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 255 and so denies same except that Perrigo admits that Ms. Brown made certain statements on June 23, 2015 and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

256.     To the extent the allegations of FAC ¶ 256 refer to statements made by Mr. Coucke, who was dismissed from this action, or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 256 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 256 and so denies same, except that Perrigo admits that Mr. Papa made certain statements on June 2, 2015 and February 5, 2015 and that Ms. Brown made certain statements on June 23, 2015 and respectfully refers the Court to those statements for a complete and accurate statement of their respective contents.

257.     To the extent the allegations of FAC ¶ 257 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 257 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 257 and so denies same except that Perrigo admits that Mr. Papa and Ms. Brown received bonuses for their contributions related to the Mylan takeover effort and admits that Mr. Papa and Ms. Brown were deposed and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

258.     To the extent the allegations of FAC ¶ 258 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 258 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 258, which purport to state what Plaintiffs contend Ms. Kincaid told them and what Ms. Kincaid claims to have been told by others, and so denies same.

259.     To the extent the allegations of FAC ¶ 259 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and

characterizations of FAC ¶ 259 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 259 and so denies same except that Perrigo admits that Ms. Brown made certain statements on September 17, 2015 and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

260.   To the extent the allegations of FAC ¶ 260 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 260 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 260 and so denies same except that Perrigo admits that it is an Irish company and to the existence of the Irish Takeover Rules respectfully refers the Court to those Rules and to Irish law for the proper interpretation of those Rules.

261.   To the extent the allegations of FAC ¶ 261 (or footnote 14) relate to PIIG claims, forward looking statements, or puffery dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 261 (and footnote 14) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 261 (and footnote 14) and so denies same, except that Perrigo admits that it is an Irish company and to the existence of the Irish Takeover Rules and respectfully refers the Court to those Rules and to Irish law for the proper interpretation of those Rules.

262.   To the extent the allegations of FAC ¶ 262 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 262 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 262 and so denies same except that Perrigo admits

that Mr. Papa made certain statements on June 1, 2015 and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

263.     To the extent the allegations of FAC ¶ 263 (or footnote 15 or 16) relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 263 (and footnotes 15 and 16) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 263 (and footnote 15 and 16) and so denies same except that Perrigo admits that it is an Irish company and to the existence of the Irish Takeover Rules and respectfully refers the Court to those Rules and to Irish law for the proper interpretation of those Rules, that Mylan issued a press release concerning the Irish Takeover Panel on August 25, 2015 and respectfully refers the Court to that document for a complete and accurate statement of its contents without conceding the accuracy of the information in the press release, and that Perrigo issued a press release concerning the Irish Takeover Panel on October 9, 2015 and respectfully refers the Court to that document for a complete and accurate statement of their contents.

264.     To the extent that allegations of FAC ¶ 264 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 264 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 264 and so denies same.

265.     To the extent the allegations of FAC ¶ 265 reference forward looking statements or puffery dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶

265 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 265 and so denies same.

266.    To the extent the allegations of FAC ¶ 266 reference forward looking statements or puffery dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 266 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 266 and so denies same, except that Perrigo admits that Mr. Papa and Mr. Hendrickson made certain statements and respectfully refers the Court to those statements for a complete and accurate statement of their respective contents.

267.    To the extent the allegations of FAC ¶ 267 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 267 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 267 and so denies same.

268.    To the extent the allegations of FAC ¶ 268 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 268 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 268 and so denies same except that Perrigo admits that Mr. Boothe resigned from Perrigo.

269.    To the extent that allegations of FAC ¶ 269 relate to PIIG claims dismissed by the Opinion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 269 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 269 and so denies same except that Perrigo admits that it sold Tysabri[®] and that Mr. Hendrickson made certain statements in May 2016 and

respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

270.    To the extent the allegations of FAC ¶ 270 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 270 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 270 and so denies same except that Perrigo admits that it submitted to the SEC a copy of a Form 10-K and a Form 10-KT for the calendar year 2015 and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

271.    To the extent that allegations of FAC ¶ 271 relate to PIIG claims dismissed by the Opinion or set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 271 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 271 and so denies same.

272.    To the extent the allegations of FAC ¶ 272 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 272 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 272 and so denies same except that Perrigo admits that Mr. Papa and Ms. Brown sold shares of Perrigo common stock and Perrigo respectfully refers the Court to those materials for a complete and accurate statement of their respective contents.

## IX.     Response to Class Action Allegations

273.    Perrigo denies the allegations and characterizations of FAC ¶ 273 (and subparagraphs (a) – (c)) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 273 (and subparagraphs (a) – (c)) and so denies same.

274.    To the extent the allegations of FAC ¶ 274 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 274 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 274 and so denies same.

275.    To the extent the allegations of FAC ¶ 275 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 275 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 275 and so denies same.

276.    To the extent the allegations of FAC ¶ 276 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 276 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 276 and so denies same.

277.    To the extent the allegations of FAC ¶ 277 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 277 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 277 and so denies same.

278.    To the extent the allegations of FAC ¶ 278 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and

characterizations of FAC ¶ 278 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 278 and so denies same.

279.    To the extent the allegations of FAC ¶ 279 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 279 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 279 and so denies same.

280.    To the extent the allegations of FAC ¶ 280 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 280 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 280 and so denies same.

281.    To the extent the allegations of FAC ¶ 281 set forth a legal conclusion, no response is required.  To the extent any response is necessary, Perrigo denies the allegations and characterizations of FAC ¶ 281 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 281 and so denies same.

**Count I – For Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Against All Defendants – Denial of Liability**

282.    Perrigo incorporates by reference each paragraph above as though fully set forth herein, and states that Plaintiffs purport to assert Count I against Perrigo and the other defendants.

283.    To the extent the allegations of FAC ¶ 283 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 283 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 283 and so denies same.

284.    To the extent the allegations of FAC ¶ 284 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and

characterizations of FAC ¶ 284 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 284 and so denies same.

285.    To the extent the allegations of FAC ¶ 285 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 285 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 285 and so denies same.

286.    To the extent the allegations of FAC ¶ 286 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 286 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 286 and so denies same.

287.    To the extent the allegations of FAC ¶ 287 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 287 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 287 and so denies same.

288.    To the extent the allegations of FAC ¶ 288 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 288 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 288 and so denies same.

289.    To the extent the allegations of FAC ¶ 289 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 289 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 289 and so denies same.

290.    To the extent the allegations of FAC ¶ 290 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 290 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 290 and so denies same.

**Count II – For Violations of Section 20(a) of the Exchange Act Against the Director Defendants and Brown – Denial of Liability**

291.    Perrigo incorporates by reference each paragraph above as though fully set forth herein, and states that Plaintiffs purport to assert Count II against the Director Defendants and Ms. Brown.

292.    To the extent the allegations of FAC ¶ 292 refer to statements made by Mr. Coucke or the Director Defendants who were dismissed from this action, no response is required.  To the extent the allegations of FAC ¶ 292 set forth a legal conclusion as to Mr. Papa or Ms. Brown, no response is required.  To the extent any response is required, Perrigo denies the allegations and characterizations of FAC ¶ 292 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 292 and so denies same.

293.    To the extent the allegations of FAC ¶ 293 refer to statements made by Mr. Coucke or the Director Defendants who were dismissed from this action, no response is required.  To the extent the allegations of FAC ¶ 293 set forth a legal conclusion as to Mr. Papa or Ms. Brown, no response is required.  To the extent any response is required, Perrigo denies the allegations and characterizations of FAC ¶ 293 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 293 and so denies same.

294.    To the extent the allegations of FAC ¶ 294 refer to statements made by Mr. Coucke or the Director Defendants who were dismissed from this action, no response is required.  To the extent the allegations of FAC ¶ 294 set forth a legal conclusion as to Mr. Papa or Ms. Brown, no response is required.  To the extent any response is required, Perrigo denies the allegations and

characterizations of FAC ¶ 294 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 294 and so denies same.

**Count III – For Violations of Section 14(e) of the Exchange Act Against All Defendants – Denial of Liability**

295.    Perrigo incorporates by reference each paragraph above as though fully set forth herein, and states that Plaintiffs purport to assert Count III against Perrigo and the other defendants.

296.    To the extent the allegations of FAC ¶ 296 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 296 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 296 and so denies same.

297.    To the extent the allegations of FAC ¶ 297 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 297 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 297 and so denies same.

298.    To the extent the allegations of FAC ¶ 298 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 298 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 298 and so denies same.

299.    To the extent the allegations of FAC ¶ 299 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 299 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 299 and so denies same.

300.    To the extent the allegations of FAC ¶ 300 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and

characterizations of FAC ¶ 300 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 300 and so denies same.

301.    To the extent the allegations of FAC ¶ 301 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 301 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 301 and so denies same.

**Count IV – For Violation of the Israel Securities Law, 1968 (Brought by the TASE Investor Class Against All Defendants for Purchases Made on the TASE) – Denial of Liability**

302.    Perrigo incorporates by reference each paragraph above as though fully set forth herein, and states that Plaintiffs purport to assert Count IV against Perrigo and the other defendants.  Perrigo also contends that this Court should not exercise jurisdiction over this foreign law claim.

303.    To the extent the allegations of FAC ¶ 303 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 303 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 303 and so denies same.

304.    To the extent the allegations of FAC ¶ 304 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 304 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 304 and so denies same except that Perrigo admits that it submitted the Prospectus described in FAC ¶ 304 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

305.    To the extent the allegations of FAC ¶ 305 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and

characterizations of FAC ¶ 305 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 305 and so denies same.

306.    To the extent the allegations of FAC ¶ 306 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 306 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 306 and so denies same.

307.    To the extent the allegations of FAC ¶ 307 set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 307 or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 307 and so denies same.

308.    To the extent the allegations of FAC ¶ 308 (and subparagraphs (a) – (f)) set forth a legal conclusion, no response is required, but to the extent a response is required, Perrigo denies the allegations and characterizations of FAC ¶ 308 (and subparagraphs (a) – (f)) or lacks sufficient information to form a belief as to the allegations and characterizations of FAC ¶ 308 (and subparagraphs (a) – (f)) and so denies same.

### Denial of Plaintiffs' Prayer for Relief

Perrigo denies that Plaintiffs should be granted any of the relief sought in the Prayer for Relief of the FAC.

### Statement of Perrigo's Prayer for Relief

Perrigo seeks all equitable or other relief against Plaintiffs as a consequence of defending this action including attorneys' fees and costs if warranted.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, Perrigo asserts the following affirmative and other defenses, which apply to each and every cause of action asserted in the FAC.

## FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim against Perrigo upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead their claims against Perrigo with the requisite particularity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims they purport to assert against Perrigo.

## FOURTH AFFIRMATIVE DEFENSE

Perrigo is not liable to Plaintiffs because Perrigo made no false or misleading statements of material fact or omitted to state a material fact that was required to be stated.

## FIFTH AFFIRMATIVE DEFENSE

Any allegedly untrue statement of fact, omission of fact, or other allegedly actionable conduct was not material.  Without limiting the foregoing, Plaintiffs are not entitled to any recovery from Perrigo because they would have purchased any relevant Perrigo security even with full knowledge of the facts that they now allege were misrepresented or omitted; Plaintiffs did not act, or chose not to act, based upon any alleged act or omission of Perrigo; and the allegedly untrue statements of material fact and/or omissions of material fact were not material to the investment decisions of a reasonable investor.

## SIXTH AFFIRMATIVE DEFENSE

The claims against Perrigo are non-actionable to the extent that they allege untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements allegedly attributable to Perrigo that fall within the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, including without limitation 15 U.S.C. §§ 78u-4 and 78u-5.

## SEVENTH AFFIRMATIVE DEFENSE

The claims against Perrigo are non-actionable to the extent that they allege untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements allegedly attributable to Perrigo that include forward-looking statements, statements accompanied by meaningful cautionary language, non-actionable statements of opinion and/or non-actionable statements under the bespeaks caution doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Certain purportedly material information alleged in the FAC to have been omitted by Perrigo was a matter of public knowledge and therefore was not required to be disclosed. Plaintiffs' claims with respect to such information therefore are barred.  Moreover, no person or entity may recover from Perrigo to the extent such person or entity had actual or constructive knowledge of the facts alleged in the FAC to have been concealed or misrepresented.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for lack of loss causation.  Without limiting the foregoing, Perrigo is not liable to Plaintiffs because factors other than the alleged misrepresentations and omissions in the relevant public disclosures influenced the price of Perrigo's securities when Plaintiffs allegedly acquired such securities, factors other than the alleged misrepresentations and

omissions in the relevant public disclosures caused all or some of the alleged decline in the value of any Perrigo securities that Plaintiffs allegedly purchased, and/or an insufficient number of traders in those securities relied on the allegedly false and misleading statements or omissions to affect the value of the securities.

## TENTH AFFIRMATIVE DEFENSE

No act or omission attributed to Perrigo in the FAC was the actual or proximate cause of any alleged injury suffered by Plaintiffs, and no act or omission attributed to Perrigo caused the alleged loss for which the Plaintiffs seek to recover damages.  Moreover, Perrigo is not liable for any alleged damages suffered by Plaintiffs to the extent that the negligent, reckless, or willful acts of others constituted independent, intervening, and superseding causes, relieving Perrigo of any liability, or to the extent that Plaintiffs' purported injuries and damages, if any, were proximately caused or contributed to, in whole or in part, by Plaintiffs themselves.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Perrigo because they did not reasonably rely on any allegedly untrue or misleading statement of material fact.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Perrigo because they purchased any relevant securities with actual or constructive knowledge of the risks involved in an investment in such offered securities, and thus assumed the risk that the value of the securities would decline if such risks materialized.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims against Perrigo are barred, in whole or in part, by operation of the applicable statute(s) of limitation or repose, and by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Perrigo at all times acted with reasonable care and due diligence with respect to the matters alleged in the FAC to have been misrepresented in or misleadingly omitted from any relevant public disclosures.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Perrigo because Perrigo had no reasonable ground to believe and did not believe that the statements challenged in the FAC were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the challenged statements not misleading.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Perrigo because Perrigo acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading, and Perrigo acted in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom Perrigo was entitled to rely.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims against Perrigo are barred because the alleged wrongful acts and omissions alleged in the FAC were ratified or approved by the Securities and Exchange Commission and/or other state and federal regulatory agencies or entities.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims asserted against Perrigo are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and because the named Plaintiffs are not proper class representatives.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any damage they allege to have suffered and are therefore barred from recovering any damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Perrigo because Plaintiffs ratified the alleged wrongful acts and omissions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Perrigo neither owed nor breached any duty to Plaintiffs to disclose information allegedly omitted in any relevant public disclosure, and were under no duty to revise, update, or correct any previously made statements.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Perrigo is entitled to recover contribution from others for any liability it incurs as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the FAC against Perrigo.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs would be unjustly enriched if they were permitted to obtain any recovery in this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Other parties not named in the FAC may be indispensable parties to this action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any damage, loss or liability sustained by Plaintiffs must be reduced or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Perrigo under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including under the proportionate liability provisions of the federal securities laws.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The damages alleged in the FAC are too speculative to be recoverable at law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Persons who acquired any Perrigo security after Perrigo made generally available to its security holders information that was allegedly omitted from any relevant public disclosure, or after Perrigo made generally available to its security holders information that otherwise corrected any of the challenged statements alleged in the FAC, cannot recover, because they cannot prove they acquired the security relying upon the alleged untrue statements in, or not knowing of the alleged omissions from, any such public disclosure or statement.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction to adjudicate claims under the Israeli Securities Laws as alleged by Plaintiffs and/or should decline to exercise jurisdiction on forum non conveniens grounds.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any shareholder plaintiffs who tendered shares during the Mylan tender offer in November 2015 do not have a § 14(e) claim on grounds of lack of standing and/or lack of reliance.

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

I hereby certify, pursuant to Local Civil Rule 11.2, that the matter in controversy is not, to the best of my knowledge, information, and belief, the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding, other than the actions pending in the District of New Jersey captioned as follows:

- *Carmignac Gestion, S.A. v. Perrigo Company plc, Joseph C. Papa, and Judy L. Brown*, bearing docket no. Civ. No. 2:17-cv-10467;

- *First Manhattan Co. v. Perrigo Company plc, Joseph C. Papa, and Judy L. Brown*, bearing docket no. Civ. No. 2:18-cv-02291;

- *Harel Insurance Co., Ltd., et al. v. Perrigo Company plc, et al.*, bearing docket no. Civ. No. 2:18-cv-02074;

- *Manning & Napier Advisors, LLC v. Perrigo Company plc, Joseph C. Papa, and Judy L. Brown*, bearing docket no. Civ. No. 2:18-cv-00674;

- *Mason Capital, L.P. and Mason Capital Ltd. v. Perrigo Co., plc, et al.*, bearing docket no. Civ. No. 2:18-cv-01119;

- *Pentwater Equity Opportunities Master Fund Ltd., et al. v. Perrigo Co., plc, et al.*, bearing docket no. Civ. No. 2:18-cv-01121;

- *TIAA-CREF Investment Management, LLC, et al. v. Perrigo Company plc, et al.*, bearing docket no. Civ. No. 2:18-cv-08175; and

In addition, there is one case pending in the Tel Aviv District Court captioned *Israel Elec. Corp. Employees' Educ. Fund v. Perrigo Company plc, et al.*  At the request of the parties,

the Tel Aviv District Court has stayed *Israel Elec. Corp. Employees' Educ. Fund v. Perrigo Company plc, et al.* pending the final adjudication of the instant matter.

Pursuant to Local Civil Rule 11.2, I certify that the foregoing statements made by me regarding pending actions are true.  I am aware that if any of the foregoing statements made by me regarding pending actions are willfully false, I am subject to punishment.

Dated:  September 7, 2018

**GREENBAUM ROWE SMITH & DAVIS LLP**

*/s/ Alan S. Naar*
Alan S. Naar
99 Wood Avenue South
Iselin, New Jersey  08830
Telephone: (732) 549-5600
Facsimile: (732) 549-1881
anaar@greenbaumlaw.com

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
James D. Wareham (*pro hac vice*)
James E. Anklam (*pro hac vice*)
801 17th Street, NW
Washington DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
james.wareham@friedfrank.com
james.anklam@friedfrank.com

Samuel P. Groner (*pro hac vice*)
One New York Plaza
New York, New York  10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
samuel.groner@friedfrank.com

*Counsel for Defendant Perrigo Company plc*
17113741
