

October 19, 2018

Hon. Leda Dunn Wettre
Magistrate Judge U.S. District Court
M. L. King, Jr. Federal Building & Courthouse
50 Walnut St., Room 2060
Newark, NJ 07102

                 Re:  <u>Related Perrigo Securities Actions:  Coordination of Discovery</u>

Dear Magistrate Judge Wettre,

       This firm represents plaintiffs in a number of individual securities actions related to *Roofers' Pension Fund v. Papa and Perrigo Company plc,* No. 2:26-cv-2805(MCA)(LDW) ("Class Action").  With Robbins Geller Rudman & Dowd LLP, we represent plaintiffs in *TIAA-CREF Investment Management, LLC, et al. v. Perrigo Company plc et al*. (No. 2:18-CV-08175-MCA-LDW); and *Harel Insurance Company, et al. v. Perrigo Company plc et al*. (No. 2:18-CV-02074-MCA-LDW).  And with Kessler Topaz Meltzer and Check, LLP, we represent plaintiffs in *Carmignac Gestion, S.A. v. Perrigo Company plc et al*. (No. 2:17-CV-10467-MCA-LDW); *First Manhattan Co. v. Perrigo Company plc et al*. (No. 2:18-CV-02291-MCA-LDW); and *Manning & Napier Advisors, LLC v. Perrigo Company plc et al*. (No. 2:18-CV-00674-MCA-LDW).[1]  We write jointly on behalf of the Individual Action Plaintiffs in regard to the October 24, 2018 scheduling conference in the Class Action.

       The Individual Action Plaintiffs and Defendants have had a number of discussions concerning the coordination of discovery in the Related Actions.  In that regard, Plaintiffs plan to attend the scheduling conference to participate in argument surrounding the facilitation of discovery in the Related Actions.  The Individual Action Plaintiffs and Defendants have agreed to the following discovery deadlines:

| FACT DISCOVERY | INDIVIDUAL ACTION PLAINTIFFS' POSITION |
|---|---|
| *Fed. R. Civ. P. 26(a)(1) disclosures* | November 16, 2018 |

---

[1]      The above referenced individual actions will be referred to collectively as the "Individual Actions."  And the Individual Actions and the Class Action will be referred to collectively as the "Related Actions."

| | |
|---|---|
| *Completion of document production* | Substantial completion of document production shall be no later than the deadline for substantial completion of document production in the *Perrigo Class Action*. |
| *Amendment of pleadings* | Pleadings may be amended (including any amendment to add or join parties) without further leave of Court by no later than the deadline in the *Perrigo Class Action*. Thereafter, amendment may only be made with leave of Court for good cause shown. |
| *Fact discovery deadline* | **60 days** following the fact discovery deadline in the *Perrigo Class Action*. |
| **EXPERT DISCOVERY** | |
| *Affirmative expert reports* | Affirmative expert report(s) shall be served by the party bearing the burden of proof for a subject no later than **60 days** after affirmative expert reports are served by the party bearing the burden of proof in the *Perrigo Class Action.* |
| *Rebuttal expert reports* | No later than **60 days** following the deadline to serve rebuttal expert reports in the *Perrigo Class Action*. |
| *Reply expert reports* | No later than **60 days** following the deadline to serve reply expert reports in the *Perrigo Class Action*. |
| *Expert depositions* | No later than **60 days** following the deadline for expert depositions in the *Perrigo Class Action*. |
| **PRE-TRIAL AND TRIAL** | |
| *Dispositive motion deadline* | TBD |
| *Pre-trial conference* | TBD |
| *Trial* | TBD |

The Individual Action Plaintiffs and Defendants have also agreed on the following:

1. The requests for production served on Defendants in the Class Action will be deemed served in the Individual Actions, but with a relevant period of January 1, 2013 through May 22, 2017. The parties agree that Defendants' objections and responses shall likewise be deemed served in the Individual Actions, including any objections related to the relevant period. Also, Individual Action Plaintiffs agree not to serve additional document requests until after Defendants have made their first production of documents in response to the requests already served on them in the Class Action.

2. All discovery in any of the Related Actions will be deemed discovered in each of the actions, including non-party discovery to the extent the non-party agrees. Excluded from this agreement is any discovery (1) produced by current or former employees or agents of Lead Plaintiffs or Class Representatives; (2) solely and directly related to Lead Plaintiffs' or Class Representatives' investment decisions, standing, typicality or adequacy of representation; and (3) produced by the Individual Action Plaintiffs or any third-party related to the Individual Action Plaintiffs.

3. The Individual Action Plaintiffs will participate in any meaningful discussions between Defendants and the Class concerning discovery, including the meet and confer process and discussions related to scope and the parameters and process of electronic discovery.

4. Depositions taken in the Class Action shall be deemed taken in the Individual Actions and the Individual Action Plaintiffs will be permitted to have a full right of participation in the fact witness depositions, including the opportunity to examine witnesses during the depositions (subject to coordination with Class counsel). The parties in the Related Actions have not agreed to the amount of time each witness will be required to sit for his or her deposition. The Individual Action Plaintiffs propose to address this issue at the conference.

5. The interrogatories served on Defendants in the Class Action are deemed served in the Individual Actions. Likewise, Defendants' objections and responses to the interrogatories in the Class Action are deemed objections and responses in the Individual Actions. The parties also agree that the combined Plaintiffs in each Individual Action are provided five interrogatories in addition to the Class Action interrogatories and the combined Defendants in each Individual Action are limited to ten interrogatories in each Individual Action.

The Individual Action Plaintiffs and Defendants have not agreed to the number of depositions that each side in the Individual Action should be permitted to take in addition to the depositions in the Class Action. The parties agree that each side should be permitted to take a limited number of additional depositions, however, the precise number will be determined at a later date.

The Individual Action Plaintiffs look forward to participating in the October 24, 2018 scheduling conference and facilitating coordinated discovery in the Related Actions. Thank you for your consideration.

Respectfully submitted,

Christopher A. Seeger

cc:   All counsel of record