UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROOFERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

PERRIGO COMPANY, PLC., *et al.*,

Defendants.

Civil Action No. 2:16-cv-2805-MCA-LDW

STIPULATION AND [PROPOSED] DISCOVERY CONFIDENTIALITY ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, the Parties having agreed to the following terms pursuant to Local Civil Rule 5.3(b), and having due regard to the submission by the Parties regarding the need for protection of confidential information, it is ORDERED as follows:

I. **Information That May Be Designated Confidential**

1. Any Party[1] to this litigation and any non-party, as described in Paragraph 5, shall have the right to designate as "Confidential," and subject to this Discovery Confidentiality Order (the "Order"), any "Information," including, but not limited to any document, electronic or computerized data compilation, deposition testimony or exhibit, interrogatory response, response to requests for admission, or any other materials, or portion of such Information that the party reasonably and in good faith believes contains:

---

[1] The term "Party" or "Parties" as used herein refers to Lead Plaintiff Perrigo Institutional Investor Group ("PIIG"), which consists of: Migdal Insurance Company Ltd., Migdal Makefet Pension and Provident Funds Ltd., Clal Insurance Company Ltd., Clal Pension and Provident Ltd., Atudot Pension Fund for Employees and Independent Workers Ltd., and Meitav DS Provident Funds and Pension Ltd, and Defendants Perrigo Company plc, Joseph C. Papa and Judy L. Brown.

1

    a. any non-public trade secrets or other confidential research, competitively sensitive technical, marketing, financial, sales or other confidential business information;

    b. sensitive, non-public Information concerning individuals or entities, including but not limited to social security numbers, home telephone numbers and addresses, tax returns, and medical, credit or banking information;

    c. Information received in confidence from non-parties;

    d. Information otherwise entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or Local Civil Rule 5.3;

    e. To the extent that production is permitted in accordance with the European General Data Protection Regulation (2016/679) ("GDPR"), any documentation containing "personal data" (as defined in Article 4(1) of the GDPR); or

    f. any materials for arbitral proceedings that are confidential pursuant to the rules of the arbitral forum or by the agreement that led to the submission of the dispute to the arbitral forum.

Such designated Information is hereinafter "Confidential Information."

    2. Any copies or reproductions, excerpts, summaries, or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information shall also be Confidential Information pursuant to this Order.

    3. Information that has previously been disclosed or is otherwise available through alternative public means, information that is in the public domain (which is already known by the

receiving party through proper means), or information which is or becomes available to a party through proper means from a source other than the party asserting confidentiality and who rightfully is in possession of such information on a non-confidential basis shall not be deemed or considered to be Confidential Information under this Order.

## II. Designation of Discovery Materials as Confidential

4. Information may be designated as Confidential by any Party or by any non-party that has produced such Confidential Information within the meaning of this Order. A Party can designate Information as Confidential that has been produced by any Party or by any non-party.

5. A non-party from whom Information is sought by the Parties may designate Information as Confidential consistent with the terms of this Order. Under such circumstances, Information designated Confidential by such non-party is assigned the same protections as Information designated Confidential by a Party and all duties applicable to a Party shall apply to such non-party designating Information as Confidential. All obligations applicable to a Party receiving such Confidential Information from another Party shall apply to any Party receiving such Confidential Information from a non-party.

6. Any party to this litigation or any non-party covered by this Order who produces or discloses any Confidential Information shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." The Parties shall determine how such designation be made for electronically stored information.

7. Any party to this litigation, and any non-party covered by this Order who produces or discloses any Confidential Information, shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any Information that contains highly sensitive business or personal

information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation, and any non-party covered by this Order, who produces or discloses any Attorneys' Eyes Only Information, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only Information"). The Parties shall determine how such designation be made for electronically stored information.

8. This Order does not govern the use of Confidential Information or Attorneys' Eyes Only Information at trial. Prior to trial, the parties shall meet and confer on the use of Confidential Information and Attorneys' Eyes Only Information at trial, and shall address procedures governing such use in the proposed pre-trial order.

### III. Permissible Uses of Confidential Information

9. All Confidential Information shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 10, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by order of the Court.

10. Confidential Information shall be disclosed only to the following individuals under the following conditions:

   a. Attorneys of record in this Litigation, outside counsel (herein defined as any attorney at the Parties' outside law firms), relevant in-house counsel for the Parties, and regular employees of such attorneys, including secretarial staff,

4

paralegals, duplicating and data processing personnel, to whom it is necessary that Information be shown for purposes of this action;

b. Outside experts or consultants retained by a Party or a Party's counsel in connection with this action (herein "Qualified Persons"), provided such Qualified Persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. The Court and any appellate court and court personnel;

d. Mediators and arbitrators and their staff, as engaged by the Parties or appointed by the Court;

e. Deponents in this action and potential witnesses (whose depositions have been noticed and who signed the form attached hereto as Exhibit A), provided that such persons are not allowed to retain any documents or other material containing Confidential Information;

f. Litigation support and electronic discovery vendors, copy services, data entry, and computer support services retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to: court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions as well as their staff, and stenographic and clerical employees whose duties and responsibilities require access to Confidential Information; and

g. The Parties, including in the case of Parties that are corporations or other business entities, the executives or individuals who participate in decisions

with reference to this lawsuit, and any insurance carriers, or their representatives, whose insurance coverage is implicated by or who are paying defense costs associated with this litigation.

11. Confidential Information shall be used only by individuals permitted access to it under Paragraph 10. Confidential Information shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the Party or non-party asserting confidentiality waives the claim of confidentiality; or (b) the Court orders such disclosure.

12. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving Party and one in-house counsel for each entity in the receiving Party who agrees not to share Attorneys' Eyes Only Information with other Party representatives, unless provided permission by the producing Party or the Court; to the persons described in Paragraphs 10(b), (c), (d), (e), and (f), other than the potential witnesses described in (e); and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

13. With respect to any deposition that involves a disclosure of Confidential Information or Attorneys' Eyes Only Information, such Party shall have until thirty (30) days after receipt of the deposition transcript to inform all other Parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, this period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 10 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 10 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or

Attorneys' Eyes Only all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 9 through 12.

14. To the extent that any Party is not permitted (whether by contract, rules of an arbitral forum, agreement that led to the submission of a dispute to an arbitral forum, or otherwise) to produce confidential Information sought by another Party in discovery in the above-captioned action without a court order or other legal requirement to produce the Information in question, this Order shall constitute the requisite court order or other legal requirement mandating the production of that Information; provided, however, that the producing Party shall mark any such Information as "Confidential" or "Attorneys' Eyes Only," as applicable, in accordance with the terms of this Order; and provided further that the producing Party shall only produce such Information to the extent that such production is required by the Federal Rules of Civil Procedure.

15. Nothing in this Order shall prevent a producing person from using Confidential Information or Attorneys' Eyes Only Information that the producing person produced in any way the producing party so chooses.

### IV. Challenges to Confidential or Attorneys' Eyes Only Designations

16. In the event that counsel for a Party deems it necessary to disclose any Confidential Information or Attorneys' Eyes Only Information to any person not contemplated in Paragraph 10, counsel shall make a request to counsel for the producing Party or non-party in writing or on the record in a deposition or proceeding before the Court, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Party seeking to make the disclosure of the Confidential Information or Attorneys' Eyes Only Information may ~~move~~ apply to the Court pursuant to L.Cv.R. 37.1 concerning ~~Court to rule as to~~ whether such disclosure may be made and whether any restrictions or

limitations should be placed on such disclosure. No disclosure shall be made until such ~~motion~~ application is decided in favor of the ~~movant~~ applicant.

17. If a Party objects to the designation of a document as Confidential or Attorneys' Eyes Only under this Order, the following procedure shall apply:

   a. Counsel for the objecting party shall serve on the designating Party or designating non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating Party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the Information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

   b. If a dispute as to designation of Confidential Information or Attorneys' Eyes Only Information cannot be resolved by agreement, the proponent of the challenged designation shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The Confidential Information or Attorneys' Eyes Only Information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The burden of proving that the Confidential

8

Information or Attorneys' Eyes Only Information is entitled to such designation shall be on the designating Party or non-party.

18. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3. The parties will use their best efforts to minimize such sealing.

19. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information or Attorneys' Eyes Only Information that should have been designated as such, regardless of whether the Information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim to confidentiality, either as to the specific Information disclosed or as to any other Information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by a written notification provided within a reasonable time after disclosure to counsel for all Parties and non-parties to whom the material was disclosed. Such notice shall constitute a designation of the Information as Confidential or Attorneys' Eyes Only under this Order.

20. When the inadvertent or mistaken disclosure of Information protected by any privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b), as appropriate. Such inadvertent or mistaken disclosure of such Information shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing person's claim of privilege if appropriate after receiving notice of the inadvertent or mistaken disclosure. The disclosing Party or non-party shall retain the burden of establishing the privileged or protected nature of any inadvertently disclosed Information.

## V. Miscellaneous

21. This Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

22. This Order shall survive the termination of this action, and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

23. Within sixty (60) days of the conclusion of this litigation, each Party and non-party subject to the terms hereof shall be under an obligation to assemble and return to the originating source or destroy all Confidential Information, should such source so request. Any material which constitutes attorney work product, including excerpts, summaries, and digests containing Confidential Information need not be returned and need only be destroyed upon a request by the source of such Confidential Information. Counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a Party or non-party requests the return of Confidential Information from the Court after the conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, that Party or non-party shall file a motion seeking such relief.

Date: 10/30/18
By: _____

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Alan S. Naar
99 Wood Avenue South
Iselin, New Jersey 08830
(732) 476-2530

Date: 10/29/18
By: _____

**POMERANTZ LLP**
Patrick V. Dahlstrom (*pro hac vice*)
Joshua B. Silverman (*pro hac vice*)
Omar Jafri (*pro hac vice*)
10 South LaSalle Street
Suite 3505

10

(732) 476-2531 (fax)
anaar@greenbaumlaw.com

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
James D. Wareham (*pro hac vice*)
James E. Anklam (*pro hac vice*)
801 17th Street, NW
Washington, DC 20006
(202) 639-7000
(202) 639-7003 (fax)
james.wareham@friedfrank.com
james.anklam@friedfrank.com

Samuel P. Groner (*pro hac vice*)
One New York Plaza
New York, New York 10004
(212) 859-8000
(212) 859-4000 (fax)
samuel.groner@friedfrank.com

*Attorneys for Defendant Perrigo Company plc*

Date: 10/30/18
By: _____

**GIBSON, DUNN & CRUTCHER LLP**
Reed Brodsky (*pro hac vice*)
Aric H. Wu (*pro hac vice*)
Marshall R. King
200 Park Ave
New York, New York 10166
(212) 351-4000
(212) 351-4035 (fax)
rbrodsky@gibsondunn.com
awu@gibsondunn.com
mking@gibsondunn.com

*Attorneys for Defendant Joseph Papa*

Date: _____
By: _____

**SULLIVAN & CROMWELL LLP**
John L. Hardiman (*pro hac vice*)

Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com
jbsilverman@pomlaw.com
ojafri@pomlaw.com

Jeremy A. Lieberman (*pro hac vice*)
Jonathan Lindenfeld
600 Third Avenue
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
jlindenfeld@pomlaw.com

*Co-Lead Counsel for Lead Plaintiff*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
James A. Harrod (*pro hac vice*)
Jesse L. Jensen (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jim.harrod@blbglaw.com
jesse.jensen@blbglaw.com

*Co-Lead Counsel for Lead Plaintiff*

**LOWENSTEIN SANDLER LLP**
Michael B. Himmel
Michael T.G. Long
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
mhimmel@lowenstein.com
mlong@lowenstein.com

*Liaison Counsel for Lead Plaintiff*

11

Brian T. Frawley
Michael P. Devlin (*pro hac vice*)
125 Broad Street
New York, New York 10004
(212) 558-4000
(212) 558-3588 (fax)
hardimanj@sullcrom.com
frawleyb@sullcrom.com
devlinm@sullcrom.com

*Attorneys for Defendant Judy Brown*

IT IS SO ORDERED.

Dated: 11/7/18

_____
Hon. Leda Dunn Wettre, U.S.M.J.

12

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROOFERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>PERRIGO COMPANY, PLC., *et al.*,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 2:16-cv-2805-MCA-LDW<br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I, _____ (print or type name), being duly sworn, state that:

1. My address is _____.

2. My present employer is _____, and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order annexed hereto and so Order by the Court, and I agree to be fully bound by all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Information or any Attorneys' Eyes Only Information disclosed to me.

6. I will limit use of Confidential Information disclosed to me solely for purpose of this action.

1

7. No later than the conclusion of the case, I will return all Confidential Information that has come into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party for whom I was employed or retained.

8. I hereby submit to the jurisdiction of the United States District Court for the District of New Jersey for purposes of enforcing the Discovery Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
[Name]

Sworn to before me this
____ day of _____ 2018

_____
Notary Public