Fried, Frank, Harris, Shriver & Jacobson LLP

One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com

# FRIED FRANK

Direct Line: +1.212.859.8000
Email: james.wareham@friedfrank.com

November 19, 2018

Via ECF

The Honorable Leda Dunn Wettre
U.S. Magistrate Judge
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Federal Building & Courthouse
50 Walnut Street, Room 2060
Newark, NJ 07102

Re: *Carmignac Gestion, S.A. v. Perrigo Company plc, et al.*, Civ. No. 2:17-cv-10467-MCA-LDW;
*First Manhattan Co. v. Perrigo Company plc, et al.*, Civ. No. 2:18-cv-02291-MCA-LDW;
*Manning & Napier Advisors, LLC v. Perrigo Company plc, et al.*, Civ. No. 2:18-cv-00674-MCA-LDW; and
*Nationwide Mutual Funds, et al. v. Perrigo Company plc, et al.*, Civ. No. 2:18-cv-15382-MCA-LDW
Telephonic Conference on November 28, 2018 in *Roofer's Pension Fund v. Papa, et al.*, Civ. No. 16-2805-MCA-LDW

Dear Judge Wettre:

    This firm, together with Greenbaum, Rowe, Smith & Davis LLP, represents Defendant Perrigo Company plc ("Perrigo") in all of the above-captioned actions. On behalf of our client, as well as Defendants Joseph C. Papa and Judy L. Brown (collectively, "Defendants"), we write in response to the procedurally and substantively improper November 14, 2018 letters from Stradley Ronon Stevens & Young LLP on behalf of the opt out plaintiffs in the *Nationwide* action and from Seeger Weiss LLP on behalf of the opt out plaintiffs in the *Carmignac*, *First Manhattan*, and *Manning* actions (collectively, the "Opt Out Plaintiffs' November 14 Letters"). The letters for all four opt out plaintiffs are essentially the same.

    There is a telephonic status conference on November 28, 2018 at 3:30 pm in *Roofer's Pension Fund v. Papa, et al.*, and the Stradley Ronon letter has been filed in the *Roofer's* action as well (ECF 154). We write to address several points arising from the Opt Out Plaintiffs' November 14 Letters.

Fried, Frank, Harris, Shriver & Jacobson LLP

Hon. Leda Dunn Wettre
November 19, 2018
Page 2

***First***, as a threshold matter, the plaintiffs in all four opt out actions are also represented by lawyers from the Kessler Topaz Meltzer & Check, LLP firm ("Kessler Topaz") who have been admitted *pro hac vice* in those actions. A representative from Kessler Topaz was present at the October 24, 2018 Rule 16 Conference in the *Roofer's* case at which the Court (i) set the November 28, 2018 telephonic status conference in *Roofer's* and (ii) informed all attendees that the Court would set deadlines for Lead Plaintiff and the Defendants to submit letters in advance of that conference concerning discovery disputes. The deadlines for submission of those letters were set forth in the Pretrial Scheduling Order in the *Roofer's* case (ECF 149; dated October 24, 2018). Counsel for the plaintiffs in the opt out actions did not seek permission during or subsequent to the Rule 16 Conference in the *Roofer's* case to file letters separate and apart from the letter submitted to the Court by Lead Plaintiff.

***Second***, and relatedly, Kessler Topaz has participated in each of the meet and confer sessions (on November 1, 2018 and November 12, 2018) between Lead Plaintiffs and Defendants and did not raise at either of those meet and confer sessions (or at any other time) any of the issues set forth in the Opt Out Plaintiffs' November 14, 2018 Letters. Nor have the plaintiffs in the four opt out actions raised these issues in written correspondence with Defendants (or in any other manner) or served document requests separate and apart from the document requests served by Lead Plaintiffs in the *Roofer's* case.[1] Defendants on November 14 for the very first time learned that the plaintiffs in the four opt out actions believe that their "pricing pressure allegations" necessitate discovery that goes beyond the discovery relevant to the *Roofer's* case.[2]

A letter to the Court should never be the first time that a party raises a discovery-related issue. *See* L. Civ. R. 37.1(a)(1) ("Counsel shall confer to resolve any discovery dispute. Any such dispute not resolved shall be presented by telephone conference call or letter to the Magistrate Judge."). Before the Court addresses the issues described in the Opt Out Plaintiffs' November 14 Letter, it should order counsel for the opt out plaintiffs to meet and confer in good faith with counsel for Defendants.

---

[1] In the *Carmignac*, *First Manhattan*, and *Manning* cases, the parties agreed to "treat[] the requests for production served in the Class Action as if they had also been served in the Individual Actions" and the plaintiffs agreed "not to serve additional document requests until after Defendants have made their first production of documents in response to the requests already served on them in the Class Action." *Roofer's Pension Fund v. Papa, et al.*, Civ. No. 2:16-cv-02805-MCA-LDW (10/19/2018 Letter from Seeger Weiss; ECF 148). The *Nationwide* plaintiffs were not a party to that agreement because the *Nationwide* case was only filed on October 29, 2018.

[2] The four opt out plaintiffs cannot argue that they were surprised to learn that Defendants took the position that only six specific products in Perrigo's Generic Rx division were at issue in the class action. Since September 7, 2018, when the parties to the *Roofer's* class action filed their joint Discovery Plan (ECF 142), the opt out plaintiffs have been aware that that was Defendants' position.

Fried, Frank, Harris, Shriver & Jacobson LLP

Hon. Leda Dunn Wettre
November 19, 2018
Page 3

**Third**, the claims premised on the "pricing pressure allegations" described in the Opt Out Plaintiffs' November 14, 2018 Letters fail as a matter of law. Defendants intend to move to dismiss those claims, and those motions to dismiss are due tomorrow (November 20). *Carmignac* (ECF 34); *First Manhattan* (ECF 32); *Manning* (ECF 33); *Nationwide* (ECF 6). If the motions to dismiss are successful, all of the document requests set forth on the final page of the Opt Out Plaintiffs' November 14 Letters will be mooted.

The default rule under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") is that "all discovery . . . shall be stayed during the pendency of any motion to dismiss." Exchange Act § 21D(b)(3)(B); 15 U.S.C. § 78u-4(b)(3)(B). Despite that default rule, in the interests of judicial efficiency and for the better coordination of discovery among all the actions, Defendants agreed to allow discovery to commence in the four opt out actions even though Defendants are moving to dismiss those parts of the complaints in those actions that do not overlap with the allegations in the *Roofer's* class action. Defendants further agreed to include the plaintiffs in the opt out actions in "all meaningful discussions between Defendants and the Class concerning discovery, including the meet and confer process and discussions related to scope and parameters and process of electronic discovery" and to produce to them the documents produced by Defendants as part of discovery in the class action. *Roofer's* (ECF 148). Moreover, Defendants did not object when counsel to these opt out plaintiffs sought to participate in the October 24 Conference in the *Roofer's* case. Those agreements are turned on their head should the Defendants now be required to go to the burden of collecting, reviewing, and producing documents specifically related to the particular allegations that Defendants are moving to dismiss for failure to state a claim. In the event that Defendants' motion(s) to dismiss are denied, Defendants will meet and confer with the plaintiffs in the four opt out actions concerning what additional discovery, if any, is appropriate.

In sum, the Opt Out Plaintiffs' November 14 Letters are procedurally improper (in multiple ways) and premature. The relief sought should be denied.

Fried, Frank, Harris, Shriver & Jacobson LLP

Hon. Leda Dunn Wettre
November 19, 2018
Page 4

      Should the Court deem this issue an appropriate topic for discussion at the November 28, 2018 telephonic status conference in the *Roofer's* case, we will of course be more than willing to discuss this issue further at that time.

                                              Respectfully submitted,

                                              James D. Wareham

                                                and

                                      GREENBAUM, ROWE, SMITH & DAVIS LLP

                                              Alan S. Naar

cc via ECF: Counsel for all parties
17828361