Fried, Frank, Harris, Shriver & Jacobson LLP

**FRIED FRANK**

One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com

Direct Line: +1.202.639.7040
Email: james.wareham@friedfrank.com

December 7, 2018

Via ECF

The Honorable Leda Dunn Wettre
U.S. Magistrate Judge
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Federal Building & Courthouse
50 Walnut Street, Room 2060
Newark, NJ 07102

   Re: *Roofer's Pension Fund v. Papa, et al.*, Civ. No. 16-2805-MCA-LDW
      **Scheduling of Class Certification Discovery and Motion Practice**

Dear Judge Wettre,

  This firm, together with Greenbaum, Rowe, Smith & Davis LLP, represents Defendant Perrigo Company plc ("Perrigo") in the above-referenced action. On behalf of our client, as well as Defendants Joseph C. Papa and Judy L. Brown (collectively, the "Defendants"), we write in accordance with paragraph 12 of the Pretrial Scheduling Order (ECF 149, dated October 24, 2018) (the "Scheduling Order"), which calls for the parties to submit proposals for the remainder of the briefing schedule related to Lead Plaintiff's motion for class certification (ECF 163, dated November 30, 2018). We have conferred with counsel for the Lead Plaintiff, who has authorized us to state that Lead Plaintiff agrees with the schedule proposed in this letter. The remaining parts of this letter were not negotiated among the parties and are statements made on behalf of the Defendants only.

  The parties agree to the following schedule:

| Brief | Due Date |
|---|---|
| Defendants' Response to Lead Plaintiff's Motion for Class Certification | March 29, 2019 |
| Lead Plaintiff's Reply in Further Support of its Motion for Class Certification | May 17, 2019 |

The time allotted by this schedule is consistent with the schedule proposed by Defendants in the Discovery Plan, at 12 (ECF 142, dated September 7, 2018).

New York • Washington • London • Frankfurt
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

Fried, Frank, Harris, Shriver & Jacobson LLP

Hon. Leda D. Wettre, U.S.M.J.
December 7, 2018
Page 2

As alleged in ¶ 273 of the Amended Complaint (ECF 89, dated June 21, 2017) and repeated in the class certification motion, Lead Plaintiff seeks to certify three distinct classes:

(1) the "U.S. Purchaser Class," which consists of "[a]ll persons who purchased Perrigo's publicly traded common stock between April 21, 2015 and May 2, 2017, both dates inclusive (the "Class Period"), on the New York Stock Exchange (the "NYSE") or any other trading center within the United States, and were damaged thereby";

(2) the "TASE Purchaser Class," which consists of "[a]ll persons who purchased Perrigo's publicly traded common stock during the Class Period on the Tel Aviv Stock Exchange (the "TASE"), and were damaged thereby"; and

(3) the "Tender Offer Class," which consists of "[a]ll persons who owned Perrigo common stock as of November 12, 2015 and held such stock through at least 8:00 a.m. on November 13, 2015, when the tender offer of Mylan, N.V. ("Mylan") expired unsuccessfully (whether or not a person tendered their shares)."

Plaintiff's Memorandum of Law in support of Motion for Class Certification at 2 (ECF 163-1). The proposed TASE Purchaser Class consists solely of shareholders who purchased on a non-US exchange (Tel Aviv), which raises issues not commonly found in typical securities class action cases. Lead Plaintiff filed a Fed. R. Civ. P. 44.1 Notice to Intent to Address Foreign Law and submitted an expert report on Israeli law. In addition, Lead Plaintiff submitted an expert report addressing various traditional U.S. class certification issues for its Exchange Act § 10(b) claim and also for the more unusual § 14(e) claim. The presence of these foreign law issues and less common U.S. law issues justifies the proposed schedule.

In 2003, Rule 23 was amended to facilitate discovery and ensure a proposed class' compliance with the Rule's various requirements. Advisory Committee's Note to the 2003 amendment of Fed. R. Civ. P. 23(c)(1) (explaining that amending the deadline for decisions regarding class certification from "as soon as practicable after" commencement of the action to "an early practicable time" was an acknowledgment that "[t]ime may be needed to gather information necessary to make the certification decision"). Since the 2003 amendments, courts have recognized that evaluating certification under Rule 23 calls for allowing discovery on the class certification issues and careful review of the proposed classes. *Harding v. Jacoby & Meyers LLP*, 2017 WL 4922010, *4 (D.N.J. Oct. 30, 2017) (emphasizing review of "facts revealed in discovery" when evaluating whether the requirements of Rule 23 have been satisfied); *see generally Comcast Corp v. Behrend*, 569 U.S. 27, 33 (2013); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351 (2011).

Fried, Frank, Harris, Shriver & Jacobson LLP

Hon. Leda D. Wettre, U.S.M.J.
December 7, 2018
Page 3

      In view of Lead Plaintiff's application to certify three distinct classes, the presence of foreign law issues, and the need to conduct adequate discovery, Defendants respectfully request that the Court approve the proposal agreed to by the parties: March 29, 2019 for Defendants' opposition papers and May 17, 2019 deadline for Lead Plaintiff's reply papers.

      Respectfully submitted,

James D. Wareham

and

GREENBAUM, ROWE, SMITH & DAVIS LLP

Alan S. Naar

cc via ECF: Counsel for all parties

**So Ordered**
this 10th day of December, 2018
Leda D. Wettre, USMJ

17971372