# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROOFER'S PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>PAPA, et al.,<br><br>           Defendants. | No. 16-CV-2805-MCA-LDW |
| CARMIGNAC GESTION, S.A.,<br><br>           Plaintiffs,<br><br>     v.<br><br>PERRIGO COMPANY PLC, et al.,<br><br>           Defendants. | No. 2:17-cv-10467-MCA-LDW |
| FIRST MANHATTAN CO.,<br><br>           Plaintiffs,<br><br>     v.<br><br>PERRIGO COMPANY PLC, et al.,<br><br>           Defendants. | No. 2:18-cv-02291-MCA-LDW |

| | |
|---|---|
| HAREL INSURANCE CO., LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> PERRIGO COMPANY PLC, et al., <br><br> Defendants. | No. 2:18-cv-02074-MCA-LDW |
| MANNING & NAPIER ADVISORS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PERRIGO COMPANY PLC, et al., <br><br> Defendants. | No. 2:18-cv-00674-MCA-LDW |
| MASON CAPITAL, L.P. and MASON CAPITAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> PERRIGO COMPANY PLC, et al., <br><br> Defendants. | No. 2:18-cv-01119-MCA-LDW |

-3-

| | |
|---|---|
| PENTWATER EQUITY OPPORTUNITIES MASTER FUND LTD., et al., <br><br>                              Plaintiffs, <br><br>     v. <br><br> PERRIGO COMPANY PLC, et al., <br><br>                              Defendants. | No. 2:18-cv-01121-MCA-LDW |
| TIAA-CREF INVESTMENT MANAGEMENT, LLC, et al., <br><br>                              Plaintiffs, <br><br>     v. <br><br> PERRIGO COMPANY PLC, et al., <br><br>                              Defendants. | No. 2:18-cv-08175-MCA-LDW |
| NATIONWIDE MUTUAL FUNDS, et al, <br><br>                              Plaintiffs, <br><br>     v. <br><br> PERRIGO COMPANY PLC, et al., <br><br>                              Defendants. | No. 2:18-cv-15382-MCA-LDW |

| | |
|---|---|
| WCM ALTERNATIVES: EVENT-DRIVEN FUND, et al.,<br><br>                      Plaintiffs,<br><br>    v.<br><br>PERRIGO COMPANY PLC, et al.,<br><br>                      Defendants. | No. 2:18-cv-16204-MCA-LDW |
| HUDSON BAY MASTER FUND LTD, et al.,<br><br>                      Plaintiffs,<br><br>    v.<br><br>PERRIGO COMPANY PLC, et al.,<br><br>                      Defendants. | No. 2:18-cv-16206-MCA-LDW |
| SCHWAB CAPITAL TRUST, et al.,<br><br>                      Plaintiffs,<br><br>    v.<br><br>PERRIGO COMPANY PLC, et al.,<br><br>                      Defendants. | No. 2:19-cv-03973-MCA-LDW |

| | |
|---|---|
| ABERDEEN CANADA FUNDS – GLOBAL EQUITY FUND, et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>PERRIGO COMPANY PLC, et al.,<br><br>                     Defendants. | No. 2:19-cv-06560-MCA-LDW |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF LETTER ROGATORY SEEKING ASSISTANCE FROM THE COMPETENT JUDICIAL AUTHORITY OF THE KINGDOM OF BELGIUM TO DIRECT MARC COUCKE TO PRODUCE DOCUMENTS AND TO PROVIDE ORAL TESTIMONY**

Pursuant to Federal Rule of Civil Procedure 28 and 28 U.S.C. § 1781, Lead Plaintiff for the above-captioned *Roofer's* Action, Perrigo Institutional Investor Group ("Lead Plaintiff")[1], together with the Individual Plaintiffs in the other above-captioned Actions (together with Lead Plaintiff, "Plaintiffs"), respectfully requests the Court grant its motion for issuance of a letter rogatory to procure discovery from Marc Coucke ("Coucke").[2]

---

[1] Lead Plaintiff Perrigo Institutional Investor Group is Migdal Insurance Company Ltd. ("Migdal Insurance"), Migdal Makefet Pension and Provident Funds Ltd. ("Migdal Makefet" and, with Migdal Insurance, "Migdal"), Clal Insurance Company Ltd. ("Clal Insurance"), Clal Pension and Provident Ltd. ("Clal Pension"), Atudot Pension Fund for Employees and Independent Workers Ltd. ("Atudot" and, with Clal Insurance and Clal Pension, "Canaf-Clal"), and Meitav DS Provident Funds and Pension Ltd ("Meitav").

[2] Attached as Exhibit A (the "Letter Rogatory") to the Declaration of Joshua B. Silverman ("Silverman Decl."), filed herewith.

## BACKGROUND

Coucke's information is central to this case. Lead Plaintiff's Amended Complaint for Violation of Securities Laws ("Complaint")[3] alleges that Perrigo Co. plc ("Perrigo" or the "Company"), a global manufacturer of healthcare products, its former Chief Executive Officer Joseph Papa ("Papa"), and its former Chief Financial Officer Judy Brown ("Brown", and together with Perrigo and Papa, "Defendants"), made misrepresentations to investors to defeat a hostile tender offer from rival Mylan N.V. ("Mylan"), and subsequently to stem declines in Perrigo's share price. *See Roofer's Pension Fund v. Papa*, Civil Action No. 16-2805, 2018 WL 3601229, at *1 (D.N.J. July 27, 2018). This Court sustained Lead Plaintiff's claims that, among other things, Defendants materially misrepresented "the success of Perrigo's

---

[3] *See Roofer's Pension Fund v. Papa*, Civil Action No. 16-2805 (D.N.J.), ECF No. 89. *See also Carmignac Gestion, S.A. v. Perrigo Co. plc et al.*, Civil Action No. 2:17-cv-10467 (D.N.J.), ECF No. 1; *Manning & Napier Advisors, LLC v. Perrigo Co. plc et al.*, Civil Action No. 2:18-cv-00674 (D.N.J.), ECF No. 1; *Mason Capital L.P. et al. v. Perrigo Co. plc et al.*, Civil Action No. 2:18-cv-01119 (D.N.J.), ECF No. 1; *Pentwater Equity Opportunities Master Fund Ltd. et al. v. Perrigo Co. plc et al.*, Civil Action No. 2:18-cv-01121 (D.N.J.), ECF No. 1; *Harel Insurance Company, Ltd. et al. v. Perrigo Co. plc et al.*, Civil Action No. 2:18-cv-02074 (D.N.J.), ECF No. 1; *First Manhattan Co. v. Perrigo Co. plc et al.*, Civil Action No. 2:18-cv-02291 (D.N.J.), ECF No. 1; *TIAA-CREF Investment Management, LLC et al. v. Perrigo Co. plc et al.*, Civil Action No. 2:18-cv-08175 (D.N.J.), ECF No. 1; *Nationwide Mutual Funds et al. v. Perrigo Co. plc et al.*, Civil Action, Docket No. 2:18-cv-15382 (D.N.J.), ECF No. 1; W*CM Alternatives: Event-Driven Fund et al. v. Perrigo Co. plc et al.*, Civil Action No. 2:18-cv-16204 (D.N.J.), ECF No. 1; *Hudson Bay Master Fund Ltd. et al. v. Perrigo Co. plc et al.*, Civil Action No. 2:18-cv-16206 (D.N.J.), ECF No. 1; *Schwab Capital Trust et al. v. Perrigo Co. plc et al.*, Civil Action No. 2:19-cv-03973 (D.N.J.), ECF No. 1; and *Aberdeen Canada Funds-Global Equity Fund et al. v. Perrigo Co. plc et al.*, Civil Action No. 2:19-cv-06560 (D.N.J.), ECF No. 1.

integration of Omega Pharma N.V. ("Omega"), the company's largest acquisition to date." *Id*. at *3.

Coucke played a central role in the events underlying the Actions and possesses information relevant to Plaintiffs' claims. Prior to its acquisition by Perrigo, Omega was led by Coucke, Omega's co-founder, Chairman, and Chief Executive Officer. (Complaint ¶ 36.) Following the acquisition and at the time when certain of Defendants' alleged misrepresentations were made, Coucke served as a director on Perrigo's board and as Executive Vice President and General Manager of Perrigo's Branded Consumer Healthcare division. (Complaint ¶ 36.) In these roles, Coucke oversaw Omega's former business and led Perrigo's integration efforts until his resignation in April 2016. *Roofer's*, 2018 WL 3601229, at *2.

Coucke's importance to the Actions is further confirmed by the arbitration proceedings that Perrigo has initiated against Alychlo NV ("Alychlo"), an entity controlled by Coucke, under the rules of the Belgian Centre for Arbitration and Mediation ("CEPANI"). These proceedings raise overlapping issues with the Actions. (Complaint ¶ 16.)[4] ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

---

[4] *See* Perrigo's Annual Report on Form 10-K for the year ended December 31, 2018, dated February 27, 2019.



Coucke is a citizen of, and resides in, Belgium. Accordingly, it is unlikely that the parties could compel Coucke to testify at trial in these Actions. Nevertheless, Coucke possesses documentary evidence and information critical to Plaintiffs' Omega claims, which, if obtained, Plaintiffs anticipate would be presented at trial—both by Plaintiffs and Defendants. There is no means of obtaining this evidence other than seeking it directly from Coucke through the attached Letter Rogatory.

Any discovery obtained pursuant to the Letter Rogatory may be designated as confidential and thus will be subject to the protections of the confidentiality protective order entered in the Actions. *See Roofer's*, ECF No. 151. Plaintiffs'

---

[5] In fact, Alychlo explicitly relies in significant part upon the pleadings in the Actions in support of its counterclaim. (*E.g.*, Alychlo SFC ¶ 123, ¶¶ 158-160, ¶¶165-193.)

requests for documents and deposition questions are narrowly tailored and will not impose an undue burden on the third-party witness.[6]

On May 7, 2019, counsel for Lead Plaintiff sent a draft of this motion and the proposed Letter Rogatory to counsel for Defendants.  The following day, counsel for Lead Plaintiff conferred with counsel for Perrigo.  Lead Plaintiff understands that Defendants do not oppose the relief requested herein, and intend to seek their own questions of Mr. Coucke.  The parties discussed coordinating in a single filing. However, despite multiple calls and emails over the four weeks that followed, Plaintiffs have not received Defendants' list of questions.  Accordingly, in light of the time that it takes to process a letter rogatory, and the impending discovery deadline, Plaintiffs respectfully request that the Court now issue the attached Letter Rogatory, and allow Defendants to seek a separate letter rogatory when they are prepared to proceed.

## ARGUMENT

Congress and the Federal Rules of Civil Procedure specifically account for the necessity of U.S. litigants to conduct discovery overseas. *See, e.g.,* 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); Fed. R. Civ. P. 28(b)(1)

---

[6] *See* Letter Rogatory, Schedules A & B.

("A deposition may be taken in a foreign country: (A) under an applicable treaty or convention; [or] (B) under a letter of request, whether or not captioned a 'letter rogatory'[.]"). U.S. litigants may take discovery abroad in the form of document requests or oral testimony, and in accordance with the foreign jurisdiction's applicable laws and procedures. *See Abraxis BioScience, LLC v. Actavis, LLC*, Civil Action No. 16-1925 (JMV), 2017 WL 2293347, at *1-2 (D.N.J. May 25, 2017).

There is no single procedure required to obtain foreign discovery, however, the customary means is for the District Court to issue letters rogatory. *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 541, 107 S. Ct. 2542, 2554 (1987).[7] Ultimately, a court's decision to issue letters rogatory to a foreign court or agency falls within its discretionary authority. *See Aerospatiale*, 482 U.S. at 540-41; *Margulis v. Hertz Corp.*, Civil Action No. 14-1209 (JMV), 2016 WL 4009819, at *2 (D.N.J. July 25, 2016) (citations omitted).

When considering an application to issue a letter rogatory, "the Court will not ordinarily weigh the evidence to be elicited by deposition [or document requests] and will not determine whether the witness will be able to give the anticipated testimony." *Margulis*, 2016 WL 4009819, at *2 (citation and quotation marks omitted). Rather, courts in this Judicial District and around the Country will issue

---

[7] *See* U.S. Department of State, *Preparation of Letters Rogatory*, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last visited May 7, 2019).

letters rogatory upon the moving party showing that the discovery sought is relevant under Federal Rule of Civil Procedure 26 and proportional to the needs of the case. *See, e.g.*, *id.* at *3; *Abraxis*, 2017 WL 2293347, at *3; *Villella v. Chem. & Mining Co. of Chile, Inc.*, No. 15 Civ. 2106 (ER), 2019 WL 171987, at *3 (S.D.N.Y. Jan. 11, 2019).

Accordingly, courts typically will issue a requested letter rogatory unless a "good reason" to deny an application is presented by the opposing party. *Abraxis*, 2017 WL 2293347, at *3 (quoting *Jovanovic v. Northrop Grumman Corp.*, 2008 U.S. Dist. LEXIS 93688, 2008 WL 4950064, at *1 (D.N.J. Nov. 18, 2008)); *see also Margulis*, 2016 WL 4009819, at *3 ("[T]he standard for the issuance of letters rogatory is relatively lenient and discretionary[.]"); *Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (finding that the burden placed upon a party seeking issuance of letters rogatory "is not great" (citing *Aerospatiale,* 482 U.S. at 541)).

**A.     Plaintiffs are Entitled to the Issuance of the Letter Rogatory**

If a party to an action in the United States requires evidence from an individual or entity located in foreign country, the Court may issue a letter rogatory seeking assistance from a foreign authority. "[A] letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248, 124 S. Ct. 2466, 159 L. Ed. 2d

355 (2004). When seeking the issuance of a letter rogatory, the movant is essentially asking the United States to act on its behalf in order to obtain discovery with the assistance of a foreign court:

> A letter rogatory is defined as the medium, in effect, whereby one country, speaking through one of its courts, requests another country, acting through its own courts and by methods of court procedure peculiar thereto and entirely within the latter's control, to assist the administration of justice in the former country; such request being made, and being usually granted, by reason of the comity existing between nations in ordinary peaceful times.

*Abraxis*, 2017 WL 2293347, at *2 (quoting *DBMS Consultants Ltd. v. Computer Assoc., Int'l*, 131 F.R.D. 367, 369 (D. Mass. 1990)).

Here, Coucke is a citizen of, and resides in, Belgium, and is not otherwise subject to the jurisdiction of this Court. Therefore, the issuance of a letter rogatory to the competent authority of Belgium is necessary. *See* U.S. Department of State, *Belgium Judicial Assistance Information*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Belgium.html (last visited May 7, 2019) ("Belgium is not a party to the Hague Evidence Convention . . . While parties have the option to request that a Belgian court conduct the deposition, this would require transmittal of letters rogatory via diplomatic channels.").

Plaintiffs have inquired about Coucke's willingness to appear for a voluntary deposition and have been informed that Coucke believes that he is restricted from

providing information without compulsion. *See* Silverman Decl. ¶2. Accordingly, without the issuance of a letter rogatory, Plaintiffs will have no means to obtain information from Coucke. *See Tulip*, 254 F. Supp. 2d at 474 (issuing letters rogatory where the foreign parties "[were] not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of the Netherlands, and are not otherwise subject to the jurisdiction of the Court."); *Margulis*, Civil Action No. 14-1209 (JMV), 2016 WL 4009819, at *3 (issuing letters rogatory seeking discovery from four non-parties related to factual issues "at the heart of the case").

**B.     The Discovery Sought by Plaintiffs Is Relevant to their Claims and Proportional to the Needs of the Actions**

The Letter Rogatory seeks evidence essential to Plaintiffs' claims. Coucke was at the epicenter of Plaintiffs' allegations concerning Omega. (*E.g.,* Complaint ¶ 5, ¶ 36, ¶¶ 58- 62; *see also Roofer's*, 2018 WL 3601229, at *23-24.) As the founder, Chairman, and Chief Executive Officer of Omega, ████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████; Complaint ¶ 59. Following Perrigo's acquisition, Coucke was named a director of Perrigo and Executive Vice President and General Manager of Perrigo's Branded Consumer Healthcare division, where he

-13-

oversaw Omega's former business and led Perrigo's integration efforts. (*See, e.g.,* Complaint ¶ 59.)

For example, Plaintiffs seek to examine Coucke regarding ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██  ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██ ██ ██ █ ██ ██ ██ ██ ██ █ █

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██ The requested Letter Rogatory will provide the opportunity to obtain testimony regarding these highly relevant matters.

## CONCLUSION

For these reasons, Plaintiffs respectfully requests that the Court issue the attached Letter Rogatory to obtain documents and oral testimony from Coucke.

Dated:   June 7, 2019                              Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

*s/ Michael T.G. Long*
Michael B. Himmel
Michael T.G. Long
65 Livingston Avenue
Roseland, New Jersey  07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
mhimmel@lowenstein.com
mlong@lowenstein.com

*Liaison Counsel for Lead Plaintiff*

**POMERANTZ LLP**
Patrick V. Dahlstrom (*pro hac vice*)
Joshua B. Silverman (*pro hac vice*)
Omar Jafri (*pro hac vice*)
10 South LaSalle Street
Suite 3505
Chicago, Illinois  60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com
jbsilverman@pomlaw.com
ojafri@pomlaw.com

Jeremy A. Lieberman (*pro hac vice*)
Jonathan D. Lindenfeld
600 Third Avenue
New York, New York  10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
jlindenfeld@pomlaw.com

*Co-Lead Counsel for Lead Plaintiff*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
James A. Harrod (*pro hac vice*)
Jesse L. Jensen (*pro hac vice*)
1251 Avenue of the Americas
New York, NY  10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jim.harrod@blbglaw.com
jesse.jensen@blbglaw.com

*Co-Lead Counsel for Lead Plaintiff*

**SEEGER WEISS LLP**

*s/ Christopher A. Seegert*
Christopher A. Seeger
David R. Buchanan
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
Fax: (973) 639-9393

*Counsel for Plaintiffs in the Carmignac, Schwab, First Manhattan, Manning, Harel and TIAA-CREF Actions*

**KESSLER TOPAZ MELTZER & CHECK LLP**
Matthew L. Mustokoff
280 King of Prussia Road
Radnor, PA 19087
Main: 610-667-7706
Fax:  610-667-7056
mmustokoff@ktmc.com

*Counsel for Plaintiffs in the Carmignac, First Manhattan, Manning, Nationwide, Schwab and Aberdeen Actions*

| | |
|---|---|
| **WHIPPLE AZZARELLO LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| *s/ John Azzarello* | Luke O. Brooks |
| John Azzarello | Ryan A. Llorens |
| 161 Madison Avenue | Jeffrey J. Stein |
| Suite 325 | Erika Oliver |
| Morristown, NJ 07960 | Heather G. Schlesier |
| (973) 267-7300 | 655 West Broadway, Suite 1900 |
| azzarello@whippleazzarellolaw.com | San Diego, CA 92101 |
| | (619) 231-1058 |
| *Counsel for Plaintiffs in the Pentwater, WCM, Hudson Bay and Mason Actions* | LukeB@rgrdlaw.com |
| | ryanl@rgrdlaw.com |
| | |
| | *Counsel for Plaintiffs in the Harel and TIAA-CREF Actions* |
| | |
| **STRADLEY RONON STEVENS & YOUNG, LLP** | **LABATON SUCHAROW LLP** |
| | Corban Rhodes |
| | Serena Hallowell |
| *s/ Joseph T. Kelleher* | 140 Broadway |
| Joseph T. Kelleher | New York, NY 10005 |
| LibertyView | (212) 907-0700 |
| 457 Haddonfield Road, Suite 100 | crhodes@labaton.com |
| Cherry Hill, NJ 08002 | shallowell@labaton.com |
| (856) 321-2400 | |
| | *Counsel for Plaintiffs in the Pentwater, WCM, Hudson Bay and Mason Actions* |
| Keith R. Dutill | |
| Marissa R. Parker | |
| Kyle A. Jacobsen | |
| 2005 Market Street, Suite 2600 | |
| Philadelphia, PA  19103 | |
| (215) 564-8000 | |
| | |
| *Counsel for Plaintiffs in the Aberdeen and Nationwide Actions* | |