**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROOFERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO COMPANY, PLC, *et al.*,<br><br>Defendants. | Civil Action No. 2:16-cv-2805-MCA-LDW |

## MEMORANDUM OF LAW IN SUPPORT OF UNCONTESTED MOTION OF THE UNITED STATES TO INTERVENE

## Table of Contents

**STATEMENT OF FACTS** ................................................................................................ 1

**ARGUMENT** ................................................................................................................... 2

    A.   The United States is Entitled to Intervene as a Matter of Right ......................................... 2

    B.   In the Alternative, the United States Should be Permitted to Intervene as a Matter of

    Discretion ............................................................................................................................. 4

**CONCLUSION** ................................................................................................................ 5

## Table of Authorities

**Cases**

*Amalgamated Transp. Union, Local 1729 v. First Group Am. Inc.*, No. 2:15-cv-0806, 2016 WL 520989 (W.D. Pa. 2016) ........................................................................... 5

*Harris v. Pernsley*, 820 F.2d 592 (3d Cir. 1987) ...................................................... 2, 3

*In re Chocolate Confectionary Antitrust Litig.*, No. 1:08-mdl-1935, 2008 WL 4960194 (M.D. Pa. Nov. 18, 2008) ............................................................................... 3, 4

*In re Cmty. Bank of N. Virginia*, 418 F.3d 277 (3d Cir. 2005) ...................................... 2

*In re Flash Memory Antitrust Litig.*, No. C 07-0086, 2007 WL 3119612 (N.D. Cal. Oct. 23, 2007) ........................................................................................ 5

*In re Sealed Case*, 237 F.3d 657 (D.C. Cir. 2001) ...................................................... 4

*In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 U.S. Dist. LEXIS 113796 (D. Kan. Oct. 21, 2010) ............................................................................. 5

*Metro Transp. Co. v. Balboa Ins. Co.*, 118 F.R.D. 423 (E.D. Pa. 1987) ....................... 5

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361 (3d Cir. 1995) 2, 3

*NLRB v. Frazier*, 144 F.R.D. 650 (D.N.J. 1992) ......................................................... 2

*Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967) ......................................................... 5

*SEC v. Chestman*, 861 F.2d 49 (2d Cir. 1988) ............................................................ 2

*SEC v. Downe*, No. 92-cv-4092, 1993 WL 22126 (S.D.N.Y. Jan 26, 1993) .................... 3, 5

*SEC v. Mersky*, No. Civ. A 93-5200, 1994 WL 22305 (E.D. Pa. Jan. 25, 1994) ............. 3, 4, 5

*United States v. Terr. of the V.I.*, 748 F.3d 514 (3d Cir. 2014) ..................................... 2

**Rules**

FED. R. CIV. P. 24 ..................................................................................................... 4

The United States of America, through the Antitrust Division of the United States Department of Justice ("the Antitrust Division" or "the United States"), submits this memorandum of law in support of its uncontested motion to intervene in the above-captioned civil matter. The United States conferred with counsel for Lead Plaintiff and Defendants by telephone and email and these parties consent to the relief sought in this motion. The United States may intervene as a matter of right or, in the alternative, meets the criteria for permissive intervention because this litigation shares common questions of law and fact with an ongoing federal criminal investigation. Continued litigation of this action is likely to result in the disclosure of information that will harm the ongoing criminal antitrust investigation. For these reasons, the United States moves the Court to intervene in this matter.

## STATEMENT OF FACTS

Plaintiffs filed a federal securities class action on behalf of purchasers of the common stock of Perrigo Co., plc ("Perrigo") between April 21, 2015, and May 3, 2017, and owners of Perrigo common stock as of November 13, 2016, alleging, among other claims, misrepresentations and omissions that Defendants made to investors regarding alleged collusive pricing in Perrigo's generic drug division.  On July 25, 2019, the United States learned that Lead Plaintiff[1] recently began to issue notices of deposition to current and former Perrigo employees as well as a notice of a Rule 30(b)(6) deposition on domestic generic drug pricing.  The United States further learned on August 15, 2019, that Lead Plaintiff plan to issue additional notices of

---

[1] The United States understands that there are also several related individual actions brought by plaintiffs who have opted out of the class lawsuit. The present Motion seeks to intervene in the above-captioned matter, which may not include these individual lawsuits. To the extent this Motion is granted, and the United States seeks additional relief from the Court, the United States would intend that any relief granted would also be applicable to the individual plaintiffs. The United States will seek input from the Court on the best way to structure any proposed Order.

1

depositions for current and former Perrigo employees with roles relating to domestic generic drug pricing, sales, and marketing.

## ARGUMENT

The United States' criminal investigation into antitrust violations in the generic pharmaceutical industry presents circumstances that warrant intervention. The United States' intervention in this matter is appropriate under either Rule 24(a) or 24(b). *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

A.    <u>The United States is Entitled to Intervene as a Matter of Right</u>

Under Federal Rule of Civil Procedure 24(a)(2), an applicant can intervene as a matter of right where: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *United States v. Terr. of the V.I.*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). "Rule 24(a) is to be liberally construed in favor of intervention." *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992) (citations omitted). The United States meets each of these standards for intervention in this civil action.

First, the United States' motion to intervene is timely. A court considers the totality of the circumstances when assessing the timeliness of a motion to intervene, including such factors as "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) (citing *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995)). Here, nearly all of the depositions of current and former Perrigo employees related to generic drug pricing, sales, and marketing have not yet been scheduled, or in certain instances

even noticed. The United States first learned that Lead Plaintiff sought to depose individuals

with domestic generics pricing, sales, and marketing responsibilities only weeks ago, on July 25,

2019 and August 15, 2019.  The United States seeks to intervene before any of these depositions

have taken place. As such, the United States has exhibited no delay.

Second, the United States has a "significantly protectable" interest supporting a right of

intervention. *See In re Chocolate Confectionary Antitrust Litig.*, No. 1:08-mdl-1935, 2008 WL

4960194, at *1 (M.D. Pa. Nov. 18, 2008) (quoting *Mountain Top Condo Ass'n*, 72 F.3d at 366).

"It is well established that the United States [] may intervene in a federal civil action … when

there is a parallel criminal proceeding, which is anticipated or already underway that involves

common questions of law or fact." *SEC v. Mersky*, No. Civ. A 93-5200, 1994 WL 22305, at *1

(E.D. Pa. Jan. 25, 1994)  (quoting *SEC v. Downe*, No. 92-cv-4092, 1993 WL 22126, at *10

(S.D.N.Y. Jan 26, 1993)). This civil litigation shares common questions of law and fact with the

Antitrust Division's investigation into the generic pharmaceutical industry.[2]

Third, the United States's interest in ensuring the integrity of its ongoing criminal

investigation may be affected or impaired by the disposition of this action. A party seeking to

intervene as a matter of right must establish a "tangible threat to a legally cognizable interest."

*Mountain Top Condo Ass'n*, 72 F.3d at 366 (quoting *Harris*, 820 F.2d at 601). Courts have found

that, where the United States has an ongoing criminal investigation, related civil litigation can

---

[2] Indeed, the Antitrust Division has also intervened in other civil litigations where there exist
common questions of law and fact with the Antitrust Division's investigation into the generic
pharmaceutical industry. *See* Order, *In re: Generic Pharm. Pricing Antitrust Litig.*, No. 16-
MDL-2724 (E.D. Pa. Jan. 6, 2017), ECF No. 108; Order, *Heritage Pharm. Inc., v. Glazer, et al.*,
No. 16-CV-08483 (D.N.J. Dec. 13, 2016), ECF No. 24.

pose a risk to the United States' interest in the confidentiality of that investigation. *See, e.g.*, *In re Sealed Case*, 237 F.3d 657, 663–64 (D.C. Cir. 2001); *Mersky*, 1994 WL 22305, at *5.

Finally, no existing party to this civil litigation adequately represents the United States' interest in maintaining the integrity of an ongoing criminal investigation. *See In re Chocolate Confectionary Antitrust Litig.*, 2008 WL 4960194, at *1 ("[N]one of the parties hereto adequately represent the [] government's [] interest in maintaining the integrity of its criminal investigations."). Only the United States is in a position to explain to the Court why or how litigation of this civil action threatens to undermine the ongoing criminal investigation.

Accordingly, because the United States fulfills all the requirements of Rule 24(a), the United States is entitled to intervene as a matter of right.

### B. In the Alternative, the United States Should be Permitted to Intervene as a Matter of Discretion

Even if the Court should find that the United States is not entitled to intervene in this action as a matter of right, the Court should exercise its discretion to permit the United States to intervene. Federal Rule of Civil Procedure 24 permits a third party to intervene in an action, upon timely motion, when the movant "has a claim or defense that shares with the main action a common question of law or fact," FED. R. CIV. P. 24 (b)(1)(B), and the intervention will not unduly delay the proceedings or prejudice the original parties. FED. R. CIV. P. 24(b)(3). All requirements are met here.

As discussed above, the United States' motion is timely and its ongoing criminal antitrust investigation shares common questions of law and fact with this civil litigation. Additionally, Lead Plaintiff and Defendants do not oppose the United States' intervention.

4

Courts routinely permit the United States to intervene in actions such as the present case. To be sure, "it is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact." *Mersky*, 1994 WL 22305, at *1 (quoting *Downe*, 1993 WL 22126, at *10). *See also, e.g.*, *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 U.S. Dist. LEXIS 113796, at *48 (D. Kan. Oct. 21, 2010) (collecting cases); *In re Flash Memory Antitrust Litig.*, No. C 07-0086, 2007 WL 3119612, at *1 (N.D. Cal. Oct. 23, 2007) (citing cases). Moreover, "Rule 24(b) expands the traditional concept of claim or defense insofar as intervention by a governmental officer or agency is concerned." *Metro Transp. Co. v. Balboa Ins. Co.*, 118 F.R.D. 423, 424 (E.D. Pa. 1987) (citing *Nuesse v. Camp*, 385 F.2d 694, 705 (D.C. Cir. 1967)). Such intervention should "be granted liberally to governmental agencies because they purport to speak for the public interest." *Id.* (citation omitted); *Amalgamated Transp. Union, Local 1729 v. First Group Am. Inc.*, No. 2:15-cv-0806, 2016 WL 520989, at *2 (W.D. Pa. 2016) (citations omitted).

Accordingly, permitting the United States to intervene in this case is well within the Court's discretion.

## CONCLUSION

Because the United States meets the criteria to intervene as a matter of right—or in the alternative, as a matter of discretion—the Court should allow the United States to intervene in this civil action.

Dated: August 23, 2019

Respectfully submitted,

*/s/ Elizabeth A. Gudis*
Elizabeth A. Gudis
Nathan D. Brenner
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 5th St NW, Suite 11300
Washington, DC 20530
Tel: (202) 598-8808
Fax: (202) 514-6381
elizabeth.gudis@usdoj.gov

COUNSEL FOR INTERVOR-UNITED STATES

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2019, I caused the foregoing Brief in Support of

Motion of the United States to Intervene to be filed with the Clerk of Court using the Court's

Electronic Document Filing System, which served copies on all interested parties registered for

electronic filing, and is available for viewing and downloading from the ECF system.


       */s/ Elizabeth A. Gudis*_____

       Elizabeth A. Gudis

       Counsel for Intervenor-United States

7

## <u>DESIGNATION PURSUANT TO LOCAL CIVIL RULE 101.1(f)</u>

Pursuant to Local Civil Rule 101.1(f), the undersigned hereby designates the United States Attorney for the District of New Jersey to receive service of all notices or papers in this action at the following address:

Mark C. Orlowski
Assistant U.S. Attorney
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
Telephone: (973) 645-2760

_/s/ Elizabeth A. Gudis_
Elizabeth A. Gudis
Trial Attorney
U.S. Department of Justice
Antitrust Division
450 5th Street NW, Suite 11300
Washington, D.C. 20530
Tel: (202) 598-8808
Fax: (202) 514-6381
elizabeth.gudis@usdoj.gov