# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROOFER'S PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) No. 16-CV-2805-MCA-LDW ) ) ) |
| Plaintiffs, | ) [PROPOSED] ORDER GRANTING ) MOTION TO SEAL LETTER ROGATORY |
| v. | ) PAPERS ) |
| PAPA, et al., | ) ) |
| Defendants. | ) |

This matter having come before the Court by counsel for defendant Perrigo Company plc ("Perrigo") seeking an order granting its motion to permanently seal papers related to the proposed Letter Rogatory (ECF No. 201, 202, 203, & 204); and the Court having reviewed the proposed final version of the Letter Rogatory jointly submitted to chambers by the parties on July 12, 2019, and the specific material for which sealing is requested as identified in the Index annexed to the Declaration of James E. Anklam dated July 30, 2019; and

This Court having fully considered the papers filed by Perrigo in support of Perrigo's motion to seal, which aver that the motion is uncontested and that plaintiffs take no position on the motion; the Court having further found that the standards of Local Civil Rule 5.3(c)(3) have been met and support the sealing, and for good cause shown:

IT IS on this 27th day of August, 2019;

ORDERED that Perrigo's motion to seal is granted and the parties' previously filed sealed Motion papers (ECF 201 and 203) are permanently sealed;

ORDERED that the parties' previously filed redacted papers (ECF 202 and 204) are approved as redacted; and

ORDERED that the two-page proposed public version of the Letter Rogatory submitted by the parties to chambers on July 12, 2019 shall be publicly filed once the Court has issued the Letter Rogatory and that Exhibit A, Schedules A, B, and C, and the Exhibits to Schedules B and C shall remain permanently sealed. Exhibit B of to the Letter Rogatory is the already publicly filed Confidentiality Order (ECF 151) and does not need to be refiled.

The following Findings of Fact and Conclusions of Law are hereby made:

1. Documents filed in connection with Plaintiffs' Motion for a Letter Rogatory and Defendants' Response reveal confidential non-public discovery activities that are protected from disclosure under Fed. R. Civ. P. 26, 30, 31, and 34.

2. There is a common law presumption of a public right of access to judicial proceedings and records. *See In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2002). "The right of public access, however, is not absolute and the presumption of access may be rebutted." *Cuadra v. Univision Cmmc'ns, Inc.*, Nos. 09-4946, 2012 WL 1150833, at *11 (D.N.J. Apr. 4, 2012) (citing *Cendant*). In particular, there is no general public right of access to discovery papers and discovery activities. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984); *N. Jersey Media Grp., Inc. v. United States*, 836 F.3d 421, 434-35 (3d Cir. 2016).

3. Perrigo has demonstrated that these discovery papers are confidential under principles recognized by Federal Rules 26(c), 30(c)(3), and 31(b).

4. Perrigo requests sealing of its confidential business documents that have never been made public reflecting internal business deliberations about its business methods and analyses. Perrigo has demonstrated that these discovery papers are Perrigo confidential business information or describe confidential business information and so qualify for protection under the Confidentiality Order already entered in the case (ECF 151) as well as under Local Civil Rule

5.3. *See generally Valeant Pharms. Lux. S. à r.l. v. Actavis Labs. UT, Inc.*, 2018 WL 1469050, *3 (D.N.J. Mar. 26, 2018) (sealing presentation slides and other internal documents revealing sensitive business strategies); *United Therapeutics Corp. v. Actavis Labs FL, Inc.*, 2017 WL 2172438, *2-*3 (D.N.J. May 17, 2017) (sealing proprietary business information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, *3 (D.N.J. Jan. 3, 2012) (sealing emails containing fee calculations and other financial information); *see also Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356 (2019) (discussing the test for business confidentiality under FOIA Exemption 4). Public release of information about Perrigo's confidential business practices could be detrimental to Perrigo's competitive business activities and provide business advantages to those with whom Perrigo does business or those who compete with Perrigo.

5. In making this determination, I have considered that publicly releasing the information about Perrigo internal business deliberations in these instances would serve no legitimate purpose, would implicate no matter important to public health or safety, would not promote fairness or efficiency, and would not serve to shield a public entity or figure from inquiry. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

6. Perrigo has demonstrated that certain of these discovery papers are confidential arbitration filings and so qualify for protection under the Confidentiality Order already entered in the case (ECF 151) as well as under Local Civil Rule 5.3.

C. **Other Factors**

7. Plaintiffs take no position on the seal requests sought by Perrigo. No party or third party has opposed this motion.

D. **Conclusion**

8. There is no reasonable less restrictive alternative to the redactions ordered.

3

9. The Motion to Seal is granted and the following information is hereby ordered SEALED:

    a. the final version of the Letter Rogatory (except the two-page proposed public version) including Exhibit A, Schedules A, B, and C and the exhibits to Schedules B and C; and

    b. the unredacted versions of the motion papers filed by the Plaintiffs (ECF 201) and Defendants (ECF 203).

10. The redacted versions of the motion papers filed by the Plaintiffs (ECF 202) and Defendants (ECF 204) are approved as redacted and need not be refiled.

11. The Clerk of the Court is directed to terminate the motion at ECF No. ~~201~~. 209

_/s/ Leda D. Wettre_
Hon. Leda Dunn Wettre
U.S. Magistrate Judge

4