## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROOFERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>PERRIGO COMPANY, PLC, *et al.*,<br><br>    Defendants. | Civil Action No. 2:16-cv-2805-MCA-LDW |
| CARMIGNAC GESTION, S.A.,<br><br>    Plaintiff,<br><br>  v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>    Defendants. | Civ. A. No. 2:17-CV-10467-MCA-LDW |
| FIRST MANHATTAN CO.,<br><br>    Plaintiff,<br><br>  v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>    Defendants. | Civ. A. No. 2:18-CV-02291-MCA-LDW |

| | |
|---|---|
| MANNING & NAPIER ADVISORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>Defendants. | Civ. A. No. 2:18-CV-00674-MCA-LDW |
| NATIONWIDE MUTUAL FUNDS, on behalf of its series NATIONWIDE GENEVA MID CAP GROWTH FUND and NATIONWIDE S&P 500 INDEX FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>Defendants. | Civ. A. No. 2:18-CV-15382-MCA-LDW |
| ABERDEEN CANADA FUNDS – GLOBAL EQUITY FUND, a series of ABERDEEN CANADA FUNDS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>Defendants. | Civ. A. No. 2:19-cv-06560-MCA-LDW |

| | |
|---|---|
| SCHWAB CAPITAL TRUST on behalf of its series SCHWAB S&P 500 INDEX FUND, SCHWAB TOTAL STOCK MARKET INDEX FUND, SCHWAB FUNDAMENTAL U.S. LARGE COMPANY INDEX FUND, and SCHWAB HEALTH CARE FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>Defendants. | Civ. A. No. 2:19-cv-03973-MCA-LDW |
| HAREL INSURANCE COMPANY, LTD., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO CO. PLC, *et al.*,<br><br>Defendants. | Civil Action No. 2:18-cv-02074-MCA-LDW |
| TIAA-CREF INVESTMENT MANAGEMENT, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO CO. PLC, *et al.*,<br><br>Defendants. | Civil Action No. 2:18-cv-08175-MCA-LDW |

| | |
|---|---|
| OZ MASTER FUND, LTD., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO CO., PLC, *et al.*,<br><br>Defendants. | Civ. A. No. 19-cv-04900-MCA-LDW |
| MASON CAPITAL L.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO CO., PLC, *et al.*,<br><br>Defendants. | Civil Action No. 2:18-CV-01119-MCA-LDW |
| PENTWATER EQUITY OPPORTUNITIES MASTER FUND, LTD., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO CO., PLC, *et al.*,<br><br>Defendants. | Civil Action No. 2:18-CV-01121-MCA-LDW |

| | |
|---|---|
| WCM ALTERNATIVES: EVENT-DRIVEN FUND, *et al.*, <br><br>        Plaintiffs, <br><br>v. <br><br>PERRIGO CO., PLC, *et al.*, <br><br>        Defendants. | Civil Action No. 2:18-cv-16204-MCA-LDW |
| HUDSON BAY MASTER FUND LTD, *et al.*, <br><br>        Plaintiffs, <br><br>v. <br><br>PERRIGO CO., PLC, *et al.*, <br><br>        Defendants. | Civil Action No. 2:18-cv-16206-MCA-LDW |

## JOINT [PROPOSED] ORDER

WHEREAS, the parties in this litigation have been engaged in discovery efforts since 2018, with fact discovery in the class case currently scheduled to conclude in December 2019 and fact discovery in the Individual Actions currently scheduled to conclude in February 2020;

WHEREAS, the United States Department of Justice has been conducting a long-running criminal antitrust investigation into whether certain participants in the generic pharmaceutical industry engaged in illegal conduct, including market allocation, price fixing, bid rigging and other anticompetitive conduct; and

WHEREAS, the United States has sought the parties' consent to a limited stay of discovery concerning certain common factual issues to ensure that discovery in these civil

litigations does not interfere with the United States' ongoing criminal investigation into violations of the antitrust laws by participants in the generic pharmaceutical industry.

Upon consideration of the Letter Application filed by the United States and agreed to by the parties,[1] it is hereby ORDERED that:

1. The terms outlined below shall apply until **November 15, 2019.**

2. During the period of this stay, the parties shall provide a copy of any additional proposed written discovery requests relating to the sale, pricing or marketing of generic pharmaceuticals in the United States to the U.S. Department of Justice 10 business days before serving any new discovery requests. If the United States objects to any proposed written discovery request, the United States will notify the party of the basis for the objection, and if necessary, bring that objection to the Court for resolution. Any discovery to which the United States objects based on the provisions of this paragraph, and which one or more party disputes, shall be stayed pending resolution of that objection.

3. Depositions of individuals involved in the sale, pricing, or marketing of generic pharmaceuticals in the United States for Perrigo after January 1, 2013, are stayed until November 15, 2019, except for depositions of individuals identified in subparagraph 3(a) through the following procedure:

    a. Within five business days of entry of this Order, the U.S. Department of Justice will provide the parties with a list of individuals who may be deposed without the United States' objection.

    b. The U.S. Department of Justice does not object to depositions of other witnesses not involved in the sale, pricing, or marketing of generic pharmaceuticals in the

---

[1] The parties include plaintiffs in the Individual Actions.

United States for Perrigo after January 1, 2013, proceeding during the course of this stay.

 c. Plaintiffs who send lists of potential deponents to the U.S. Department of Justice shall also provide a copy of the lists to Defendants.

4. Depositions pursuant to Rule 30(b)(6) of any company representatives for Perrigo on topics relating to the sale, pricing, or marketing of generic pharmaceuticals are stayed until November 15, 2019.

5. If the U.S. Department of Justice does not oppose a deposition of an individual and if a plaintiff takes a deposition of that individual during the pendency of the stay that plaintiff shall be permitted no further deposition of that individual except by agreement of the parties or leave of court.

6. The parties shall not seek and shall not respond to discovery about the criminal investigation that the Antitrust Division of the U.S. Department of Justice is conducting into the generic pharmaceuticals industry.

7. A person responding to a discovery request (e.g., subpoena, request for production of documents, notice of deposition) ("Responding Person") shall not disclose what documents or other information has been provided to the Department of Justice in the course of its criminal investigation into the generic pharmaceuticals industry, provided that nothing in this paragraph requires any modification of any document control number or other endorsement on a document, nor prohibits or excuses a Responding Person from providing documents or other information that previously had been provided to the Department of Justice.

8. The terms of this limited stay of discovery in this case will not extend beyond any stay of discovery imposed in the matter *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, 2:16-MD-02724-CMR (E.D. Pa.).

9. Nothing in this Order precludes a party or subpoenaed non-party from objecting to, moving to quash, or seeking a protective order excusing a response to any discovery request, provided the objection is made in good faith. Nor does anything in this Order preclude any party from moving to compel discovery not otherwise stayed by this Order.

10. The parties reserve all rights to object to any future motion brought by the United States to seek an extension to this Order. Nothing in this Order shall preclude or prejudice a party's objections, or be construed as a concession by any party that a stay is necessary.

11. ~~For the deponents that the U.S. Department of Justice does object to, or for deponents to which the U.S. Department of Justice does not object but a plaintiff elects not to take prior to the expiry of the stay, the class plaintiffs have until 60 days from the expiry of the stay (and the opt out plaintiffs have 120 days) to take the deposition of those individuals on all topics.~~

12. ~~Upon expiration of the stay contemplated by this Order, the parties in the class case shall complete all remaining fact discovery within sixty (60) days of its expiration and the parties in the Individual Actions shall complete all remaining fact discovery within one hundred twenty (120) days after its expirations.~~

11. The case management telephone conference scheduled for 10/18/19 at 4 p.m. is hereby adjourned to 11/26/19 at 2 p.m. All scheduling issues shall be taken up on that call. Position letters on the schedule shall be filed no later than 11/22/19.

IT IS SO ORDERED.

Date: 10/16/19

*Leda D. Wettre*
Honorable Leda D. Wettre
United States Magistrate Judge