UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ROOFER'S PENSION FUND, et al.,**

*Plaintiffs,*

v.

**PAPA., et al.,**

*Defendants.*

**Civil Action No. 16-2805**

**ORDER**

**THIS MATTER** having coming before the Court by way of Lead Plaintiff Perrigo Institutional Investor Group's ("Lead Plaintiff") Motion for Class Certification, ECF No. 163;

for the reasons given in the accompanying opinion;

**IT IS** on this 14th day of November, 2019,

**ORDERED** that Lead Plaintiff's Motion for Class Certification is hereby **GRANTED**; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 23(g), co-lead counsel Pomerantz LLP and Bernstein Litowitz Berger & Grossmann LLP and liaison counsel Lowenstein Sandler LLP, previously appointed as interim co-lead and liaison counsel, ECF Nos. 64-65, 84-85, are hereby appointed as counsel for the Classes; and it is further

**ORDERED** that Lead Plaintiff Perrigo Institutional Investor Group is hereby designated as class representative for the Classes; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court certifies the following classes:

1

### U.S. Purchaser Class

All persons who purchased Perrigo's publicly traded common stock between April 21, 2015 and May 2, 2017, both dates inclusive, on the New York Stock Exchange or any other trading center within the United States and were damaged thereby;

### TASE Purchaser Class

All persons who purchased Perrigo's publicly traded common stock between April 21, 2015 and May 2, 2017, both dates inclusive, on the Tel Aviv Stock Exchange and were damaged thereby;

### Tender Offer Class

All persons who owned Perrigo common stock as of November 12, 2015 and held such stock through at least 8:00 a.m. on November 13, 2015 (whether or not a person tendered their shares in response to tender offer of Mylan, N.V.); and it is further

**ORDERED** that the Classes may pursue the following claims set forth in the Amended Complaint, ECF No. 89, and consistent with the Court's Opinion and Order of July 27, 2018, ECF No. 136-37:

> Violation of Section 10(b) of the Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5(b), against all Defendants;
>
> Violation of Section 14(e) of the Exchange Act, 15 U.S.C. § 78n(e), against all Defendants;
>
> Violation of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against the Individual Defendants; and
>
> Violation of the Israel Securities Law, 1968, against all Defendants.[1]

                                                    *s/ Madeline Cox Arleo*
                                                   **MADELINE COX ARLEO**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[1] Defendants did not oppose this claim in their opposition to Lead Plaintiff's Motion for Class Certification.