

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*

*450 5th Street, NW*
*Washington, DC 20001*

November 15, 2019

The Honorable Leda Dunn Wettre
United States District Court for the
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *Roofer's Pension Fund v. Perrigo Company, plc, et al.*, No. 16-CV-02805-MCA-LDW Request to Extend Limited Stay of Discovery

Dear Judge Wettre:

On October 16, 2019, the Court granted the limited stay of discovery relating to the pricing, sale, and marketing of Perrigo Company, plc's ("Perrigo") domestic generic pharmaceuticals that was agreed upon by the parties in the above-captioned action, as well as in the Individual Actions,[1] until November 15, 2019 (the "October Order"). Under Local Rule 37.1, the United States now writes to respectfully request that the Court extend the October Order until March 15, 2020, or grant the United States leave to file a motion to request an extension of the limited stay.

As discussed in the October 10, 2019 letter to the Court, the United States anticipated that it might need an extension of the stay based on the status of its ongoing criminal investigation. The United States and the parties negotiated in good faith

---

[1] The Individual Actions are: *Carmignac Gestion, S.A. v. Perrigo Company plc, et al.*, No. 2:17-cv-10467-MCA-LDW, *Manning & Napier Advisors, LLC v. Perrigo Company plc, et al.*, No. 2:18-cv-674-MCA-LDW, *Mason Capital L.P., et al. v. Perrigo Co. plc, et al.*, No. 2:18-cv-1119-MCA-LDW, *Pentwater Equity Opportunities Master Fund Ltd., et al. v. Perrigo Co. plc, et al.*, 2:18-cv-1121-MCA-LDW, *Harel Insurance Company, Ltd., et al. v. Perrigo Company plc, et al.*, 2:18-cv-02074-MCA-LDW, *First Manhattan Co. v. Perrigo Company plc, et al.*, No. 2:18-cv-02291-MCA-LDW, *TIAA-CREF Investment Management, LLC, et al. v. Perrigo Company plc, et al.*, No. 2:18-cv-08175-MCA-LDW, *Nationwide Mutual Funds, et al. v. Perrigo Company plc, et al.*, No. 2:18-cv-15382-MCA-LDW, *WCM Alternatives: Event-Driven Fund, et al. v. Perrigo Co., plc, et al.*, No. 2:18-cv-16204-MCA-LDW, *Hudson Bay Master Fund Ltd., et al. v. Perrigo Co., plc, et al.*, No. 2:18-cv-16206-MCA-LDW, *Schwab Capital Trust, et al. v. Perrigo Co. plc, et al.*, No. 2:19-cv-03973-MCA-LDW, *OZ Master Fund, Ltd., et al. v. Perrigo Co., plc, et al.*, 2:19-cv-04900-MCA-LDW, *Aberdeen Canada Funds-Global Equity Fund, et al. v. Perrigo Co. plc, et al.*, No. 2:19-cv-06560-MCA-LDW.

regarding an extension of the stay, but are unable to reach an agreement.[2] The United States thus requests an extension of the stay and further requests that the relief be granted both in the above-captioned action as well as in each of the Individual Actions. Lead Plaintiff and Individual Action Plaintiffs oppose the United States' requests for relief. Defendants take no position on the United States' requests for relief.

Factual Background

For several years, the United States has been conducting a criminal investigation of companies and individuals in the generic pharmaceuticals industry for possible collusion to inflate drug prices, allocate the market, and rig bids in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. While significant portions of the criminal investigation remain non-public, it continues to advance. In late May of this year, the United States announced its first corporate resolution when Heritage Pharmaceuticals entered into a Deferred Prosecution Agreement accepting responsibility for participating in a conspiracy to suppress and eliminate competition in the generic pharmaceuticals industry by allocating customers, rigging bids, and fixing and maintaining prices for glyburide, and agreed to pay more than $7 million in both a criminal penalty and civil damages. Pharmaceutical Company Admits to Price Fixing in Violation of Antitrust Law, Resolves Related False Claims Act Violations, https://www.justice.gov/opa/pr/pharmaceutical-company-admits-price-fixing-violation-antitrust-law-resolves-related-false. The United States has provided the Court with additional detail in the Declaration of Ryan Danks, filed *ex parte* and *in camera* (the "Danks Declaration"), and its related exhibits. As evidenced by this civil action, Perrigo, like many generic pharmaceutical companies, has been affected by this investigation.

Because civil discovery, in this case as well as others that raise certain common factual issues, would interfere with that ongoing criminal investigation, the United States has taken steps to minimize such interference, while carefully balancing the interests of the courts, the parties, and the public in pursuing resolution of these civil lawsuits in a timely fashion. For example, in December 2016, the United States intervened in a civil RICO lawsuit filed by Heritage Pharmaceuticals against its two former executives who had already pled guilty to criminal antitrust violations. *See* Order, *Heritage Pharmaceuticals Inc. v. Glazer*, 3:16-cv-08483-TJB, ECF No. 24 (D.N.J. Dec. 13, 2016). In that case, as a result of successful negotiations between the United States and all parties, the Court imposed a complete stay of discovery lasting over two years until the case resolved by stipulated dismissal. *See e.g.*, Order, *Heritage Pharmaceuticals Inc. v. Glazer*, 3:16-cv-08483-TJB, ECF No. 52 (D.N.J. Feb. 14, 2018) (extending stay of discovery).

Similarly, in January 2017, the United States intervened in a Multidistrict Litigation involving various plaintiffs' lawsuits alleging price fixing and other antitrust violations against several defendant generic pharmaceutical companies. *See* Order, *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, 2:16-MD-2724, ECF No. 108 (E.D. Pa. Jan. 6, 2017).[3] There, the United States has also successfully negotiated with plaintiffs

---

[2] The parties have agreed to abide by the terms of the October Order until the Court's conference on November 25, 2019.

[3] Perrigo is a named defendant in some of the MDL lawsuits. *See, e.g.*, Opinion, Appendix A, *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, 2:16-MD-2724,

2

and defendants to implement reasonable limits on discovery that have permitted most discovery in the case to proceed while preserving the integrity of the ongoing criminal investigation. As a result of these efforts, for almost two and a half years, the MDL court has ordered that certain discovery be stayed, which has protected DOJ's investigation without unduly impeding the civil discovery process. Today, all written discovery may proceed after first providing the United States advance notice and an opportunity to object. Pretrial Order No. 96 ¶ 4, *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, 2:16-MD-2724, ECF No. 1046 (E.D. Pa. July 12, 2019). Under that same order, most depositions remain stayed; a subset have been carved out as not subject to the MDL's limited stay. *See id.* ¶ 5 (excepting from the limited stay depositions permitted with the United States' approval and certain other depositions previously permitted by court order). On November 13, 2019, the MDL court granted an extension of the terms of this limited stay until March 15, 2020. Pretrial Order No. 108, *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, 2:16-MD-2724, ECF No. 1152 (E.D. Pa. Nov. 13, 2019).

Here, the October Order was carefully drawn to ensure substantial categories of discovery—those unrelated to the United States' ongoing criminal investigation—can continue without delay. The limited stay only impacts "[d]epositions of individuals involved in the sale, pricing, or marketing of generic pharmaceuticals in the United States for Perrigo after January 1, 2013" and 30(b)(6) depositions relating to the same topics. October Order, ECF No. 220 ¶¶ 3 & 4.

Moreover, the United States has already identified a list of individuals—including individuals whose depositions were otherwise covered by the limited stay—who may be deposed immediately without objection by the United States. *See id.* ¶ 3(a)–(c). The Lead Plaintiff and Individual Action Plaintiffs (hereinafter, "Plaintiffs") provided the United States with a list of close to 90 potential deponents. Plaintiffs believed 75% of the individuals named were not subject to the stay because they did not appear to be connected to generic pharmaceuticals. The United States agreed with Plaintiffs and had no objection to any of those individuals being deposed. For the remaining 25%, the United States objected to less than half of the subset of individuals identified by Plaintiffs. *See* Danks Declaration ¶¶ 11–12. If the Court grants the requested extension of the October Order, and in an effort to minimize the impact of the limited stay, the United States will identify additional depositions that can proceed without objection no later than January 30, 2020.

Factors Weigh in Favor of Granting an Extension of the October Order

This Court "has broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis*, 299 U.S. at 254–55). A stay of civil proceedings in light of related criminal proceedings may be warranted in appropriate circumstances. *See, e.g., Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967) (staying virtually all proceedings in a related

---

ECF No. 1070 (E.D. Pa. Aug. 15, 2019) (denying a motion to dismiss claims against Perrigo New York, Inc. and Perrigo Company PLC).

3

action indefinitely); *SEC v. Mersky*, Case No. 93-cv-5200, 1994 WL 22305, at *1 (E.D. Pa. Jan. 25, 1994) (staying all proceedings for two months). The United States, aware of the burden imposed by a stay, has not sought a stay of all discovery, but limited its request to discovery that involves facts and witnesses in common with the United States' criminal investigation.

Permitting discovery to resume related to Perrigo's pricing, sale, and marketing of generic pharmaceuticals in the United States risks causing significant harm to the United States' ongoing criminal antitrust investigation, including the risk that facts and information likely to be revealed could jeopardize criminal investigative opportunities. *See* Danks Declaration ¶¶ 7–9. To determine whether a stay is warranted, a court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward[] if there is even a fair possibility that the stay [requested] will work damage to some one else." *Id.* "Especially in cases of extraordinary public moment, the [plaintiff] may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id.* at 256.

In determining whether to stay a civil case because of a related criminal investigation, courts have considered the following factors: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest. *Walsh Sec., Inc. v. Cristo Property Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998). Weighing the considerable harm posed to the United States' criminal investigation against the moderate delay for Plaintiffs, on balance, these factors counsel in favor of an extension of the limited stay.

*Common Issues between the Criminal and Civil Cases Weigh in Favor of Granting the Extension of the October Order*

Most critically, the allegations presented in this case are premised in part on the same criminal conduct that the United States is currently investigating, and "[t]he similarity of issues has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay." *Walsh Sec., Inc.*, 7 F. Supp. 2d at 527 (citation omitted). One of the "four key areas" where Defendants allegedly made material misrepresentations and omissions is regarding "collusive pricing in Perrigo's most profitable division, generic drugs." Amended Complaint, ECF No. 89, ¶¶ 1, 6.

Specifically, some of Lead Plaintiff's allegations are premised on Perrigo's alleged participation in a criminal antitrust conspiracy affecting the price of generic drugs. These allegations share common questions of law and fact with the United States' criminal investigation into possible violations of the Sherman Act, 15 U.S.C. § 1, among generic drug manufacturers. Further, some of the various generic pharmaceutical manufacturers implicated by Lead Plaintiff's complaint are also affected by the United States' ongoing criminal investigation. *See* Danks Declaration ¶¶ 7–9, Exhibit B ¶¶ 14–16 (providing additional reasons why permitting certain discovery poses risks to the United States' criminal investigation). The discovery at issue involves facts, witnesses,

and legal determinations that are common to both this civil action and the United States' ongoing criminal investigation. Accordingly, this most-important factor weighs heavily in favor of granting a limited stay of discovery in this civil action.

*Status of the United States' Criminal Investigation*

Details about the status and future outlook of the United States' criminal antitrust investigation remain non-public and highly sensitive. To aid the Court's consideration, the United States has submitted an *ex parte, in camera* filing. *See* Danks Declaration ¶¶ 13–14, Exhibit C ¶¶ 8–10. While "[t]he strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned," "[i]t is still possible to obtain a stay, even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation," *Walsh Sec., Inc.*, 7 F. Supp. 2d at 527 (citations omitted) (granting a stay where, although no indictments had been issued, the Government had executed search warrants and issued subpoenas to several defendants). Perrigo's 2019 Form 10-K filing included a disclosure that "U.S. federal and state prosecutors have issued subpoenas to a number of pharmaceutical companies seeking information about their drug pricing practice." Perrigo Company plc Form 10-K, at 39, filed February 27, 2019. Perrigo has also previously disclosed it was subject to a search warrant in May 2017. *Id.*

*Plaintiffs Will Not Be Prejudiced by a 4-month Limited Stay of Certain Depositions*[4]

The proposed 4-month limited stay of certain depositions will allow nearly all discovery to move forward without delay, and thus Plaintiffs will not be prejudiced.[5] The bar for establishing prejudice from a moderate delay in proceedings is high. A plaintiff must "establish more . . . than simply 'the right to pursue his case and to vindicate his claim expeditiously.'" *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, Case No. 01-cv-5530, 2002 WL 31111766, at *3 (E.D. Pa. Sept. 18, 2002) (citing *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980)); *see also Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014) ("'[M]ere' delay does not, without more, necessitate a finding of undue prejudice[.]") (citation omitted). Here, the moderate delay sought by the United States is not outweighed by any prejudice to plaintiffs. The October Order was drafted to allow discovery of issues unrelated to the United States' ongoing criminal investigation to continue unimpeded, lessening the prejudice to plaintiffs of a stay. The United States has also worked with the parties to further limit the impact of the stay by confirming it will not object to depositions of certain individuals who otherwise would have been subject to the stay. Moreover, the United States has offered to identify additional individuals who may be deposed without objection during the pendency of the proposed stay.

---

[4] The proposed 4-month limited stay will also not overly burden Defendants.
[5] The United States is also requesting the other terms of the October Order be extended until March 15, 2020. Extending the other terms laid out in the October Order for an additional four months will also not prejudice plaintiffs.

*Interests of the Court and the Public Weigh in Favor of Extending the October Order*

The United States is aware that the Court may also be burdened by the stay, as the Court has an interest in the "the disposition of the causes on its docket with economy of time and effort[.]" *Air Line Pilots Ass'n*, 523 U.S. at 879 n.6 (quoting *Landis*, 299 U.S. at 254-55). Here, a stay advances the interest of the Court because further development in the United States' criminal investigation may "moot, clarify, or otherwise affect various contentions in the civil case." *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976); *In re Valeant Pharm. Int., Inc. Third-Party Payor Litig.*, Civ. A. No. 16-3087, 2017 WL 3429342, at *3 (D.N.J. Aug. 9, 2017).

Finally, the public's interest weights in favor of granting the extension of the October Order. The United States is "primarily charged by Congress with the duty of protecting the public interest under [the antitrust] laws," and civil lawsuits brought by private plaintiff can only "supplement[] Government enforcement of the antitrust laws[.]" *United States v. Borden Co.*, 347 U.S. 514, 518 (1954); *see also Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 249 (3d Cir. 2010) (citing *Borden* with approval and noting that "the Government's right and duty to seek an injunction to protect the public interest exist without regard to any private suit or decree"). The public has an interest in the United States being allowed "to conduct a complete, unimpeded investigation into potential criminal activity." *Walsh Sec., Inc.*, 7 F. Supp. 2d at 529. The public stands to benefit significantly from the United States' efficient and effective prosecution of criminal conduct.

Conclusion

For the reasons stated above, the United States respectfully requests the Court extend the October Order until March 15, 2020 to allow its investigation to proceed to a point at which some, if not all, of these issues may be resolved. *See Walsh Sec., Inc.*, 7 F. Supp. 2d at 528 (acknowledging that, in six months, "individual defendants could have more information about the extent of the Government's investigation and their own exposure to criminal liability").[6] In the alternative, the United States requests leave to file a motion to extend the October Order.

Respectfully submitted,

*Elizabeth Gudis* (signature)

Elizabeth A. Gudis
Nathan D. Brenner
Trial Attorneys
U.S. Department of Justice
Antitrust Division
*Counsel for Intervenor-United States*

---

[6] If the Court grants the extension of stay, the United States reserves the right to seek a further reasonable extension of the stay if warranted by circumstances. For additional details, please see Paragraph 14 of the Danks Declaration. Conversely, if developments in the investigation obviate the need for the stay prior to March 15, 2020, the United States will notify the Court promptly.

cc via ECF: Counsel for All Parties