# Greenbaum Rowe Smith & Davis LLP

**COUNSELORS AT LAW**

**METRO CORPORATE CAMPUS ONE**
**P.O. BOX 5600**
**WOODBRIDGE, NJ 07095-0988**

(732) 549-5600   FAX (732) 549-1881

DELIVERY ADDRESS: 99 WOOD AVENUE SOUTH, ISELIN, NJ 08830-2712
INFO@GREENBAUMLAW.COM
WWW.GREENBAUMLAW.COM

**ROSELAND OFFICE:**
75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068-3701
(973) 535-1600
FAX (973) 535-1698

**NEW YORK OFFICE:**
747 THIRD AVENUE
2ND FLOOR
NEW YORK, NY 10017
(212) 847-9858

**ALAN S. NAAR**
(732) 476-2530 - DIRECT DIAL
(732) 476-2531 - DIRECT FAX
ANAAR@GREENBAUMLAW.COM

November 22, 2019

Hon. Leda Dunn Wettre, U.S.M.J.
U.S. District Court
M. L. King, Jr. Federal Building & Courthouse
50 Walnut St., Room 2A
Newark, NJ  07102

      Re:    Roofer's Pension Fund v. Papa, et al
              Case No. 2:16-cv-2805 (MCA)(LDW)

Dear Judge Wettre:

      This firm, together with Fried, Frank, Harris, Shriver & Jacobson LLP, represents Defendant Perrigo Company plc ("Perrigo") in the above-captioned class action and the Individual Actions.[1] We write on behalf of all defendants (Perrigo, Judy Brown, and Joseph Papa, collectively "Defendants"), in accordance with the Court's October 16, 2019 Order (ECF 220), to provide Perrigo's position on the extension of the limited stay of discovery requested by the United States (ECF 229); to provide the Court with an update regarding discovery in the above-captioned class action and the Individual Actions; and to respond to the issues outlined in Lead Plaintiff's October 23, 2019 Letter (ECF 221) ("Lead Plaintiff's Letter").

---

[1] The "Individual Actions" are: *Carmignac Gestion, S.A. v. Perrigo Co. plc et al.*, No. 2:17-cv-10467 (D.N.J.); *Manning & Napier Advisors, LLC v. Perrigo Co. plc et al.*, No. 2:18-cv-00674 (D.N.J.); *Mason Capital L.P. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-01119 (D.N.J.); *Pentwater Equity Opportunities Master Fund Ltd. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-01121 (D.N.J.); *Harel Insurance Company, Ltd. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-02074 (D.N.J.); *First Manhattan Co. v. Perrigo Co. plc et al.*, No. 2:18-cv-02291 (D.N.J.); *TIAA-CREF Investment Management, LLC et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-08175 (D.N.J.); *Nationwide Mutual Funds et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-15382 (D.N.J.); *WCM Alternatives: Event-Driven Fund et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-16204 (D.N.J.); *Hudson Bay Master Fund Ltd. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-16206 (D.N.J.); *Schwab Capital Trust et al. v. Perrigo Co. plc et al.*, No. 2:19-cv-03973 (D.N.J.); and *Aberdeen Canada Funds-Global Equity Fund et al. v. Perrigo Co. plc et al.*, No. 2:19-cv-06560 (D.N.J.). Plaintiffs in the Individual Actions together with the Lead Plaintiff are referred to as "Plaintiffs."

Hon. Leda Dunn Wettre, U.S.M.J.
November 22, 2019
Page 2

### I. The Department of Justice's Request for Extension of the Limited Stay of Discovery

As the Department of Justice noted in its letter dated November 15, 2019 (ECF 229), Perrigo takes no position on the request by the United States for an extension of the limited stay of discovery relating to the pricing, sale, and marketing of Perrigo's domestic generic pharmaceuticals, originally granted October 16, 2019 (ECF 220). Defendants only request that, if the Court grants the United States' request for an extension of the stay, the current discovery schedule, as ordered by the Court on June 27, 2019 (ECF 207), be extended.

Although Defendants take no position on the United States' request, Perrigo does want to bring to the Court's attention certain orders in a multidistrict litigation in the United States District Court for the Eastern District of Pennsylvania in which Perrigo is a named defendant in some of the lawsuits. *In re Generic Pharm. Pricing Antitrust Litig.*, 2:16-md-02724-CMR (E.D. Pa. transferred Aug. 5, 2016). In that case, which involves similar claims relating to the pricing, sale, and marketing of Perrigo's domestic generic pharmaceuticals, the United States requested and the court ordered an extension of a preexisting stay of fact depositions until March 15, 2020. *See id.*, Pretrial Order No. 108, ECF 1152; Pretrial Order No. 105 (Case Management Order and Discovery Schedule), ECF 1135; Pretrial Order No. 96, ECF 1046.[2] If a stay is not extended in the above-captioned class action and the Individual Actions, Perrigo may have inconsistent discovery obligations due to differing orders from this Court and from the Eastern District of Pennsylvania. *See* ECF 229 at 2–3.

Under the current discovery schedule, fact discovery closes in the above-captioned class action on December 16, 2019 and in the Individual Actions on February 15, 2020. (ECF 207 at 1). If the Court grants the United States' request, no depositions on the pricing, sale, and marketing of Perrigo's domestic generic pharmaceutical witnesses could occur until after March 15, 2020. Realistically, the parties would need at a minimum of two months to notice and complete these depositions—assuming former Perrigo employees are ready and able to appear for depositions—which would push out fact discovery until at least May 15, 2020. Defendants' position is thus that if the Court grants the extension of the stay requested by the United States, then the Court should concurrently order an extension of the discovery period to May 15, 2020 in the above-captioned class action and to July 15, 2020 in the Individual Actions.

Any objection by Lead Plaintiff to an extension of the fact discovery period is inconsistent with Lead Plaintiff's previous reliance upon the federal antitrust investigation. In seeking to defeat the motion to dismiss, Lead Plaintiff relied upon the existence of the antitrust investigation by the Department of Justice, which this Court noted as part of its rationale for denying dismissal of those allegations. *Roofers' Pension Fund v. Perrigo Company plc, et al.*, No. 2:16-CV-2805-MCA-LDW, 2018 WL 3601229, at *22 (D.N.J. July 27, 2018) (considering

---

[2] If the Court so desires, Perrigo can provide the Court with copies of these Orders.

Hon. Leda Dunn Wettre, U.S.M.J.
November 22, 2019
Page 3

the "existence of a parallel criminal investigation" as contributing to the inference of scienter at the motion to dismiss stage). Having taken those steps to rely upon and benefit from the existence of the government investigation, the Court should ignore any contention by the Plaintiffs that the government investigation is taking too long.

### II.     Discovery Status

As of November 22, 2019, Lead Plaintiff, along with plaintiffs in the Individual Actions, has taken 11 depositions over 14 days (over approximately 72 hours), including one deposition of Perrigo taken pursuant to Fed. R. Civ. P. 30(b)(6). Perrigo has produced to Plaintiffs in excess of 2.4 million pages of material (more than 383,000 documents) in response to Lead Plaintiff's requests for production. Perrigo also has answered 22 interrogatories propounded by plaintiffs in the above-captioned class action and Individual Actions. Perrigo also has produced a privilege log summarizing the privileged content in any redacted or withheld documents. Perrigo is currently in the process of reviewing additional documents in response to recent requests for production made in some of the Individual Actions and plans to begin rolling productions of responsive documents in early December. Further, twelve non-parties have produced in excess of 290,000 pages of material (in excess of 5,000 documents) in this action, all in response to subpoenas served by Lead Plaintiff.

In response to defendants' document requests, Lead Plaintiff produced, on February 23, 2019, 862 pages of material (273 documents), the vast majority of which were in a foreign language. Lead Plaintiff has not produced a privilege log.

### III.    Response to Plaintiff's October 23, 2019 Letter (ECF 221)

In its October 23, 2019 Letter (ECF 221), Lead Plaintiff raised three issues it intends to address with the Court at the November 25, 2019 conference.

#### A.  Completion of fact discovery

As addressed above in Part I, Defendants request that, if the Court grants the United States' request for an extension of the stay, the current discovery schedule be concurrently extended. If the Court does not grant the United States' request for an extension of the stay, Defendants request that the Court order an extension of the discovery period to March 15, 2020 in the above-captioned class action and to May 15, 2020 in the Individual Actions. This would provide the parties time to complete fact discovery that had been previously stayed.

#### B.  Pre-trial schedule

Given the United States' pending request, Defendants do not believe that the parties are well-positioned to discuss deadlines for expert discovery, dispositive motions, motions *in limine*,

Hon. Leda Dunn Wettre, U.S.M.J.
November 22, 2019
Page 4

and other pre-trial proceedings. If the Court is inclined to set certain deadlines at this time, Defendants propose the following in the above-captioned class action:[3]

Using as a model the discovery template this Court adopted for the class certification motion, Defendants would propose the following expert schedule:

- *Lead Plaintiff's expert reports* shall be served no later than 45 days after the close of fact discovery and depositions of Lead Plaintiff's experts shall be completed within 30 days thereafter;

- *Defendants' expert reports* shall be served no later than 115 days after the close of fact discovery and depositions of defendants' experts shall be completed within 30 days thereafter; and

- *Reply expert report(s)*, if any, shall be served 190 days after the close of fact discovery and depositions of reply experts shall be completed within 30 days thereafter.

Defendants will be prepared to discuss deadlines for dispositive motions, motions *in limine*, and other pre-trial proceedings at the conference.

C. 30(b)(6) depositions

On June 28, 2019, counsel for Lead Plaintiff emailed Defendants seeking to schedule seven depositions, including a Rule 30(b)(6) deposition of Perrigo. Lead Plaintiff did not formally notice a deposition under Rule 30(b)(6), as required, but instead attached a three-page PDF informally listing 23 potential Rule 30(b)(6) topics. Because Lead Plaintiff did not serve a formal subpoena, Perrigo did not serve responses or objections. Perrigo instead began initial efforts to identify appropriate designees and potential dates, and informed Lead Plaintiff that these efforts were underway.

In the meantime, Perrigo continued to cooperate with Plaintiffs' many discovery requests. Between August and November, Plaintiffs requested Rule 30(b)(1) depositions of 13 specific current or former employees of Perrigo and as of today they have taken the depositions of ten of

---

[3] Deadlines in the Individual Actions would continue to be governed by the Court's November 26, 2018 Order, which provides that certain deadlines relating to expert discovery in the Individual Actions occur 60 days after the expert discovery deadlines in the above-captioned class action. *See, e.g.*, ECF 43, *Carmignac Gestion, S.A.*, 2:17-CV-10467-MCA-LDW.

those witnesses.[4] While focused on these fact depositions, Perrigo continued its efforts to identify appropriate designees for a potential Rule 30(b)(6) deposition. Given that Plaintiffs had not served a formal notice, and Perrigo thus had not responded or objected, Perrigo did not propose to negotiate with Plaintiffs over the scope of the informally identified topics.

On November 4, 2019 Lead Plaintiff finally served a formal notice for a Rule 30(b)(6) deposition of Perrigo on five of the 23 topics it had previously identified informally. Appended to the November 4 notice was a list of 18 additional topics that were not designated for deposition at that date and time. Perrigo designated a witness for the five topics, and Plaintiffs deposed her on November 14, 2019. On November 18, 2019, counsel for Lead Plaintiff and counsel for defendants met and conferred on certain remaining 30(b)(6) topics. (Because of the existence of the stay previously granted to the United States (ECF 220 ¶ 4), the parties agreed not to discuss the topics related to the previously stayed issues). The discussions were constructive and, while Perrigo expressly has not waived any rights with regard to its objections to Lead Plaintiff's 30(b)(6) topics, Perrigo is now in a better position to prepare corporate designees on at least some of the remaining topics.

After failing to serve a Rule 30(b)(6) notice for months, Lead Plaintiffs have no cause to complain now. Plaintiffs' informal list of potential topics sent on June 28 did not trigger any requirements under Rule 30. Perrigo nonetheless began searching for corporate designees and potential dates, while awaiting a formal notice. Perrigo identified a corporate designee for Topics 1-5 even before Lead Plaintiff had served any formal Rule 30(b)(6) notice, and, as noted, that corporate designee's deposition occurred on November 14, 2019.

Plaintiffs' primary complaint appears to be that they wanted to take a Rule 30(b)(6) deposition of Perrigo prior to taking depositions of other witnesses. But Plaintiffs have no right to insist that depositions take place in a particular order, particularly where they have failed to formally notice the deposition in the first place. As is common practice, counsel for Perrigo consulted with proposed individual deponents and found dates and locations that would be consistent with that deponent's schedule and then provided those dates to Plaintiffs. The depositions of 30(b)(6) designees require significant preparation and consequently are particularly difficult to schedule. Indeed, the scope and breadth of Lead Plaintiff's 30(b)(6) topics indicate that Lead Plaintiff seeks to use the Rule 30(b)(6) process to impose significant,

---

[4] Of the three pending deposition requests, one employee is unable to be deposed at this time due to a medical condition. The deposition of a second, former employee was initially scheduled for late September, then rescheduled at the request of Plaintiffs' counsel for a date in late October, and then postponed again at the request of Plaintiffs' counsel. Finally, following a request by certain plaintiffs in the Individual Actions to delay the deposition of the third individual who has not yet been deposed, Plaintiffs have now agreed with one another that this deposition should be held in January and the parties are coordinating to reschedule.

Hon. Leda Dunn Wettre, U.S.M.J.
November 22, 2019
Page 6

burdensome obligations on Perrigo, including by requesting that defendants prepare witnesses for what are, in essence, contention interrogatories disguised as Rule 30(b)(6) depositions.

Another common practice in deposition scheduling is that defendant parties should be deposed at or near the end of the fact discovery period—after most or all of the deponents who are not burdened with a risk of potential liability have been deposed. The practice applies just as much to corporate defendants as to individuals. The types of 30(b)(6) topics that Lead Plaintiff has identified highlight the wisdom of recognizing that depositions of defendants (even corporate defendants) should not occur until the end of the discovery period.

We have provided the Court (under seal) the Lead Plaintiff's list of 30(b)(6) topics to demonstrate their overbreadth and why any 30(b)(6) deposition on a number of these topics should occur at or near the end of the fact discovery period.

Rule 30(b)(6) has been exploited by requesting parties to make compliance by the corporate deponents exceedingly difficult, burdensome, and frustrating. *See* Craig M. Roen et al., *Don't Forget to Remember Everything: The Trouble with Rule 30(b)(6) Depositions*, 45 U. TOL. L. REV. 29 (2013) (copy attached) (describing how the accretion of case law has led to increasing difficulties and motion practice regarding 30(b)(6) depositions). These practices include seeking testimony about the collection of information used to educate the witness which impinges on attorney work product. When Rule 30(b)(6) was adopted, the Rule was intended to "assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge." Fed. R. Civ. P. 30 advisory committee's notes to 1970 amendment (subsection (b)(6)). In large complex cases like this one, however, often this is not how Rule 30(b)(6) is being employed. Instead, the parties propounding the requests seek information that "may reside with dozens of present and former employees, contained in thousands of documents created over many years, located in multiple locations" and that, therefore, "is often well beyond a mere mortal's ability to learn, retain and recount with perfect accuracy in both scope and detail." Roen, 45 U. TOL. L. REV. 29 at 29, 31.

Many of Lead Plaintiff's proposed 30(b)(6) topics exemplify this kind of overreach, for example topics 14, 17, 18. For these reasons, as some courts have observed, what is sought through a 30(b)(6) deposition may be more appropriate for other forms of discovery, including contention interrogatories. *E.g., McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286 (N.D. Cal.), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991). In light of these issues, Defendants believe it is appropriate to consider if there are alternative practices that might alleviate some of the considerable burden presented by Lead Plaintiff's Rule 30(b)(6) proposed topics. Defendants are not wedded to any particular solution mentioned in the attached article, but Defendants do perceive that the issues discussed therein will arise if the Rule 30(b)(6) depositions proceed in the manner apparently sought by Plaintiffs in this case.

\* \* \* \* \* \* \* \* \* \*

Hon. Leda Dunn Wettre, U.S.M.J.
November 22, 2019
Page 7

Defendants appreciate the opportunity to discuss these issues with the Court at the conference on Monday, November 25, 2019 at 10 a.m. in Newark. Defendants reserve all rights to offer additional information to the Court in response to any other contentions made by Plaintiffs in any letters they choose to submit on November 22, 2019 in advance of the conference.

        Very truly yours,

        */s/ Alan S. Naar*

        Alan S. Naar

Attachments (one under Seal)
cc via ECF: Counsel for All Parties