

**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, NW*
*Washington, DC 20001*

November 29, 2019

The Honorable Leda Dunn Wettre
United States District Court for the
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *Roofer's Pension Fund v. Perrigo Company, plc, et al.*, **No. 16-CV-02805-MCA-LDW**[1] **Request to Redact and Seal Confidential Information**

Dear Judge Wettre:

Pursuant to Local Civil Rule 5.3(g), the United States respectfully requests that any information contained in the Declaration of Ryan Danks, filed *ex parte* and *in camera* with the Court on November 15, 2019, that was discussed on the record during the November 25, 2019 status conference be redacted and sealed.  Without having reviewed the transcript, the instance recalled by the United States is that the names of some individuals, whose depositions are currently stayed under the Court's Order on October 16, 2019 ("October Order"), were disclosed on the record during the conference.

The United States' request to redact and seal confidential information from the transcript, for the reasons discussed below, overcomes the presumption in favor of public access to judicial proceedings and records. *See In re Cedant Corp.*, 260 F.3d 183, 194 (3d

---

[1] The United States further requests that if the Court grants its request to redact and seal the confidential information in the transcript from the November 25 status conference, that it is also granted across the Individual Actions: *Carmignac Gestion, S.A. v. Perrigo Company plc, et al.*, No. 2:17-cv-10467-MCA-LDW, *Manning & Napier Advisors, LLC v. Perrigo Company plc, et al.*, No. 2:18-cv-674-MCA-LDW, *Mason Capital L.P., et al. v. Perrigo Co. plc, et al.*, No. 2:18-cv-1119-MCA-LDW, *Pentwater Equity Opportunities Master Fund Ltd., et al. v. Perrigo Co. plc, et al.*, 2:18-cv-1121-MCA-LDW, *Harel Insurance Company, Ltd., et al. v. Perrigo Company plc, et al.*, 2:18-cv-02074-MCA-LDW, *First Manhattan Co. v. Perrigo Company plc, et al.*, No. 2:18-cv-02291-MCA-LDW, *TIAA-CREF Investment Management, LLC, et al. v. Perrigo Company plc, et al.*, No. 2:18-cv-08175-MCA-LDW, *Nationwide Mutual Funds, et al. v. Perrigo Company plc, et al.*, No. 2:18-cv-15382-MCA-LDW, *WCM Alternatives: Event-Driven Fund, et al. v. Perrigo Co., plc, et al.*, No. 2:18-cv-16204-MCA-LDW, *Hudson Bay Master Fund Ltd., et al. v. Perrigo Co., plc, et al.*, No. 2:18-cv-16206-MCA-LDW, *Schwab Capital Trust, et al. v. Perrigo Co. plc, et al.*, No. 2:19-cv-03973-MCA-LDW, *OZ Master Fund, Ltd., et al. v. Perrigo Co., plc, et al.*, 2:19-cv-04900-MCA-LDW, *Aberdeen Canada Funds-Global Equity Fund, et al. v. Perrigo Co. plc, et al.*,
No. 2:19-cv-06560-MCA-LDW.

Cir. 2001). The Court may grant a motion to seal court records when "the moving party's interest to seal documents outweighs the public's interest in disclosing the information." *See China Falcon Flying Limited v. Dissault Falcon Jet Corp.*, No. 15-6210, 2017 WL 3718108, at *2 (D.N.J. Aug. 29, 2017) (citations omitted). In balancing those interests, Local Civil Rule 5.3(c)(3) identifies six factors as relevant: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; (4) why a less restrictive alternative to the relief sought is not available; (5) any prior order sealing the same materials in the pending action; and (6) the identity of any party or nonparty known to be objecting to the sealing request. As set forth below, these factors support granting the United States' request to redact and seal the confidential information disclosed during the November 25 status conference.

### *The Nature of the Materials or Proceeding at Issue*

"To demonstrate the first factor, [a movant] is required to provide a detailed description of the documents it wishes to seal." *China Falcon*, at *2 (citing *Horizon Pharma AG v. Watson Laboratories Inc.*, No. 13-5124, 2015 WL 12859244, at *1 (D.N.J. Sept. 14, 2015)). The United States seeks to redact and seal the names of the individuals, listed by a counsel for plaintiffs in the above-captioned action during the status conference, whose depositions are currently stayed under the October Order (the "Confidential Information"). *See* ECF No. 220 ¶ 3; *see also* Declaration of Ryan Danks ¶ 12, filed *ex parte* and *in camera*, November 15, 2019 ("Danks Declaration").

### *Legitimate Private or Public Interests Warrant the Relief Sought*

The Confidential Information the United States seeks to redact and seal contains and/or relates to information about the United States' pending investigation into possible violations of the federal antitrust laws in the generic pharmaceutical industry. As further discussed below, public disclosure of the information sought to be sealed could cause significant harm to the United States' investigation. This Court has discretion to balance the factors for and against access to court documents and has exercised this authority in a variety of contexts. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994). Courts are also empowered to protect the public and private interests by limiting access to confidential material disclosed in conjunction with the discovery in civil litigation. *See, e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) (noting the government has a "substantial interest" in preventing an abuse of its process that results in the release of information that could be damaging to reputation and privacy).

The United States provided the Confidential Information to the parties in the above-captioned action and in the Individual Actions (hereinafter the "parties") as part of a compromise to limit the impact of the October Order on discovery and allow certain additional depositions to proceed. While this information was shared with the parties, the United States views it as confidential and not to be made publicly available because it could reveal the scope and focus of an ongoing investigation and could be damaging to the reputation and privacy interests of the named individuals. The United States also informed the parties prior to the scheduling conference that it views this information as confidential. Consideration of the public and private interests advanced by the United States weighs in favor of redacting and sealing the Confidential Information.

*Clearly Defined and Serious Injury Would Result if the Relief Sought Is Not Granted*

The United States seeks to redact and seal the Confidential Information because it could compromise the integrity of the United States' criminal investigation. As stated above, public disclosure of the Confidential Information could interfere with and impede the United States' criminal investigation. *See also* Danks Declaration ¶¶ 7–9. Through the requested redaction, the United States seeks to mitigate all of the foregoing potential harm, and such protection does not interfere with any legitimate public interest in access to the information sought to be redacted.

*A Less Restrictive Alternative to the Relief Sought is Not Available*

Under Local Civil Rule 5.3(c)(3), parties seeking to seal documents must show that no less restrictive alternative to the relief sought is available. The sealing of confidential information in a court transcript is an accepted practice in the District of New Jersey, *see, e.g.*, *Techfields Pharma Co., Ltd. v. Covance Inc.,* No. 16-1148, 2019 WL 2478109, at * 3 (D.N.J. June 13, 2019), and courts have endorsed the use of "minimal and tailored redactions" to protect confidential information, *see, e.g.*, *China Falcon*, at *4. The United States' request to redact and seal the Confidential Information is narrowly tailored to the specific information identified above, and is necessary to protect its interests. The limited and specific redaction allows for the public disclosure of the remainder of the transcript and no less restrictive alternative is available to protect the United States' legitimate interests.

*The United States is Unaware of Any Party Objecting to the Sealing Request*

The United States, via e-mail, confirmed that class plaintiffs in the above-captioned action take no position regarding the United States' request to redact and seal the Confidential Information, and that the defendants, and the plaintiffs in the Individual Actions, do not object to the United States' request to seal.

*Conclusion*[2]

The United States respectfully requests the Court redact and seal the Confidential Information based on consideration of the factors under Local Civil Rule 5.3(c), which strongly favor sealing the confidential information described above.

              Respectfully submitted,

              /s *Elizabeth A. Gudis*

              Elizabeth A. Gudis
              Nathan D. Brenner
              Trial Attorneys
              U.S. Department of Justice, Antitrust Division
              *Counsel for Intervenor-United States*

cc via ECF:  Counsel for All Parties

---

[2] With regard to the fifth factor of Local Civil Rule 5.3(c)(3), there are no prior orders to seal the same materials in the pending action.