# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROOFERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>PERRIGO COMPANY, PLC, *et al.*,<br><br>      Defendants. | Civil Action No. 2:16-cv-2805-MCA-LDW |
| CARMIGNAC GESTION, S.A.,<br><br>      Plaintiff,<br><br>    v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>      Defendants. | Civ. A. No. 2:17-CV-10467-MCA-LDW |
| FIRST MANHATTAN CO.,<br><br>      Plaintiff,<br><br>    v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>      Defendants. | Civ. A. No. 2:18-CV-02291-MCA-LDW |

| | |
|---|---|
| MANNING & NAPIER ADVISORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>Defendants. | Civ. A. No. 2:18-CV-00674-MCA-LDW |
| NATIONWIDE MUTUAL FUNDS, on behalf of its series NATIONWIDE GENEVA MID CAP GROWTH FUND and NATIONWIDE S&P 500 INDEX FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>Defendants. | Civ. A. No. 2:18-CV-15382-MCA-LDW |
| ABERDEEN CANADA FUNDS – GLOBAL EQUITY FUND, a series of ABERDEEN CANADA FUNDS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>Defendants. | Civ. A. No. 2:19-cv-06560-MCA-LDW |

| | |
|---|---|
| SCHWAB CAPITAL TRUST on behalf of its series SCHWAB S&P 500 INDEX FUND, SCHWAB TOTAL STOCK MARKET INDEX FUND, SCHWAB FUNDAMENTAL U.S. LARGE COMPANY INDEX FUND, and SCHWAB HEALTH CARE FUND, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>PERRIGO COMPANY PLC, *et al.*,<br><br>        Defendants. | Civ. A. No. 2:19-cv-03973-MCA-LDW |
| HAREL INSURANCE COMPANY, LTD., *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>PERRIGO CO. PLC, *et al.*,<br><br>        Defendants. | Civil Action No. 2:18-cv-02074-MCA-LDW |
| TIAA-CREF INVESTMENT MANAGEMENT, LLC, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>PERRIGO CO. PLC, *et al.*,<br><br>        Defendants. | Civil Action No. 2:18-cv-08175-MCA-LDW |

| | |
|---|---|
| OZ MASTER FUND, LTD., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>PERRIGO CO., PLC, *et al.*,<br><br>    Defendants. | Civ. A. No. 19-cv-04900-MCA-LDW |
| MASON CAPITAL L.P., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>PERRIGO CO., PLC, *et al.*,<br><br>    Defendants. | Civil Action No. 2:18-CV-01119-MCA-LDW |
| PENTWATER EQUITY OPPORTUNITIES MASTER FUND, LTD., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>PERRIGO CO., PLC, *et al.*,<br><br>    Defendants. | Civil Action No. 2:18-CV-01121-MCA-LDW |

| | |
|---|---|
| WCM ALTERNATIVES: EVENT-DRIVEN FUND, *et al.*, <br><br>             Plaintiffs, <br><br> v. <br><br> PERRIGO CO., PLC, *et al.*, <br><br>             Defendants. | Civil Action No. 2:18-cv-16204-MCA-LDW |
| HUDSON BAY MASTER FUND LTD, *et al.*, <br><br>             Plaintiffs, <br><br> v. <br><br> PERRIGO CO., PLC, *et al.*, <br><br>             Defendants. | Civil Action No. 2:18-cv-16206-MCA-LDW |

## NOTICE OF JOINT MOTION TO SEAL

**PLEASE TAKE NOTICE** that on January 6, 2020, or as soon as the Court deems appropriate, the United States will move the Court, pursuant to Local Rule of Civil Procedure 5.3(c), to keep under seal portions of the letter filed on November 22, 2019 by Lowenstein Sandler on behalf of Class Plaintiffs (ECF Nos. 232 and 233) and portions of the letter filed on November 22, 2019 by Plaintiffs in the following six Individual Actions: *Carmignac Gestion, S.A. v. Perrigo Co. plc, et al.*, No. 2:17-cv-10467-MCA-LDW (D.N.J.); *Manning & Napier Advisors, LLC v. Perrigo Co. plc, et al.*, No. 2:18-cv-00674-MCA-LDW (D.N.J.); *First Manhattan Co. v. Perrigo Co. plc, et al.*, No. 2:18-cv-02291-MCA-LDW (D.N.J.); *Nationwide Mutual Funds, on behalf of its series Nationwide Geneva Mid Cap Growth and Nationwide S&P*

5

*500 Index Fund, et al. v. Perrigo Co. plc, et al.*, No. 2:18-cv-15382-MCA-LDW (D.N.J.); *Aberdeen Canada Funds – Global Equity Fund, a series of Aberdeen Canada Funds, et al. v. Perrigo Co. plc, et al.,* No. 2:19-cv-06560-MCA-LDW (D.N.J.); *Schwab Capital Trust on behalf of its series Schwab S&P 500 Index Fund, Schwab Total Stock Market Index Fund, Schwab Fundamental U.S. Large Company Index Fund, and Schwab Health Care Fund, et al. v. Perrigo Co. plc, et al.,* No. 2:19-cv-03973-MCA-LDW (D.N.J.) (*Carmignac Gestion, S.A. v. Perrigo Co. plc, et al*., No. 2:17-cv-10467-MCA-LDW (D.N.J.), ECF Nos. 78 and 79[1]) (collectively, the "November 22 Letters").

**PLEASE TAKE FURTHER NOTICE** that the United States will rely on the accompanying Proposed Findings of Fact and Conclusions of Law, the redacted versions of the November 22 Letters, filed separately, and the Declaration of Ryan Danks in support of the motion. Class Plaintiffs take no position and Individual Action Plaintiffs and Defendants do not oppose this motion. A proposed order is attached pursuant to the Local Rules.

**PLEASE TAKE FURTHER NOTICE** that Defendant Perrigo Company plc ("Perrigo") will also move to seal the same materials (portions of letters filed on November 22, 2019 described above) and also to seal Attachment A to the letter from Greenbaum Rowe on behalf of all defendants (Perrigo, Judy Brown, and Joseph Papa, collectively "Defendants") on November 22, 2019 (ECF Nos. 234 and 235) ("Defendants' November 22 Letter").

**PLEASE TAKE FURTHER NOTICE** that Perrigo will rely on the accompanying Letter Brief, the Proposed Findings of Fact and Conclusions of Law, the proposed findings of fact and conclusions of law as set forth in the Letter Brief and the proposed Order, the redacted versions of the November 22 Letters and the Defendants' November 22 Letter, filed separately,

---

[1] Identical letters were also docketed in each of the six Individual Actions listed above.

and the Declaration of James E. Anklam in support of Perrigo's motion.  Individual Action Plaintiffs and the United States do not take any position on Perrigo's Motion.   Class Plaintiffs take the position that Attachment A does not qualify for sealing.  A proposed order is attached pursuant to the Local Rules.

     **PLEASE TAKE FURTHER NOTICE** that annexed hereto as Exhibit A is an Index relating to this Joint Motion to Seal.

     **PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

Dated: December 6, 2019

                                              Respectfully submitted,

                                              */s/ Elizabeth A. Gudis*
                                              Elizabeth A. Gudis
                                              Nathan D. Brenner
                                              Trial Attorneys
                                              U.S. Department of Justice
                                              Antitrust Division
                                              450 5th St NW, Suite 11300
                                              Washington, DC 20530
                                              Tel: (202) 598-8808
                                              Fax: (202) 514-6381
                                              elizabeth.gudis@usdoj.gov

                                              COUNSEL FOR INTERVENOR-UNITED STATES


                                              **GREENBAUM ROWE SMITH & DAVIS LLP**

                                              */s/ Alan S. Naar*
                                              Alan S. Naar
                                              99 Wood Avenue South
                                              Iselin, New Jersey 08830
                                              Telephone: (732) 549-5600
                                              Facsimile: (732) 549-1881
                                              anaar@greenbaumlaw.com

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
James D. Wareham (*pro hac vice*)
James E. Anklam (*pro hac vice*)
801 17th Street, NW
Washington DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
james.wareham@friedfrank.com
james.anklam@friedfrank.com


Samuel P. Groner (*pro hac vice*)
Samuel M. Light (*pro hac vice*)
R. David Gallo (*pro hac vice*)
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
samuel.groner@friedfrank.com

*Counsel for Defendant Perrigo Company plc*

**Exhibit A – Index in Support of Motion to Seal** *(requests by United States and by Perrigo)*

Requests by United States:

| Material | Basis For Sealing | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if Any |
|---|---|---|---|---|
| *Letter filed by Lowenstein Sandler on behalf of Class Plaintiffs on November 22, 2019* (ECF Nos. 232 and 233) | | | | |
| Starting at page 2, first bullet, beginning with the word "Defendant" and going through the fourth bullet on Page 3, ending with "¶ 287." | DOJ requests sealing of the information because it would reveal specific non-public facts gathered as part of DOJ's investigation. Danks Decl. ¶ 5. | Public disclosure of those facts could cause significant harm to the United States' investigation because it could reveal the scope and focus of an ongoing investigation and could be damaging to the reputation and privacy interests of the named individuals. | Only limited and tailored redactions are proposed. The United States maintains that any public revelation of the information covered by the proposed redactions would risk the injury described in the preceding column. | None |
| Page 3, Footnote 1, beginning with the word "Mr.," through the end of the sentence. | DOJ requests sealing of the information because it would reveal specific non-public facts gathered as part of DOJ's investigation. Danks Decl. ¶ 5. | Public disclosure of those facts could cause significant harm to the United States' investigation because it could reveal the scope and focus of an ongoing investigation and could be damaging to the reputation and privacy interests of the named individuals. | Only limited and tailored redactions are proposed. The United States maintains that any public revelation of the information covered by the proposed redactions would risk the injury described in the preceding column. | None |
| Page 4, Section 2, first paragraph, at the sentence which begins with "Plaintiffs currently plan," starting after the word "including" through the end of the sentence. | DOJ requests sealing of the information because it would reveal specific non-public facts gathered as part of DOJ's investigation. Danks Decl. ¶ 5. | Public disclosure of those facts could cause significant harm to the United States' investigation because it could reveal the scope and focus of an ongoing investigation and could be damaging to the reputation and privacy interests of the named individuals. | Only limited and tailored redactions are proposed. The United States maintains that any public revelation of the information covered by the proposed redactions would risk the injury described in the preceding column. | None |

| Material | Basis For Sealing | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if Any |
|---|---|---|---|---|
| *Letter filed by Plaintiffs on November 22, 2019* (*Carmignac Gestion, S.A. v. Perrigo Co. plc, et al.*, No. 2:17-cv-10467-MCA-LDW (D.N.J.), ECF Nos. 78 and 79[1]) | | | | |
| Page 2, second full paragraph, first sentence, starting after "including," and ending prior to "who we intend" | DOJ requests sealing of the information because it would reveal specific non-public facts gathered as part of DOJ's investigation. Danks Decl. ¶ 5. | Public disclosure of those facts could cause significant harm to the United States' investigation because it could reveal the scope and focus of an ongoing investigation and could be damaging to the reputation and privacy interests of the named individuals. | Only limited and tailored redactions are proposed. The United States maintains that any public revelation of the information covered by the proposed redactions would risk the injury described in the preceding column. | None |

---

[1] Identical letters were also filed in each of the following Individual Actions: *Manning & Napier Advisors, LLC v. Perrigo Co. plc, et al.*, No. 2:18-cv-00674-MCA-LDW (D.N.J.); *First Manhattan Co. v. Perrigo Co. plc, et al.*, No. 2:18-cv-02291-MCA-LDW (D.N.J.); *Nationwide Mutual Funds, on behalf of its series Nationwide Geneva Mid Cap Growth and Nationwide S&P 500 Index Fund, et al. v. Perrigo Co. plc, et al.*, No. 2:18-cv-15382-MCA-LDW (D.N.J.); *Aberdeen Canada Funds – Global Equity Fund, a series of Aberdeen Canada Funds, et al. v. Perrigo Co. plc, et al.*, No. 2:19-cv-06560-MCA-LDW (D.N.J.); *Schwab Capital Trust on behalf of its series Schwab S&P 500 Index Fund, Schwab Total Stock Market Index Fund, Schwab Fundamental U.S. Large Company Index Fund, and Schwab Health Care Fund, et al. v. Perrigo Co. plc, et al.*, No. 2:19-cv-03973-MCA-LDW (D.N.J.).

Requests by Perrigo:

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative is not Available | Prior sealing | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter filed by Lowenstein Sandler on behalf of Class Plaintiffs on November 22, 2019 (ECF 232) – approve the redacted versions of the papers already filed (ECF 233) | Discovery confidentiality under Federal Rules 26, 30, 31, and 34; the information could reveal specific non-public facts gathered as part of DOJ's investigation | If seal is not granted, the filings would (i) reveal confidential discovery efforts which are protected under Federal Rules 26, 30, 31, and 34; (ii) reveal information about an ongoing DOJ investigation that has been kept confidential by the DOJ and Perrigo; (iii) potentially be damaging to the reputation and privacy interests of the named individuals | There is no less restrictive alternative available because the nature of the filings would publicly reveal non-public discovery activities. There is also no less restrictive alternative that would protect the confidential DOJ investigation information. | n/a | none |
| Attachment A to Letter filed by Greenbaum Rowe on behalf of all Defendants on November 22, 2019 (ECF 235) – approve the redacted versions of the papers already filed (ECF 234) | Discovery confidentiality under Federal Rules 26, 30, 31, and 34 | If seal is not granted, the filings would (i) reveal confidential discovery efforts which are protected under Federal Rules 26, 30, 31, and 34 | There is no less restrictive alternative available because the nature of the filings would publicly reveal non-public discovery activities. | n/a | Lead Plaintiff takes the position that the Attachment A to the Defendants' November 22 Letter does not |

3

| | | | | | |
|---|---|---|---|---|---|
| | | | | | qualify for sealing. |
| Letter filed by Plaintiffs on November 22, 2019 (*Carmignac* ECF 79[2]) – approve the redacted versions of the papers already filed (*Carmignac* ECF 78) | Discovery confidentiality under Federal Rules 26, 30, 31, and 34; the information could reveal specific non-public facts gathered as part of DOJ's investigation | If seal is not granted, the filings would (i) reveal confidential discovery efforts which are protected under Federal Rules 26, 30, 31, and 34; (ii) reveal information about an ongoing DOJ investigation that has been kept confidential by the DOJ and Perrigo; (iii) potentially be damaging to the reputation and privacy interests of the named individuals | There is no less restrictive alternative available because the nature of the filings would publicly reveal non-public discovery activities. There is also no less restrictive alternative that would protect the confidential DOJ investigation information. | n/a | none |

---

[2] All citations to the Individual Action Plaintiffs' November 22 Letter are to the letter filed in the Carmignac action; identical letters were filed in each of the following Individual Actions: *Carmignac Gestion, S.A. v. Perrigo Co. plc, et al.*, No. 2:17-cv-10467-MCA-LDW; *Manning & Napier Advisors, LLC v. Perrigo Co. plc, et al.*, No. 2:18-cv-00674-MCA-LDW; *First Manhattan Co. v. Perrigo Co. plc, et al.*, No. 2:18-cv-02291-MCA-LDW; *Nationwide Mutual Funds, on behalf of its series Nationwide Geneva Mid Cap Growth and Nationwide S&P 500 Index Fund, et al. v. Perrigo Co. plc, et al.*, No. 2:18-cv-15382-MCA-LDW; *Aberdeen Canada Funds – Global Equity Fund, a series of Aberdeen Canada Funds, et al. v. Perrigo Co. plc, et al.*, No. 2:19-cv-06560-MCA-LDW; *Schwab Capital Trust on behalf of its series Schwab S&P 500 Index Fund, Schwab Total Stock Market Index Fund, Schwab Fundamental U.S. Large Company Index Fund, and Schwab Health Care Fund, et al. v. Perrigo Co. plc, et al.*, No. 2:19-cv-03973-MCA-LDW.