## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROOFER'S PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) ) ) |
| PAPA, et al., | ) ) ) |
| Defendants. | ) ) |

No. 16-CV-2805-MCA-LDW

**DECLARATION OF R. DAVID GALLO IN SUPPORT OF PERRIGO'S MOTION TO SEAL PORTIONS OF LETTERS DATED FEBRUARY 26, 2020**

R. DAVID GALLO declares pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an associate at the law firm Fried, Frank, Harris, Shriver & Jacobson LLP, which represents defendant Perrigo Company plc ("Perrigo").  I submit this Declaration in Support of Perrigo's Motion to Seal Portions of Letters Dated February 26, 2020.  I have personal knowledge of the facts asserted herein, and could testify to those facts if called to do so.

2.      Pursuant to the Court's December 11th Order, Perrigo (on behalf of all Defendants) and Lead Plaintiffs (collectively, the "Parties") submitted status letters to the Court on February 26, 2020 (collectively, the "Letters") in advance of the March 2, 2020 status teleconference.  The Letters were either filed under temporary seal and/or contained proposed redactions.

3.      The Letters included confidential business information that is the subject of the Parties' confidentiality agreement, discovery materials, and sensitive information pertaining to ongoing government investigations.

4.      As identified in Exhibit 1 to this motion, the Parties seek the sealing of confidential business information that is the subject of the Parties' confidentiality agreement, discovery materials, and sensitive information pertaining to ongoing government investigations.

5.      Perrigo requests that two paragraphs from Defendants' February 26, 2020 letter be sealed because those paragraphs relate to confidential proceedings in another forum that relate to confidential business information of Perrigo.

6.      Perrigo also requests that Attachment A to Defendants' February 26, 2020 letter be sealed because the information therein relates to confidential, non-public discovery materials. *See N. Jersey Media Grp., Inc. v. United States*, 836 F.3d 421, 434-35 (3d Cir. 2016) ("recognize[ing] the longstanding limitation on the public's access to discovery materials" such that "discovery materials that are part of judicial filings are generally not 'judicial records' and do not fall within the common law right of access.") (internal citations omitted).

7.      Counsel for Lead Plaintiffs informed me by email on March 11, 2020 that Lead Plaintiffs "redacted matters in their February 26, 2020 Letter and Exhibit 1 thereto at the request of the Department of Justice, and take no position as to whether such redacted information should remain sealed.  Class Plaintiffs also take no position regarding Defendants' requests for sealing."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 11, 2020

R. David Gallo
david.gallo@friedfrank.com