

**Greenbaum Rowe Smith & Davis LLP**

COUNSELORS AT LAW

METRO CORPORATE CAMPUS ONE
P.O. BOX 5600
WOODBRIDGE, NJ 07095-0988
(732) 549-5600     FAX (732) 549-1881

DELIVERY ADDRESS: 99 WOOD AVENUE SOUTH, ISELIN, NJ 08830-2712

INFO@GREENBAUMLAW.COM
WWW.GREENBAUMLAW.COM

ROSELAND OFFICE:
75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068-3701
(973) 535-1600
FAX (973) 535-1698

NEW YORK OFFICE:
747 THIRD AVENUE
2ND FLOOR
NEW YORK, NY 10017
(212) 847-9858

**ALAN S. NAAR**
(732) 476-2530 - DIRECT DIAL
(732) 476-2531 - DIRECT FAX
ANAAR@GREENBAUMLAW.COM

March 11, 2020

Honorable Leda Dunn Wettre, U.S.M.J.
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

     Re: <u>*Roofers' Pension Fund v. Papa, et al.*, No. 2:16-CV-2805-MCA-LDW
        and related cases listed in footnote 1 below</u>

Dear Judge Wettre:

   This firm, together with Fried, Frank, Harris, Shriver & Jacobson LLP, represents Defendant Perrigo Company plc ("Perrigo") in the above-captioned class action and the Individual Actions.[1]  We submit this letter brief in support of Perrigo's motion for an Order

---

[1] The "Individual Actions" are: *Carmignac Gestion, S.A. v. Perrigo Co. plc et al.*, No. 2:17-cv-10467 (D.N.J.); *Mason Capital L.P. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-01119 (D.N.J.); *Pentwater Equity Opportunities Master Fund Ltd. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-01121 (D.N.J.); *Harel Ins. Co., Ltd. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-02074 (D.N.J.); *First Manhattan Co. v. Perrigo Co. plc et al.*, No. 2:18-cv-02291 (D.N.J.); *TIAA-CREF Inv. Mgmt., LLC et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-08175 (D.N.J.); *Nationwide Mut. Funds et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-15382 (D.N.J.); *WCM Alts. Event-Driven Fund et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-16204 (D.N.J.); *Hudson Bay Master Fund Ltd. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-16206 (D.N.J.); *Schwab Capital Trust et al. v. Perrigo Co. plc et al.*, No. 2:19-cv-03973 (D.N.J.); *OZ Master Fund, Ltd. et al. v. Perrigo Co. plc et al.*, No. 2:19-cv-04900-MCA-LDW (D.N.J.); *Aberdeen Canada Funds-Glob. Equity Fund et al. v. Perrigo Co. plc et al.*, No. 2:19-cv-06560 (D.N.J.); *Discovery Glob. Citizens Master Fund, Ltd. v. Perrigo Co. plc, et al.*, No. 2:19-cv-21502 (D.N.J.); *York Capital Mgmt., L.P. v. Perrigo Co. plc, et al.*, No. 2:20-cv-01484 (D.N.J.); *Burlington Loan Mgmt. DAC v. Perrigo Co. plc, et al.*, No. 2:20-cv-01484 (D.N.J.); *Universities Superannuation Scheme Ltd. v. Perrigo Co. plc, et al.*, No. 2:20-cv-02262-MCA-LDW (D.N.J.); and *Principal Funds, Inc. et al. v. Perrigo Co. plc et al.*, No. 2:20-cv-02410-MCA-



Honorable Leda Dunn Wettre, U.S.M.J.
March 11, 2020
Page 2

pursuant to L. Civ. R. 5.3 sealing the portions of Lead Plaintiffs' letter of February, 26 2020 (ECF No. 249, filed under temporary seal) and the portions of Defendants' letter of February 26, 2020 (ECF No. 250, filed under temporary seal) (collectively, the "Letters") that the respective parties identify on the index annexed to the Notice of Motion as Exhibit 1 and granting such further relief as the Court may deem appropriate.

Perrigo seeks to seal the portions of the Letters that concern: (i) confidential proceedings in another forum that relate to confidential business information of Perrigo, (ii) non-public discovery materials, and (iii) ongoing government investigations.

Local Civil Rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court to file a motion that describes "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available."

Although there is a common law presumption of a public right of access to judicial proceedings and records, *In re Cendant Corp.*, 260 F3d 183, 192 (3d Cir. 2002), the right of public access is not absolute, but must be weighed against the litigants' interests in confidentiality, *Cuadra v. Univision Commons, Inc.*, 2012 U.S. Dist. LEXIS 48431 (D.N.J. April 4, 2012). In deciding whether sealing is appropriate, the Court may consider the following factors: (1) "whether disclosure will violate any privacy interests"; (2) "whether the information is being sought for a legitimate purpose or an improper purpose"; (3)

---

LDW (D.N.J.). On January 3, 2020, an individual action captioned *Manning & Napier Advisors, LLC v. Perrigo Co. plc et al.*, No. 2:18-cv-00674 (D.N.J.) was dismissed by stipulation of the parties.



Honorable Leda Dunn Wettre, U.S.M.J.
March 11, 2020
Page 3

"whether disclosure of the information will cause a party embarrassment"; (4) "whether confidentiality is being sought over information important to public health and safety'" (5) "whether the sharing of information among litigants will promote fairness and efficiency"; (6) "whether a party benefitting from the order of confidentiality is a public entity or official"; and (7) "whether the cause involves issues important to the public." *White v. New Jersey*, 2012 U.S. Dist. LEXIS 91023 at *5 (D.N.J. June 29, 2012). These factors, however, "are neither mandatory nor exhaustive. Ultimately, the court has discretion to evaluate the competing considerations in light of the facts surrounding the specific case." *Id.* (internal citations omitted).

Further, Courts have repeatedly recognized the importance of protecting confidential business information, *United Therapeutics Corp. v. Actavis Labs FL, Inc.*, 2017 WL 2172438, *2-3 (D.N.J. May 17, 2017), non-public discovery materials, *N. Jersey Media Grp., Inc. v. United States*, 836 F.3d 421, 434-35 (3d Cir. 2016), and information concerning ongoing government investigations, *United States v. Hirsh*, 2007 U.S. Dist. LEXIS 45485, at *8-9 (E.D. Pa. June 22, 2007); *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995). Applying the foregoing standards, the portions of the Letters the parties seek to seal satisfy the requirements to be maintained under seal.

Here, the filing in the public docket of redacted copies of the Letters is a reasonable solution to protect confidential business information, discovery materials, and an ongoing government investigation, with a minimal effect on the public's right of access to materials filed in Court.

Greenbaum Rowe Smith & Davis LLP

Honorable Leda Dunn Wettre, U.S.M.J.
March 11, 2020
Page 4

There exists no countervailing public interest in disclosure of the information the parties identify on the index annexed hereto as Exhibit 1. There is no less restrictive alternative available than to seal the documents and information. The parties have sought to seal only that information that is entitled to protection. In these circumstances, the filing in the public docket of redacted copies of the Letters is a reasonable solution to protect legitimate privacy and confidentiality interests with minimal effect on the public's right of access to materials filed in Court.

Counsel for Lead Plaintiffs informed Defendants that Lead Plaintiffs "redacted matters in their February 26, 2020 Letter and Exhibit 1 thereto at the request of the Department of Justice, and take no position as to whether such redacted information should remain sealed. Class Plaintiffs also take no position regarding Defendants' requests for sealing."

Finally, Defendants have a concern that some parties in this action are publicly filing documents that include confidential information without first allowing the other parties to review and determine whether the information should be filed under seal. We would respectfully ask that the parties in these actions adhere to the practice of making submissions under temporary seal when there is any question as to the sensitivity of the submitted information, so that each party has a meaningful opportunity to make its own determination as to whether to request that the information be permanently sealed.

Respectfully submitted,

Alan S. Naar

cc (*via email*): All counsel of record