# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROOFERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>PERRIGO COMPANY, PLC, *et al.*,<br><br>      Defendants. | Civil Action No. 2:16-cv-2805-MCA-LDW |
| ABERDEENCANADAFUNDS-GLOBAL EQUITY FUND, a series of ABERDEEN CANADA FUNDS, *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>PERRIGO COMPANY, PLC, *et al.*,<br><br>      Defendants. | Civil Action No. 2:19-cv-06560-MCA-LDW |
| BURLINGTON LOAN MANAGEMENT DAC,<br><br>      Plaintiff,<br><br>  v.<br><br>PERRIGO COMPANY, PLC, et al.,<br><br>      Defendants. | Civil Action No. 2:20-cv-1484 |

| | |
|---|---|
| CARMIGNAC GESTION, S.A.,<br><br>Plaintiff,<br><br>v.<br><br>PERRIGO COMPANY, PLC, et al.,<br><br>Defendants. | Civil Action No. 2:17-CV-10467-MCA-LDW |
| DISCOVERY GLOBAL CITIZENS MASTER FUND, LTD., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO COMPANY, PLC, et al.,<br><br>Defendants. | Civil Action No. 2:19-cv-21502-MCA-LDW |
| FIRST MANHATTAN CO.,<br><br>Plaintiff,<br><br>v.<br><br>PERRIGO COMPANY, PLC, et al.,<br><br>Defendants. | Civil Action No. 2:18-CV-02291-MCA-LDW |
| HAREL INSURANCE COMPANY, LTD., *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO COMPANY, PLC, et al.,<br><br>Defendants. | Civil Action No. 2:18-cv-02074-MCA-LDW |
| HUDSON BAY MASTER FUND LTD, *et al.*, | |

2

|  |  |
|---|---|
| Plaintiffs, <br><br> v. <br><br> PERRIGO COMPANY, PLC, et al., <br><br> Defendants. | Civil Action No. 2:18-cv-16206-MCA-LDW |
| MASON CAPITAL L.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PERRIGO COMPANY, PLC, et al., <br><br> Defendants. | Civil Action No. 2:18-CV-01119-MCA-LDW |
| NATIONWIDE MUTUAL FUNDS, on behalf of its series NATIONWIDE GENEYA MID CAP GROWTH FUND and NATIONWIDE S&P 500 INDEX FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PERRIGO COMPANY, PLC, et al., <br><br> Defendants. | Civil Action No. 2:18-CV-15382-MCA-LDW |
| OZ MASTER FUND, LTD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PERRIGO COMPANY, PLC, et al., <br><br> Defendants. | Civil Action No. 19-cv-04900-MCA-LDW |

PENTWATER EQUITY
OPPORTUNITIES MASTER FUND,
LTD., *et al.,*

           Plaintiffs,

      v.

PERRIGO COMPANY, PLC, et al.,

           Defendants.

Civil Action No. 2:18-CV-01121-MCA-LDW

---

SCHWAB CAPITAL TRUST on behalf of
its series SCHWAB S&P 500 INDEX
FUND, SCHWAB TOTAL STOCK
MARKET INDEX FUND, SCHWAB
FUNDAMENTAL U.S. LARGE
COMP ANY INDEX FUND, and
SCHWAB HEALTH CARE FUND, *et al.,*

           Plaintiffs,

      v.

PERRIGO COMPANY, PLC, et al.,

           Defendants.

Civil Action No. 2:19-cv-03973-MCA-LDW

---

TIAA-CREF INVESTMENT
MANAGEMENT, LLC, *et al.,*

           Plaintiffs,

      v.

PERRIGO COMPANY, PLC, et al.,

           Defendants.

Civil Action No. 2:18-cv-08175-MCA-LDW

---

WCM ALTERNATIVES: EVENT-
DRIVEN FUND, *et al.,*

           Plaintiffs,

|  | Civil Action No. 2:18-cv-16204-MCA-LDW |
|---|---|
| v. | |
| PERRIGO COMPANY, PLC, et al., | |
| Defendants. | |
| YORK CAPITAL MANAGEMENT, L.P., *et al.*, | |
| Plaintiffs, | Civil Action No. 2:19-CV-21732 |
| v. | |
| PERRIGO COMPANY, PLC, et al., | |
| Defendants. | |

## MOTION TO EXTEND LIMITED STAY OF DISCOVERY

The United States of America, through the Antitrust Division of the United States Department of Justice, submits this Motion to Extend Limited Stay of Discovery. On October 16, 2019, the Court granted the limited stay of discovery relating to the pricing, sale, and marketing of Perrigo Company, plc's ("Perrigo") domestic generic pharmaceuticals that was agreed upon by the parties in the above-captioned action, as well as in the Individual Actions,[1] until November 15,

---

[1] The Individual Actions are: *Carmignac Gestion, S.A. v. Perrigo Company plc, et al.*, No. 2:17-cv-10467-MCA-LDW, *Mason Capital L.P., et al. v. Perrigo Co. plc, et al.*, No. 2:18-cv-1119-MCA-LDW, *Pentwater Equity Opportunities Master Fund Ltd., et al. v. Perrigo Co. plc, et al.*, No. 2:18-cv-1121-MCA-LDW, *Harel Insurance Company, Ltd., et al. v. Perrigo Company plc, et al.*, No. 2:18-cv-02074-MCA-LDW, *First Manhattan Co. v. Perrigo Company plc, et al.*, No. 2:18-cv-02291-MCA-LDW, *TIAA-CREF Investment Management, LLC, et al. v. Perrigo Company plc, et al.*, No. 2:18-cv-08175-MCA-LDW, *Nationwide Mutual Funds, et al. v. Perrigo Company plc, et al.*, No. 2:18-cv-15382-MCA-LDW, *WCM Alternatives: Event-Driven Fund, et al. v. Perrigo Co., plc, et al.*, No. 2:18-cv-16204-MCA-LDW, *Hudson Bay Master Fund Ltd., et al. v. Perrigo Co., plc, et al.*, No. 2:18-cv-16206-MCA-LDW, *Schwab Capital Trust, et al. v. Perrigo Co. plc, et al.*, No. 2:19-cv-03973-MCA-LDW, *OZ Master Fund, Ltd., et al. v. Perrigo Co., et al.*, No. 2:19-cv-04900-MCA-LDW, *Aberdeen Canada Funds-Global Equity Fund, et al. v. Perrigo Co. plc, et al.*, No. 2:19-cv-06560-MCA-LDW, *Discovery Global Citizens Master Fund, Ltd., et al. v. Perrigo*

2019 (the "October Order"). On December 11, 2019, the Court granted a short extension of the October Order until March 15, 2020 (the "December Order"). The United States now respectfully request that the Court extend the October Order until June 3, 2020.

## BACKGROUND

The United States is conducting a years-long criminal investigation of companies and individuals in the generic pharmaceuticals industry for possible collusion to inflate drug prices, allocate the market, and rig bids in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Portions of the criminal investigation remain non-public, but significant investigative steps have recently been made public. On March 2, 2020, the United States filed a four-count felony charge against Sandoz Inc., a generic pharmaceutical company based in New Jersey, for conspiring to allocate customers, rig bids, and fix prices for generic drugs.[2] The United States announced a deferred prosecution agreement resolving these charges against Sandoz, whereby the company agreed to pay a $195 million criminal penalty and admitted that its sales affected by the charged conspiracies exceeded $500 million. On February 14, 2020, the United States announced that former Sandoz executive Hector Armando Kellum pleaded guilty for his role in a conspiracy to fix prices, rig bids, and allocate customers for generic drugs.[3] Ten days earlier, on February 4, 2020, the United States secured a three-count indictment against Ara Aprahamian, a former top executive

_Company plc, et al._, No. 2:19-cv-21502-MCA-LDW,  _York Capital Management, L.P. et al. v. Perrigo Company, plc, et al._, 2:19-cv-21732,  _Burlington Loan Management DAC v. Perrigo Company, plc, et al._, No. 2:20-cv-1484.

[2] Major Generic Pharmaceutical Company Admits to Antitrust Crimes, https://www.justice.gov/opa/pr/major-generic-pharmaceutical-company-admits-antitrust-crimes.

[3] Former Generic Pharmaceutical Executive Pleads Guilty for Role in Criminal Antitrust Conspiracy, https://www.justice.gov/opa/pr/former-generic-pharmaceutical-executive-pleads-guilty-role-criminal-antitrust-conspiracy.

at a generic pharmaceutical company in New York, for participating in conspiracies to fix prices, rig bids, and allocate customers for generic drugs.[4]

As both this civil action and the criminal investigation move forward, the United States has continued to evaluate whether it is possible to narrow the scope of the limited discovery stay. Indeed, consistent with the Court's December Order, on January 30, 2020 the United States notified all parties that it was releasing from the limited discovery stay depositions noticed to an additional individual and to all corporate defendants under FRCP 30(b)(6), as long as the individuals designated to testify on behalf of corporate defendants are not individuals whose depositions are otherwise stayed.

Similarly, the United States continues to work with all parties in a Multidistrict Litigation involving lawsuits alleging price fixing and other antitrust violations against several defendant generic pharmaceutical companies. *See* Order, *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, 2:16-MD-2724, ECF No. 108 (E.D. Pa. Jan. 6, 2017).[5] There, on November 13, 2019, the MDL court also granted an extension of its own limited discovery stay until March 15, 2020. Pretrial Order No. 108, *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, 2:16-MD-2724, ECF No. 1152 (E.D. Pa. Nov. 13, 2019). On March 12, 2020, the MDL court held a status conference hearing where the United States and the parties jointly requested an extension of the limited stay of discovery until March 26, 2020, to allow further negotiations. During the hearing the MDL court granted the two-week extension. The United States will be seeking an extension of

---

[4] Generic Drug Executive Indicted on Antitrust and False Statement Charges, https://www.justice.gov/opa/pr/generic-drug-executive-indicted-antitrust-and-false-statement-charges.

[5] Perrigo is a named defendant in some of the MDL lawsuits. *See, e.g.*, Opinion, Appendix A, *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, 2:16-MD-2724, ECF No. 1070 (E.D. Pa. Aug. 15, 2019) (denying a motion to dismiss claims against Perrigo New York, Inc. and Perrigo Company PLC).

that stay to align with the MDL court's CMO, to last until June 3, 2020. At the conclusion of the current MDL stay, the parties will either file a joint stipulated proposed order extending the stay of depositions, or the United States will file a contested motion. Consistent with this Court's October Order, if the MDL court rules in favor of a shorter extension period, the United States would agree to shorten the limited discovery stay in this case to make both stays coterminous. *See* October Order, ECF No. 220 ¶ 8 ("The terms of this limited stay of discovery in this case will not extend beyond any stay of discovery imposed in the [MDL litigation]."). In those circumstances, the Unites States would promptly notify the Court of the shorter extension period.

As this Court knows, the October Order was carefully drawn to ensure substantial categories of discovery—those unrelated to the United States' ongoing criminal investigation—can continue without delay. Now that the United States has released depositions noticed to corporate defendants under FRCP 30(b)(6), the limited stay only applies to "[d]epositions of individuals involved in the sale, pricing, or marketing of generic pharmaceuticals in the United States for Perrigo after January 1, 2013." *Id.* ¶¶ 3 & 4. From the original list of nearly 90 potential deponents, the limited stay will only continue to cover ten individuals. *See id.* ¶ 3(a)–(c); March Danks Declaration ¶12. If the Court grants the requested extension of the October Order, consistent with our practice to minimize the impact of the limited stay, the United States will try to identify additional depositions that can proceed without objection no later than Friday, May 1, 2020.

## ARGUMENT

This Court "has broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots*

*Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis*, 299 U.S. at 254–55). A stay of civil proceedings in light of related criminal proceedings may be warranted in appropriate circumstances. *See, e.g.*, *Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967) (staying virtually all proceedings in a related action indefinitely); *SEC v. Mersky*, Case No. 93-cv-5200, 1994 WL 22305, at *1 (E.D. Pa. Jan. 25, 1994) (staying all proceedings for two months). The United States, aware of the burden imposed by a stay, has not sought a stay of all discovery, but limited its request to discovery that involves facts and witnesses in common with the United States' criminal investigation.

### I.   A Limited Stay of Certain Discovery in this Civil Action is Still Warranted

Permitting discovery to resume related to Perrigo's pricing, sale, and marketing of generic pharmaceuticals in the United States risks causing significant harm to the United States' ongoing criminal antitrust investigation, including the risk that facts and information likely to be revealed could jeopardize criminal investigative opportunities. *See* March Danks Declaration ¶¶ 9-14; Exhibit C ¶¶ 7–9. To determine whether a stay is warranted, a court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward[] if there is even a fair possibility that the stay [requested] will work damage to some one else." *Id.* "Especially in cases of extraordinary public moment, the [plaintiff] may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id.* at 256.

In determining whether to stay a civil case because of a related criminal investigation, courts have considered the following factors: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the criminal case, including whether the defendants have been

indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest. *Walsh Sec., Inc. v. Cristo Property Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998). Weighing the considerable harm posed to the United States' criminal investigation against the moderate delay for Plaintiffs, on balance, these factors counsel in favor of an extension of the limited stay.

### A. Common Issues between the Criminal and Civil Cases Weigh in Favor of Granting the Extension of the October Order

Most critically, the allegations presented in this case are premised in part on the same criminal conduct that the United States is currently investigating, and "[t]he similarity of issues has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay." *Walsh Sec., Inc.*, 7 F. Supp. 2d at 527 (citation omitted). One of the "four key areas" where Defendants allegedly made material misrepresentations and omissions is regarding "collusive pricing in Perrigo's most profitable division, generic drugs." Amended Complaint, ECF No. 89, ¶¶ 1, 6.

Specifically, some of Lead Plaintiff's allegations are premised on Perrigo's alleged participation in a criminal antitrust conspiracy affecting the price of generic drugs. These allegations share common questions of law and fact with the United States' criminal investigation into possible violations of the Sherman Act, 15 U.S.C. § 1, among generic drug manufacturers. Further, some of the various generic pharmaceutical manufacturers implicated by Lead Plaintiff's complaint are also affected by the United States' ongoing criminal investigation. See March Danks Declaration ¶¶9-11, Exhibit C ¶¶ 7–9. The discovery at issue involves facts, witnesses, and legal determinations that are common to both this civil action and the United States' ongoing criminal

investigation. Accordingly, this most-important factor weighs heavily in favor of granting an extension of the limited stay of discovery in this civil action.

### B. Status of Criminal Investigation

The Antitrust Division's criminal antitrust investigation is advancing rapidly. As noted earlier, the United States has recently reached a deferred prosecution agreement with a generic pharmaceutical company, filed an indictment against a former senior executive at that company, and reached a plea agreement with a former senior executive at another generic pharmaceutical company. Additional details about the status and future outlook of the United States' criminal antitrust investigation remain non-public and highly sensitive, and have therefore been provided to the Court *ex parte* and *in camera*. *See* March Danks Declaration and exhibits. "The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case …" *Walsh Sec., Inc.*, 7 F. Supp. 2d at 527 (citations omitted).

### C. Plaintiffs Will Not Be Prejudiced by a 2½-month Limited Stay of Certain Depositions

The requested 2½-month limited stay of certain depositions will continue to allow nearly all discovery to move forward without delay, and thus Plaintiffs will not be prejudiced.[6] The bar for establishing prejudice from a moderate delay in proceedings is high. A plaintiff must "establish

---

[6] The United States is also requesting the other terms of the October Order be extended until June 3, 2020. Extending the other terms laid out in the October Order for an additional two and a half months will also not prejudice Plaintiffs.

11

more . . . than simply 'the right to pursue his case and to vindicate his claim expeditiously.'" *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, Case No. 01-cv-5530, 2002 WL 31111766, at *3 (E.D. Pa. Sept. 18, 2002) (citing *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980)); *see also Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014) ("'[M]ere' delay does not, without more, necessitate a finding of undue prejudice[.]") (citation omitted). Here, the moderate delay sought by the United States is not outweighed by any prejudice to Plaintiffs. The October Order was drafted to allow discovery of issues unrelated to the United States' ongoing criminal investigation to continue unimpeded, lessening the prejudice to Plaintiffs of a stay. The United States has also worked with the parties to further limit the impact of the stay by confirming it will not object to depositions of certain individuals who otherwise would have been subject to the stay. Moreover, the United States has offered to identify additional individuals who may be deposed without objection during the pendency of the proposed stay.

### D. Defendants' Interests

The United States understand that Defendants take no position on the United States' requested relief.

### E. Interests of the Court and the Public Weigh in Favor of Extending the October Order

The Court has an interest in the "the disposition of the causes on its docket with economy of time and effort[.]" *Air Line Pilots Ass'n*, 523 U.S. at 879 n.6 (quoting *Landis*, 299 U.S. at 254-55). Here, a stay advances the interest of the Court because further development in the United

12

States' criminal investigation may "moot, clarify, or otherwise affect various contentions in the civil case." *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976); *In re Valeant Pharm. Int., Inc. Third-Party Payor Litig.*, Civ. A. No. 16-3087, 2017 WL 3429342, at *3 (D.N.J. Aug. 9, 2017).

Finally, the public's interest weights in favor of granting the extension of the October Order. The United States is "primarily charged by Congress with the duty of protecting the public interest under [the antitrust] laws," and civil lawsuits brought by private plaintiff can only "supplement[] Government enforcement of the antitrust laws[.]" *United States v. Borden Co.*, 347 U.S. 514, 518 (1954); *see also Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 249 (3d Cir. 2010) (citing *Borden* with approval and noting that "the Government's right and duty to seek an injunction to protect the public interest exist without regard to any private suit or decree"). The public has an interest in the United States being allowed "to conduct a complete, unimpeded investigation into potential criminal activity." *Walsh Sec., Inc.*, 7 F. Supp. 2d at 529. The public stands to benefit significantly from the United States' efficient and effective prosecution of criminal conduct.

In addition, civil discovery depositions may result in certain subjects of the Antitrust Division's criminal investigation gaining access to information earlier than permitted by the Federal Rules of Criminal Procedure,[7] and before criminal charges are even filed. Courts have recognized that "through liberal discovery allowances of our rules of civil procedure, a criminal defendant should not be permitted to secure that to which he is not entitled under the rules of criminal procedure." *United States v. One 1967 Buick Hardtop Electra 225*, 304 F. Supp. 1402, 1403 (W.D. Pa. 1969).

---

[7] *See* Fed. R. Crim. P. 16.

## CONCLUSION

For the reasons stated above, the United States respectfully requests the Court extend the October Order until June 3, 2020 to allow its investigation to proceed without being jeopardized.[8]

Dated: March 13, 2020
      Washington, DC

Respectfully submitted,

s/ Jesús M. Alvarado-Rivera
Jesús M. Alvarado-Rivera
Nathan Brennan
Jay Owen
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 5th Street NW, Suite 11300
Washington, D.C. 20530
Telephone:   (202) 598-8325
Fax:             (202) 305-0673
E-Mail:       Jesus.Alvarado-Rivera@usdoj.gov

COUNSEL FOR INTERVENOR-UNITED STATES

---

[8] If the Court grants the extension of stay, the United States reserves the right to seek a further reasonable extension of the stay if warranted by circumstances. For additional details, please see Paragraphs 13-14 of the March Danks Declaration. Conversely, if developments in the investigation obviate the need for the stay prior to June 3, 2020, the United States will notify the Court promptly.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 13, 2020, I electronically filed the foregoing Motion to

Extend Limited Stay Discovery with the Clerk of Court using the CM/ECF system, which will

send notification of such to all counsel of record.

s/ Jesús M. Alvarado-Rivera
Jesús M. Alvarado-Rivera
Trial Attorney
U.S. Department of Justice
Antitrust Division,
450 5th Street NW, Suite 11300
Washington, D.C. 20530
Telephone:   (202) 598-8325
Fax:              (202) 305-0673
E-Mail:  Jesus.Alvarado-Rivera@usdoj.gov

15

## <u>DESIGNATION PURSUANT TO LOCAL CIVIL RULE 101.1(f)</u>

Pursuant to Local Civil Rule 101.1(f), the undersigned hereby designates the United States Attorney for the District of New Jersey to receive service of all notices or papers in this action at the following address:

Mark Orlowski
Assistant U.S.
Attorney
United States Attorney's
Office District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
Telephone: (973) 297-2098

s/ Jesús M. Alvarado-Rivera

Jesús M. Alvarado-Rivera
Trial Attorney
U.S. Department of Justice
Antitrust Division,
450 5th Street NW, Suite 11300
Washington, D.C. 20530
Telephone:   (202) 598-8325
Fax:             (202) 305-0673
E-Mail:  Jesus.Alvarado-
Rivera@usdoj.gov

12