# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
## Leda Dunn Wettre
**United States Magistrate Judge**

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

April 9, 2020

To:     All counsel of record

## **LETTER ORDER**

Re:     _Roofers' Pension Fund v. Papa, et al._, Civ. A. No. 16-2805 (MCA) (LDW)

_Carmignac Gestion, S.A. v. Perrigo Co. plc, et al._, Civ. A. No. 17-10467 (MCA) (LDW)

_Mason Capital L.P., et al. v. Perrigo Co. plc, et al._, Civ. A. No. 18-1119 (MCA) (LDW)

_Pentwater Equity Opportunities Master Fund Ltd., et al. v. Perrigo Co. plc, et al._, Civ. A. No. 18-1121 (MCA) (LDW)

_Harel Ins. Co., Ltd., et al. v. Perrigo Co. plc, et al._, Civ. A. No. 18-2074 (MCA) (LDW)

_First Manhattan Co. v. Perrigo Co. plc, et al._, Civ. A. No. 18-2291 (MCA) (LDW)

_TIAA-CREF Investment Mgmt., LLC, et al. v. Perrigo Co. plc, et al._, Civ. A. No. 18-8175 (MCA) (LDW)

_Nationwide Mutual Funds, et al. v. Perrigo Co. plc, et al._, Civ. A. No. 18-15382 (MCA) (LDW)

_WCM Alternatives: Event-Driven Fund, et al. v. Perrigo Co. plc, et al._, Civ. A. No. 18-16204 (MCA) (LDW)

_Hudson Bay Master Fund Ltd., et al. v. Perrigo Co. plc, et al._, Civ. A. No. 18-16206 (MCA) (LDW)

_Schwab Capital Trust, et al. v. Perrigo Co. plc, et al._, Civ. A. No. 19-3973 (MCA) (LDW)

_Sculptor Master Fund, Ltd., et al. v. Perrigo Co. plc, et al._, Civ. A. No. 19-4900 (MCA) (LDW)

_Aberdeen Canada Funds – Global Equity Fund, et al. v. Perrigo Co. plc, et al._, Civ. A. No. 19-6560 (MCA) (LDW)

*Discovery Global Citizens Master Fund, Ltd., et al. v. Perrigo Co. plc, et al.*, Civ. A. No. 19-21502 (MCA) (LDW)

*York Capital Mgmt., L.P., et al. v. Perrigo Co., plc, et al.*, Civ. A. No. 19-21732 (MCA) (LDW)

*Burlington Loan Mgmt. DAC v. Perrigo Co., plc, et al.*, Civ. A. No. 20-1484 (MCA) (LDW)

Dear Counsel:

      This letter order addresses the application of intervenor the United States to further extend the limited stay of discovery in the above-captioned *Roofers' Pension* Class Action and related Individual Actions in light of the Government's ongoing criminal investigation into anticompetitive practices in the generic pharmaceuticals industry.  (Civ. A. No. 16-2805, ECF No. 258).

      With the consent of all parties, the Court entered an Order dated October 16, 2019 imposing a limited stay of discovery relating to the pricing, sale, and marketing of generic pharmaceuticals in the United States by defendant Perrigo Company plc.  (Civ. A No. 16-2805, ECF No. 220).  By Order dated December 11, 2019, the Court granted the Government's motion to extend the limited discovery stay to March 15, 2020.  (Civ. A. No. 16-2805, ECF No. 242).  The Government now requests a further extension of the limited discovery stay to June 3, 2020.  (Civ. A. No. 16-2805, ECF No. 258).  The Government's requested stay would delay a total of ten depositions for an additional two and a half months.  (*Id.*).  Lead Plaintiff in the Class Action opposes this application.  (Civ. A. No. 16-2805, ECF No. 263).  Defendants take no position.  (Civ. A. No. 16-2805, ECF No. 264).  Factors relevant to the Court's determination of the appropriateness of a further stay of discovery include:  "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest."  *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998).

      The Court has already determined that Plaintiffs' allegations that Perrigo made material misrepresentations regarding collusive pricing of generic drugs overlaps with the Government's ongoing investigation into price fixing in the generic pharmaceuticals industry.  *See id.* ("The similarity of issues has been termed the most important issue at the threshold in determining whether or not to grant a stay." (quotation omitted)).  The Court has reviewed *in camera* the March 12, 2020 Declaration of Ryan Danks, counsel for the Antitrust Division of the Department of Justice, and finds that while the Government's investigation has made significant progress, including the filing of criminal charges against generic pharmaceutical manufacturer Sandoz, Inc. and a former Sandoz executive, allowing depositions of certain Perrigo witnesses to go forward would jeopardize investigative opportunities in the Government's ongoing, albeit narrowed, criminal investigation.

      While the Court appreciates Lead Plaintiff's frustration with additional delay, such frustration does not amount to appreciable prejudice.[1]  The Court emphasizes that the discovery stay

---

[1] Although Lead Plaintiff represents that it will "consider" foregoing these ten depositions in order for the case to procced expeditiously to trial, the Individual Action Plaintiffs have made no such representation.  (Lead Pl. Memo in Opp. at 7, ECF No. 263).  In any event, Lead Plaintiff's

2

is limited in both time and scope.  In light of the coronavirus pandemic currently plaguing the United States, it is highly unlikely that the ten depositions would be able to proceed before June 3, 2020 even if the Court were to deny the Government's application for a stay.  The Court is mindful of the District of New Jersey's Standing Order 2020-04, which extends all civil discovery deadlines between March 25, 2020 and April 30, 2020 by 45 days.  Although the Standing Order does not by its terms automatically extend this limited discovery stay, the public health and safety, procedural, and fairness considerations motivating the entry of the Standing Order apply with equal force to extending the discovery deadline at issue here.  Plaintiffs have had the opportunity to take significant discovery to date on topics unrelated to the Government's investigation.  And while there may be practical issues with taking certain Rule 30(b)(6) depositions, the Government has in fact released depositions noticed to corporate defendants from the limited stay.  The Government has also agreed to try to identify additional witnesses that may be released from the limited discovery stay on or before May 1, 2020.

Finally, the Court notes that a similar discovery stay has been entered through June 3, 2020 in the *In re: Generic Pharmaceuticals Pricing Antitrust Litigation* multidistrict litigation proceedings in the Eastern District of Pennsylvania.  It is in the interest of fairness and judicial economy for discovery in these civil actions to proceed in a coordinated manner.  (Civ. A. No. 16-MD-2724, Pretrial Order No. 117).

On balance, the *Walsh* factors counsel in favor of a continued stay.  Therefore, the Government's application to extend the limited discovery stay in the *Roofers' Pension* Class Action and the related Individual Actions is **GRANTED**.  All terms of the Court's October 16, 2019 Order shall remain in effect until **June 3, 2020**.  Again, the parties are directed to take all discovery possible during the pendency of the limited stay and be prepared to take any remaining depositions of witnesses subject to the stay as expeditiously as possible after June 3, 2020.  The parties are directed to meet and confer regarding the scheduling of non-stayed depositions.  The parties shall appear for a telephonic status conference before the undersigned on **June 18, 2020 at 4:00 p.m.**  The parties are directed to submit concise status letters to the Court no later than **June 15, 2020 at 5:00 p.m.**  Once all parties are on the phone, please call Chambers at (973) 645-3574.

The Clerk of Court is directed to terminate the following motions:

| Civil Action No. | Motion to be Terminated |
|---|---|
| 16-2805 | ECF No. 258 |
| 17-10467 | ECF No. 102 |
| 18-1119 | ECF No. 82 |
| 18-1121 | ECF No. 85 |
| 18-2074 | ECF No. 104 |
| 18-2291 | ECF No. 100 |
| 18-8175 | ECF No. 93 |
| 18-15382 | ECF No. 86 |
| 18-16204 | ECF No. 70 |
| 18-16206 | ECF No. 66 |
| 19-3973 | ECF No. 82 |

unwillingness to commit to foregoing the depositions suggests that any prejudice caused by extending the limited discovery stay is not so great as Lead Plaintiff contends.

3

| 19-4900 | ECF No. 78 |
| 19-6560 | ECF No. 77 |
| 19-21502 | ECF No. 22 |
| 19-21732 | ECF No. 24 |
| 20-1484 | ECF No. 17 |

It is **SO ORDERED**.

<u>*s/ Leda Dunn Wettre, U.S.M.J.*</u>