

| | **Michael B. Himmel**<br>Partner | One Lowenstein Drive<br>Roseland, New Jersey 07068<br>**T**: 973.597.6172<br>**F**: 973.597.6173<br>**E**: mhimmel@lowenstein.com |
|---|---|---|

June 30, 2020

**VIA ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *Roofers' Pension Fund v. Papa, et al.*, Civil Action No. 16-2805 (MCA) (LDW)

Dear Judge Wettre:

We write on behalf of Class Representatives and the certified Classes comprised of thousands of Perrigo investors (collectively, "Plaintiffs") in furtherance of our June 15, 2020 letter (ECF No. 277) and in opposition to Defendants' June 26, 2020 letter requesting that this Court should significantly delay the progress of this litigation (ECF No. 282). Federal Rule of Civil Procedure 1 provides that the rules should be applied "to secure the just, *speedy*, and inexpensive determination of every action." Now, four years after this action was filed, there is no reason to delay readying this case for trial, including scheduling dispositive motions and a tentative trial-ready date.

***Any enlargement of the expert discovery period should be consistent with this Court's statement.*** Plaintiffs acknowledge this Court's recommendation in the June 18, 2020 Zoom status conference that expert deadlines be expanded by a few weeks. Plaintiffs adjust their proposed schedule to reflect this recommendation as follows:

| *Event* | *Plaintiffs' modified proposal* | *Defendants' proposal* |
|---|---|---|
| Opening expert reports | September 22, 2020[1] | September 29, 2020 |
| Rebuttal expert reports | October 31, 2020 | December 4, 2020 |
| Reply expert reports | December 4, 2020 | January 8, 2021 |
| Expert discovery closes | December 31, 2020 | *delay indefinitely* |
| Dispositive motion deadline | January 15, 2021 | *delay indefinitely* |
| Dispositive motion opposition | February 15, 2021 | *delay indefinitely* |
| Dispositive motion reply | March 8, 2021 | *delay indefinitely* |

---

[1] Defendants state that they prefer to not receive Plaintiffs' expert reports during Jewish holidays, specifically Rosh Hashanah (which begins on September 18, 2020 at sundown, and ends September 20, 2020 at sundown). In deference to this request, Plaintiffs have adjusted their opening expert report date.

Hon. Leda Dunn Wettre, U.S.M.J.                                                      June 30, 2020
Page 2

***Plaintiffs are amenable to closing fact and expert discovery simultaneously at December 31, 2020.*** Defendants state they prefer to keep fact discovery open while expert discovery commences. Plaintiffs do not object to keeping all discovery open until December 31, 2020, so long as doing so does not delay dispositive motions, pre-trial orders, or trial. Plaintiffs note that Defendants need not await the close of discovery to file any dispositive motion, and that this Court need not tie the dispositive motion deadline to the close of discovery. *See* Fed. R. Civ. P. 56(b).

***Defendants already possess and have reviewed the documents they claim will be at issue in summary judgment.*** Defendants' letter claims that scheduling of summary judgment should be delayed to address that "Perrigo has produced in excess of 2.45 million pages of material (more than 387,500 documents)." But those are Perrigo's own documents, which it has known about for years and already reviewed for purposes of this litigation (and other litigation). On the whole, they support Plaintiffs' case, not summary judgment. More importantly, the documents have long been possessed by Perrigo and cannot provide a good faith basis for delay.

***Defendants identify no discovery needs justifying a delay in dispositive motions.*** Defendants specify no discovery that they would need to undertake before moving for summary judgment. Nor would it make sense that Defendants would need *any* additional discovery. That Defendants claim to need several more months before they are able to articulate a motion for summary judgment only demonstrates that they lack a basis to do so within the confines of Rule 11. It does not show cause for a long delay.

***Plaintiffs will not seek to delay the dispositive motion deadline or seek a Rule 56(d) extension to accommodate stayed depositions.*** Plaintiffs have been absolutely clear that they are prepared to move to trial at as rapid a pace as this Court will allow, <u>without any delay for the depositions that the Department of Justice ("DOJ") has sought to stay</u>. Plaintiffs reiterate that they will not seek Rule 56(d) relief related to stayed depositions. It is time for Defendants to stop leveraging the DOJ's stay requests for their own strategic delays.

***Plaintiffs will forego any stayed depositions unless the stay is lifted or the deponent removed from the stay prior to trial.*** Plaintiffs, who have consistently opposed extensions of the DOJ stay, seek to establish a path forward that will fulfill Rule 1 of the Federal Rules of Civil Procedure and avoid prejudicing the parties, in the event that this Court grants additional stay extension(s) to the DOJ. Plaintiffs seek no delay to accommodate stayed depositions. If the witnesses do not become available, Plaintiffs have committed to foregoing their depositions. Plaintiffs do, however, reserve the right to participate in a deposition that has been denied to them during the normal course of discovery should the stay be lifted or if the deponent is removed from the scope of the stay.

There is no legitimate basis to argue otherwise. Plaintiffs should not be prejudiced for advancing their case, as Defendants improperly suggest. Stayed deponents are unavailable not because of any conduct by Plaintiffs, but because the government is investigating *Perrigo's* possible involvement in an antitrust conspiracy.

Perrigo does not dispute that all ten stayed individuals have evidence relevant to this litigation, and states in its Rule 26(a)(1) disclosures that it may call five of them as witnesses at trial in this



action. While Defendants may prefer that Plaintiffs are denied damaging evidence and impeachment material, there is no legal justification to bar Plaintiffs from participating in depositions should these witnesses become available before trial. Perrigo's "catch me if you can" approach to discovery must be rejected. *See Inferrera v. Wal-Mart Stores, Inc.*, No. 11-5675 (RMB/JS), 2011 U.S. Dist. LEXIS 146007, at *4 (D.N.J. Dec. 20, 2011) ("gotcha games" in discovery "are not acceptable"). Likewise, continuing document productions should be made available to Plaintiffs as they are to other litigants in these related cases.

*A ready-for-trial date should be set.* While we take very seriously the Court's concerns about setting a trial date if motions for summary judgment are pending, establishing a tentative ready-for-trial date in this case is fundamental to ensuring that the Parties promptly prepare for trial and seriously weigh the risks, costs and effects of continued litigation. If it becomes necessary to adjourn such dates as they approach, the Court has discretion to do so. *See* Fed. R. Civ. P. 16(b)(4).

Plaintiffs do not expect to file any summary judgment motions. Any motions by Defendants would face bleak prospects, and would provide no reason to suspend setting a full pre-trial schedule. While most securities fraud defendants seek to delay trial with an extended summary judgment schedule, defendants actually filed such motions in only 7.2% of such cases. *See* NERA, "Recent Trends in Securities Class Action Litigation: 2017 Year-End Review," *available at* https://www.nera.com/content/dam/nera/publications/2018/PUB_Year_End_Trends_Report_0118_final.pdf. Securities cases are rarely resolved by summary judgment, and the prospects for successful summary judgment here are far weaker than most. Judge Arleo already pared arguably vulnerable claims at the motion to dismiss stage, and discovery strongly supports the remaining claims.

Defendants doubtless will argue certain other evidence could be considered exculpatory, but that will only confirm triable issues of material fact reserved for the jury. Given these circumstances, and the extremely high standard for summary judgment under Fed. R. Civ. P. 56—requiring a showing that there is "no genuine dispute as to any material fact"— any such motions would have a very low chance of success.

Thus, the possibility of a future summary motion need not enable further delay. Plaintiffs respectfully request, at a minimum, that the Court order the parties to concurrently address pre-trial matters (including a pre-trial order) during the pendency of a briefed dispositive motion, so that the trial of this already-delayed case may progress as efficiently as possible once the motion is resolved. Plaintiffs suggest that a pre-trial conference be set for April 15, 2021, and that the parties be ready-for-trial by May 13, 2021. Having the case ready-for-trial also permits the Court flexibility. Upon review of summary judgment papers it may determine that "differences between the paper record available on summary judgment and a trial record make judgment as a matter of law under Rule 50 preferable." *See Gen. Refractories Co. v. First State Ins. Co.*, No. 04-3509, 2015 U.S. Dist. LEXIS 76177, at *5 (E.D. Pa. June 11, 2015).



Plaintiffs are available to discuss these issues further should the Court find oral argument helpful.

Respectfully submitted,
/s/ *Michael B. Himmel*
Michael B. Himmel

cc: All Counsel of Record (Via ECF)

