

**Michael B. Himmel**
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

**T**: 973.597.6172
**F**: 973.597.6173
**E**: mhimmel@lowenstein.com

September 2, 2020

**VIA ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *Roofers' Pension Fund v. Papa, et al.*, Civil Action No. 16-2805 (MCA) (LDW)

Dear Judge Wettre:

The latest limited stay Your Honor granted to the United States Department of Justice ("DOJ") expired on August 31, 2020. That same day, the DOJ filed a letter motion requesting that Your Honor impose yet another serial stay, this time until November 30, 2020. See ECF No. 300. Plaintiffs continue to oppose these endless delays, which have impeded generic rx-related discovery since at least August 2019.

This Court has already afforded the DOJ multiple stays related to generic rx discovery in this case. The DOJ now seeks another three-month stay, and asks to block the depositions of seven key Perrigo former employees and officers that it has already thwarted for more than a year. The DOJ's request should be denied. Its seriatim stay requests impose "case management problems which impede the court's responsibility to expedite discovery and . . . unnecessary litigation expenses and problems." *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*, No. 002284 (JTG), 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002) (internal quotation marks and citations omitted).

Nor will the DOJ's serial stay requests end with the expiration of the currently-requested stay on November 30, 2020. As the DOJ conceded to Plaintiffs' counsel in an August 27, 2020 teleconference, it believed it would likely continue to seek stays for the foreseeable future after this one (if granted) expired. *See Trusted Transp. Sol., LLC v. Guar. Ins. Co.*, 2018 WL 2187379, at *4 (D.N.J. 2018) (denying request for stay where "[t]he case has already been inordinately delayed" and "no reasonable prediction can be made as to when [the proceedings underlying the stay request] will be completed.").

Accepting the DOJ's continued stay requests forces Plaintiffs into an unfair choice: either indefinitely delay progress of their litigation or accept the prejudice of being unable to depose key witnesses. To the extent the Court is inclined to continue to force that choice, Plaintiffs remain committed to proceeding to summary judgment and trial even if it means foregoing those depositions. However, in light of the DOJ's failure for more than a year to charge Perrigo or any Perrigo witness of which it seeks to block deposition, Plaintiffs respectfully request that the DOJ's Accordingly, its latest request for an additional three-month stay should be denied.

Hon. Leda Dunn Wettre, U.S.M.J.                      September 2, 2020
Page 2

Plaintiffs look forward to addressing the remaining litigation schedule at the status conference on October 15, 2020.

Respectfully submitted,
*/s/ Michael B. Himmel*
Michael B. Himmel

cc: All Counsel of Record (via ECF)

