

|  |  |
|---|---|
| **Michael B. Himmel**<br>Partner | One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>**T**: 973.597.6172<br>**F**: 973.597.6173<br>**E**: mhimmel@lowenstein.com |

April 15, 2022

**VIA ECF**

Hon. Julien X. Neals, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:     *Roofers' Pension Fund v. Papa, et al.*, Civil Action No. 16-2805 (JXN) (LDW)

Dear Judge Neals:

We represent Lead Plaintiff and the certified Classes of investors in the above-captioned Action. We write briefly to address three cases that Defendants raised for the first time at oral argument last week. *See, e.g.*, Transcript of April 7, 2022 Oral Argument, ECF No. 385 ("Hearing Tr."), at 37:21-39:20 (citing for the first time *City of Taylor Police & Fire Retirement System v. Zebra Technologies Corporation*, 8 F.4th 592 (7th Cir. 2021), *In re Ferrellgas Partners, L.P., Securities Litigation*, 2018 WL 2081859 (S.D.N.Y. Mar. 30, 2018), *aff'd*, 764 F. App'x 127 (2d Cir. 2019), and *Friedman v. Endo International PLC*, 2018 WL 446189 (S.D.N.Y. Jan. 16, 2018), *aff'd*, *Steamfitters' Industry Pension Fund v. Endo International PLC*, 771 F. App'x 494 (2d Cir. 2019)). Defendants are wrong to suggest that these cases undermine Judge Arleo's holding that "statements regarding the success of the merger [with Omega] and its accretive effect are actionable," *Roofer's Pension Fund v. Papa*, 2018 WL 3601229, at *14 (D.N.J. July 27, 2018), and that this Action broadly covers "misrepresentations and omissions regarding . . . ***the performance and integration of Omega***." Notice of Pendency of Class Action, attached as Exhibit 2 to the Stipulation and Order Approving Notice of Pendency of Class Action, ECF No. 292 ("Notice"), at 2 (emphasis added). Defendants' belated attempts to redraw the scope of allegations sustained by Judge Arleo in 2018 should be rejected. *See* Memorandum in Opposition to Summary Judgment, ECF No. 359 ("Opp. Br."), at 5-9.

Because Defendants never raised those cases before Judge Arleo, or in any of their six summary judgment briefs, Lead Plaintiff has not yet had an opportunity to address them. We do so now. The opinions in all three cases do not even remotely support Defendants' collateral attacks attempting to rewrite Judge Arleo's orders. None held that management lies about integration were categorically shielded from liability or even involved facts similar to this case, in which the CEO falsely claimed publicly that the integration would be accretive yet also—undisclosed to investors—directed his team to "███████████████████████████████'" (ECF No. 353-91 (Ex. 84)), and he and other executives were expressly warned that (among other things) "██████████████████████████████████████████." (ECF No. 359-13 (Ex. 165 at 234:8-236:11)):

- *City of Taylor Police & Fire Retirement System v. Zebra Technologies Corporation*, 8 F.4th 592 (7th Cir. 2021), involved an integration-related statement determined to be

puffery on a Rule 12(b)(6) motion to dismiss—***not*** on a motion for summary judgment with a full record, as here. *Id.* at 596. Even to the extent Rule 12(b)(6) decisions have any relevance at summary judgment, Judge Arleo already ruled that Perrigo's boilerplate risk language here did not "shield [Defendants] from liability" for the present statements of fact at issue here, "such as '[Omega] **has been** accretive to our growth', '[b]ack office **is** working smoothly', 'we . . . **are** . . . in line with our going online integration process,' Perrigo has '**delivered** on our integration plans,' and '[w]e **supplemented** [Omega] with our manufacturing infrastructure.'" *Roofer's*, 2018 WL 3601229, at *15 (emphasis in original). Discovery has confirmed Judge Arleo's ruling. *See generally* Opp. Br. at 13-34 (discussing Lead Plaintiff's extensive record evidence reflecting Defendants' knowledge of falsity at the times they made false and misleading statements to investors).

- *In re Ferrellgas Partners, L.P., Securities Litigation*, 2018 WL 2081859 (S.D.N.Y. Mar. 30, 2018), *aff'd*, 764 F. App'x 127 (2d Cir. 2019), another motion to dismiss ruling, stands only for the unremarkable proposition that certain integration-related statements can, in context, be too vague to be actionable. *Id.* at *12. This ruling has no application here, as Judge Arleo already ruled that Defendants' statements here were ***specific*** assertions that, e.g., falsely and misleadingly "claim[ed] integration milestones" and "omit[ed] known extensive problems that brought key integration process to a halt by mid-2015." *Roofer's*, 2018 WL 3601229, at *13. And again, Judge Arleo's rulings have been overwhelmingly confirmed by the record discussed extensively in Lead Plaintiff's submissions, including that Omega's CEO protested to Defendants Papa and Brown that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See* ECF No. 359-13 (Ex. 165 at 234:18-239:9); ECF Nos. 359-28, 29 (Exs. 180, 181); *see also generally* Opp. Br. at 13-34; Lead Plaintiff's Statement of Additional Disputed Material Facts in Support of Plaintiffs' Opposition to Defendants' Motions for Summary Judgment, ECF No. 359-2 at ¶¶41-183.

- *Friedman v. Endo International PLC*, 2018 WL 446189 (S.D.N.Y. Jan. 16, 2018), *aff'd*, *Steamfitters' Industry Pension Fund v. Endo International PLC*, 771 F. App'x 494 (2d Cir. 2019), which concerns allegations that the defendant company had "'stated its intention to adhere exclusively to' a particular strategy and then changed its strategy without informing investors." *Friedman*, 2018 WL 446189, at *6 (citations omitted). But Lead Plaintiff makes no such assertion. Rather, Lead Plaintiff asserts (and a reasonable jury could conclude) that ***evidence*** showing, among other things, that Defendants deliberately disregarded Perrigo's integration policies demonstrates that they understood—and by their own conduct created—the problems damaging Perrigo's integration of Omega. Thus, *Endo* provides no basis to question – let alone collaterally attack – Judge Arleo's decision sustaining claims that Defendants knowingly or recklessly made false and misleading statements concerning the "present success" of Perrigo's integration of Omega while omitting "serious, present problems with integration," *Roofer's*, 2018 WL 3601229, at *14-15, or the Class Notice ordered by Judge Arleo describing the claims as involving "the performance and integration of Omega." Notice at 2.



Hon. Julien X. Neals, U.S.D.J. April 15, 2022
Page 3

Finally, Defendants' claim that "[t]he case law is different now than it was when Judge Arleo made her decision" upholding claims regarding the performance and integration of Omega is simply wrong. *See* Hearing Tr. at 38:24-25. Courts across the country continue to hold actionable statements about integration similar to those alleged by Lead Plaintiff and sustained by Judge Arleo here. *See, e.g.*, *La. Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc., et al.*, 2021 WL 4397946, at *17 (S.D. Ohio Sept. 27, 2021) ("[S]tatements made about the Cordis integration were materially misleading because Defendants failed to disclose 'known facts necessary to make' the 'statements not misleading.'") (citation omitted); *Hedick v. The Kraft Heinz Co.*, 2021 WL 3566602, at *5, 10 (N.D. Ill. Aug. 11, 2021) (sustaining allegations concerning statements about the company's integration and savings plan, finding that statements lacked indicators of opinion and contained verifiable and measurable information); *City of Hollywood Police Officers' Ret. Sys. v. Henry Schein, Inc.*, 552 F. Supp. 3d 406, 416 (E.D.N.Y. 2021) ("[G]iven the allegedly woeful state of the sales force integration efforts, Shaw's repeated and seemingly erroneous representations that those efforts had been successfully completed . . . were misleading when they were made.").

Defendants' collateral attacks on the clear orders of Judge Arleo are not only substantively unfounded, but procedurally improper. Defendants at no time sought reconsideration or interlocutory appeal of either the motion to dismiss order or the class notice order. They should not be heard to do so now, and especially not by mischaracterizing cases that they declined to timely raise. We look forward to Your Honor's determination of the pending motions, and a trial setting for this 2016 case.

Respectfully submitted,
s/ Michael B. Himmel
Michael B. Himmel

cc:   Hon. Leda Dunn Wettre, U.S.M.J.
      All Counsel of Record

