

| | **Michael B. Himmel**<br>Partner | One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>**T**: 646-414-6904<br>**F**: 973-597-6173<br>**E**: mhimmel@lowenstein.com |
|---|---|---|

May 6, 2022

<u>VIA ECF</u>

Hon. Julien X. Neals, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom: MLK 5D
Newark, NJ 07102

   RE: *Roofer's Pension Fund v. Papa*, Civil Action No. 16-cv-02805-JXN-LDW

Dear Judge Neals:

  We represent Lead Plaintiff and the three certified Classes of investors in the above-captioned Action. We write to reply briefly to Defendants' letter dated April 29, 2022, ECF No. 390. The arguments in Defendants' letter violate controlling Third Circuit authority, misstate the holdings of the cited cases, and misrepresent the proceedings before Judge Arleo.

  **I.** **Defendants' Letter Arguments Are Squarely Rejected By Controlling Third Circuit Precedent**

  At summary judgment, the Third Circuit requires that "the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). District courts are strictly prohibited at this stage from weighing evidence, assessing credibility, or determining which among multiple inferences is the most plausible. *Id.*; *Boyle v. Cty. of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). All of those functions are within the exclusive province of the jury. *Id.* The prohibition is absolute—summary judgment may not be granted "if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Nathanson v. Med. Coll. of Pennsylvania*, 926 F.2d 1368, 1380 (3d Cir. 1991).

  Defendants' letter repeatedly contradicts this controlling authority and urges this Court to commit reversible error. For example, Defendants ask this Court to adopt a facially implausible competing interpretation of Exhibit 84, an internal review by senior Perrigo executives of the reasons why the Omega integration failed. Exhibit 84 reflects the express admission of Perrigo's Chief Integration Officer—who had been hand-picked by Defendant Papa to oversee the Omega integration—that Perrigo disregarded its own integration "must have" requirements in its 2015 Omega acquisition at Defendant Papa's direction. Exhibit 84 also concedes that Perrigo had "clear indications" from a July 2015 integration meeting "of problems relative to controls, risks, and

Hon. Julien X. Neals, U.S.D.J.  May 6, 2022
Page 2

scaling" at Omega, but "did not act on our convictions and allowed [Omega] management practice to proceed." *See* Ex. 84. Defendants' letter implausibly claims that this "retrospective" analysis "does not shed any light on what Mr. Papa (or anyone else) knew [in 2015] at the time of the challenged statements." *See* ECF No. 390 at 5. Defendants' strained reading is inconsistent with the plain text of Exhibit 84, which on its face indicates that Papa ordered Perrigo to disregard its integration safeguards ***in 2015*** and that severe problems were well-known to Perrigo by July 2015, if not earlier. That plain meaning from the face of the evidence must be accepted at summary judgment, and all reasonable inferences drawn in Plaintiffs' favor.[1] *Marino*, 358 F.3d at 247. *See also* Ex. 165 [Farrington Dep. at 65:10-76:14] (deposition testimony by author of Exhibit 84 confirming that the plain reading was correct).

Defendants' letter likewise asks this Court to improperly draw inferences with respect to Exhibit 165, deposition testimony discussing an email that was provided to Defendants Papa and Brown in which Omega CEO Marc Coucke states "nothing is going right with the integration. Everything is horrible." Defendants' letter impermissibly suggests that the Court should replace the plain words used by Mr. Coucke with their preferred inference that "Perrigo was actually integrating Omega." ECF No. 390 at 5. Defendants fail to cite any authority supporting their rewriting of evidence, and do not even attempt to argue that a reasonable jury could not construe Mr. Coucke's warning to mean exactly what he said: that "nothing was going right with the integration." As with Exhibit 84, Exhibit 165 must be taken at face value and all inferences must be drawn in Plaintiffs' favor. *Marino*, 358 F.3d at 247.

Defendants' discussion of *City of Taylor Police & Fire Ret. Sys. v. Zebra Techs. Corp.*, 8 F. 4th 592 (7th Cir. 2021) commits the same error. Defendants urge that like *Zebra*, this Court must weigh competing inferences to determine which is the "more plausible inference." ECF No. 390 at 2. But Defendants ignore that, as pointed out in Lead Plaintiff's letter, *Zebra* is a Rule 12(b)(6) motion to dismiss decision, *not* a summary judgment decision, as here, for which the Third Circuit explicitly forbids weighing inferences. *See, e.g.*, *Marino*, 358 F.3d at 247; *Nathanson*, 926 F.2d at 1380.[2]

---

[1] The case cited in Defendants' letter as a basis for refusing to apply the required inferences in favor of non-movants has nothing to do with summary judgment, and was not accurately cited in Defendants' letter. *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, No. CV 14-68-RGA, 2015 WL 4036179, *5-6 (D. Del. July 1, 2015), *aff'd sub nom. OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481 (3d Cir. 2016) held only that for pleading purposes the fact a union filed a labor grievance approximately seven weeks after a merger was announced did not indicate that the company knew about the union's position before the merger was announced. *OFI* neither stated nor held, as Defendants' letter misrepresents, that relying on a later-filed document or statement is an attempt to prove fraud by hindsight. *See* ECF No. 390 at 5.

[2] Additionally, the scienter standard is ***higher*** at the pleading stage than at summary judgment or trial. To survive a motion to dismiss, a securities fraud plaintiff must establish a "strong inference" of scienter, *see* 15 U. S. C. §78u–4(b)(2), but at summary judgment that same plaintiff need only "supply a basis from which to draw a *reasonable inference* that [defendants] recklessly or knowingly issued a materially false and misleading [statement]." *In re Bristol-Myers Squibb Sec. Litig.*, Civil Action No. 00-1990, 2005 U.S. Dist. LEXIS 18448, at *43-44 (D.N.J. Aug. 17, 2005).



Hon. Julien X. Neals, U.S.D.J.  May 6, 2022
Page 3

## II. Defendants' Letter Misrepresents the Proceedings Before Judge Arleo

Defendants' letter is not accurate about Judge Arleo's orders defining what is, and what is not, a surviving claim in this litigation. Judge Arleo's motion to dismiss opinion, ECF No. 136, expressly held that "Papa and Brown's statements regarding the success of the merger ***and its accretive effect*** are actionable representations of present success," *id.* at 27, and only dismissed a small subset of statements regarding Omega performance: "purely forward-looking revenue and synergy projections," *id.* at 31. For Generic Rx claims, in addition to sustaining statements related to concealment of illegal conduct and misrepresentation of Perrigo's pricing strategy, Judge Arleo expressly held "that Defendants' statements regarding competitiveness in the generic market and pricing pressures are likewise actionable." *Id.* at 23.

The broad surviving Omega and Generic Rx claims were not limited by Judge Arleo's class certification order, ECF No. 227. Defendants' letter artfully excerpts portions of sentences from that order, but the full text does not even remotely suggest any limitation. Instead, the actual text states "that the Classes may pursue the following claims set forth in the Amended Complaint, ECF No. 89, and consistent with the Court's Opinion and Order of July 27, 2018, ECF No. 136-37: Violation of Section 10(b) of the Exchange Act of 1934 (the 'Exchange Act'), 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5(b), against all Defendants; Violation of Section 14(e) of the Exchange Act, 15 U.S.C. § 78n(e), against all Defendants; Violation of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against the Individual Defendants; and Violation of the Israel Securities Law, 1968, against all Defendants." ECF No. 227 at 2. Simply put, Defendants were unable to convince Judge Arleo to narrow Omega or Generic Rx claims other than dismissing "purely forward-looking" statements and cannot point to any order that does so.

Any ambiguity as to the broad nature of surviving claims was conclusively eliminated by proceedings over class notice, in which ***the Court ordered, and all parties agreed***, that the surviving claims were "clearly and concisely stated" by this description:

> This Action is a securities class action lawsuit alleging violations of Sections 10(b), 14(e) and 20(a) of the Securities Exchange Act of 1934 and certain claims under Israeli law. This lawsuit asserts that Defendants made material misrepresentations and omissions regarding: (a) the ***performance and integration of Omega***, which Perrigo acquired in early 2015; and (b) ***Perrigo's pricing strategy, noncompetitive practices, and the competitive environment for Perrigo's generic prescription drug unit***.

ECF No. 292 (emphasis added). Having represented to Judge Arleo that description was accurate, and joined Plaintiffs in asking Judge Arleo to accept that proposed finding, Defendants cannot now be heard to complain that Judge Arleo entered an order accepting that finding. Defendants cite no authority for their baseless assertion that a description the Court finds and the parties stipulate "clearly and concisely state[s]" the claims at issue does not in fact clearly and concisely describe such claims. The only case they cite, a 27-year old unpublished magistrate judge opinion from across the country, *EEOC v. State PUC*, Consolidated Cases No. C-90-0378 MHP (JSB), No. C-91-2195 MHP (JSB), 1995 U.S. Dist. LEXIS 8318 (N.D. Cal. Feb. 16, 1995), has nothing whatsoever to do with Court-ordered class notice. To the contrary, *EEOC* involves only



Hon. Julien X. Neals, U.S.D.J.                                                                                          May 6, 2022
Page 4

differences between the alleged class *definition* and a different class definition used in motion papers.  Here, Judge Arleo certified three classes exactly as defined by Plaintiffs, and the stipulated order providing a "clear[] and concise[]" description of class claims cannot be altered simply because Defendants now find those claims to be indefensible as sustained.  ECF No. 292.

### III. None of Defendants' New Integration Cases Even Remotely Allows the Court to Ignore the Strong Evidence Supporting Plaintiffs' Integration Claims

Unable to credibly explain away the voluminous evidence showing that Defendants knew the Omega integration was a disaster at the same time as they publicly told investors it was "in line" and accretive—or Judge Arleo's holding that the false representations here about the integration being on track were actionable, *see* ECF No. 136 at 30-31—Defendants ask this Court to be the first in the nation to adopt a sweeping rule that lies about the topic of integration are categorically excepted from federal securities laws.  None of Defendants' cited cases so hold, and neither the Exchange Act nor SEC rules so provide.  Instead, *Zebra*, *In re Ferrellgas Partners, L.P., Sec. Litig.*, No. 16 CIV. 7840 (RJS), 2018 WL 2081859, at *12 (S.D.N.Y. Mar. 30, 2018), *aff'd*, 764 F. App'x 127 (2d Cir. 2019), and *Friedman v. Endo Int'l PLC*, No. 16-CV-3912 (JMF), 2018 WL 446189, at *5 (S.D.N.Y. Jan. 16, 2018) / *Steamfitters' Indus. Pension Fund v. Endo Int'l PLC*, 771 F. App'x 494, 497 (2d Cir. 2019)), merely hold that the specific integration-related statements alleged in those complaints were too vague as pled in the context in which they were made.  Significantly, *Zebra*, *Ferrellgas* and *Endo* involved no allegation—as the evidence here proves—that executives admitted internally that "nothing was going right with the integration" at the same time Defendants said the opposite to investors.  Nor did any of those cases involve proof, as here, that Defendants were told the integrated company was severely underperforming at the time they told investors it was immediately accretive.  Had the devastating evidence here been alleged in Defendants' cited cases, there is little doubt that those integration claims would have survived as well.

At any rate, the Third Circuit has made absolutely clear that materiality in securities and ERISA cases should rarely be decided at summary judgment: "Summary judgment on the 'question of materiality' is appropriate only if 'reasonable minds cannot differ.'" *Daniels v. Thomas & Betts Corp.*, 263 F.3d 66, 73 (3d Cir. 2001) (quoting *Fischer v. Phila. Elec. Co.*, 994 F.2d 130, 135 (3d Cir. 1993) and *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 450 (1976)).  Defendants do not, and cannot, show that on the record here reasonable minds could not differ on materiality.  The issue must go to the jury.  *Id.*

### IV. The Additional Cases Defendants Cite Do Not Support Summary Judgment

In a final desperate attempt to keep Plaintiffs' evidence from the jury, Defendants' letter presents two additional cases, *United Food & Com. Workers Int'l Union Loc. 464A v. Pilgrim's Pride Corp.*, No. 20-CV-01966-RM-MEH, 2022 WL 684169 (D. Colo. Mar. 8, 2022) and *Pamcah-UA Loc. 675 Pension Fund v. BT Grp. PLC*, No. 20-2106, 2021 WL 3415060 (3d Cir. Aug. 5, 2021).  Neither case suggests Defendants can avoid trial for their fraud.  *Pilgrim's Pride* involved a motion to dismiss where there was no particularized allegation that anti-competitive conduct impacted class period financial results.  Here, Plaintiffs have proffered not just assertion but ***evidence*** that:





Had the scheme been similarly significant in *Pilgrim's Pride,* there would be no basis for dismissal. There is no basis here to keep this evidence from the jury.

Defendants' citation to *Pamcah-UA* is similarly unavailing. That decision, which states on its face that it "does not constitute binding precedent," merely noted that the Third Circuit has not yet embraced (or rejected) the corporate scienter doctrine, and the complaint there would not suffice even if it had because there was no allegation that the corporation had any involvement—direct or indirect—in the misconduct of one subsidiary. *Pamcah-UA*, 2021 WL 3415060, at *3. By contrast, Plaintiffs here provide both direct and circumstantial evidence of each Defendants' involvement in and knowledge of the misrepresentations and omissions to investors. *See* Plaintiffs' Opposition to Summary Judgment, ECF No. 359 at 23-35 and 58-65. More importantly, at summary judgment—where the focus is on evidence not allegation—the corporate scienter doctrine is largely besides the point. As the Third Circuit has long held, circumstantial evidence of scienter is entirely proper at summary judgment and can be considered by the jury. *In re Phillips Petroleum Sec. Litig.*, 881 F.2d 1236, 1244 (3d Cir. 1989) (stating "circumstantial evidence may often be the principal, if not the only, means of proving bad faith") (quotation and citation omitted).

For all of these reasons, this 2016 case should not be further delayed by Defendants' serial motion practice. Summary judgment should be denied and a trial setting provided.

Respectfully submitted,

s/ Michael B. Himmel
Michael B. Himmel

cc: Hon. Leda Dunn Wettre, U.S.M.J.
     All counsel (via ECF)

