

**ROSELAND OFFICE:**
75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ  07068-3701
(973) 535-1600
FAX (973) 535-1698

**NEW YORK OFFICE:**
747 THIRD AVENUE
2ND FLOOR
NEW YORK, NY  10017
(212) 847-9858

**COUNSELORS AT LAW**

**METRO CORPORATE CAMPUS ONE**
**P.O. BOX 5600**
**WOODBRIDGE, NJ  07095-0988**
**(732) 549-5600     FAX (732) 549-1881**

DELIVERY ADDRESS: 99 WOOD AVENUE SOUTH, ISELIN, NJ  08830-2712
INFO@GREENBAUMLAW.COM
WWW.GREENBAUMLAW.COM

**ALAN S. NAAR**
**(732) 476-2530 -** DIRECT DIAL
**(732) 476-2531 -** DIRECT FAX
ANAAR@GREENBAUMLAW.COM

May 18, 2022

Hon. Julien X. Neals, U.S.D.J.
United States District Court for the
District of New Jersey
Martin Luther King Federal Building &
Courthouse
50 Walnut Street, Room 2060
Newark, NJ 07101

      Re:   *Roofers' Pension Fund et al. v. Papa, et al.*, No. 2:16-CV-2805-JKN-LDW

Dear Judge Neals:

    This firm, together with Fried, Frank, Harris, Shriver & Jacobson LLP, represents Perrigo Company plc ("Perrigo") in the above-referenced action (the "Action"). We write on behalf of Perrigo, Joseph Papa and Judy Brown (collectively, "Defendants") to respond to Plaintiffs' letter dated May 6, 2022, ECF 391 ("May 6 Letter").

### I.    The Inferences Plaintiffs Seek To Draw Are Not Justifiable

    Plaintiffs concede, as they must, that only "justifiable" inferences may be drawn in their favor. May 6 Letter at 1 (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)). The inferences that Plaintiffs propose are not justifiable.

    *First*, Plaintiffs erroneously assert that there was "an email that was provided to Defendants Papa and Brown in which Omega CEO Marc Coucke states 'nothing is going right with the integration. Everything is horrible,'" and Plaintiffs refer to that supposed statement as "the plain words used by Mr. Coucke." May 6 Letter at 2. But these are not Mr. Coucke's words at all. Mr. Coucke did send an email summarizing his statements at an Executive Committee meeting in June 2015 (Ex. 180), but that email does *not* state that "nothing is going right with the integration. Everything is horrible." Plaintiffs are quoting deposition testimony from Thomas Farrington, not "the plain words used by Mr. Coucke.

Hon. Julien X. Neals, U.S.D.J.
May 18, 2022
Page 2

Plaintiffs' counsel specifically asked Mr. Farrington what he recalled about Mr. Coucke's statements, "[s]etting aside what is in the actual document"—*i.e.*, Mr. Coucke's email. Mr. Farrington testified that he did not "remember specific words," but he recalled Mr. Coucke "erupt[ing] around nothing is working right with integration. Everything is horrible." Ex. 165 at 234:15-25.

> Q. *Setting aside what is in the actual document*, which we will go through, what do you recall about this exchange?
>
> A. Marc's nature was to spontaneously, I will use the word erupt and speaking in very guardrail terms, everything always never, and I believe this happened in executive committee where he erupted around **nothing is working right with integration. Everything is horrible.** Perrigo is terrible. *I don't remember specific words*, but I can remember some of the chants. *Id.* (emphases added).

It is Defendants—not Plaintiffs—who are asking the Court to consider "the plain words used by Mr. Coucke." Mr. Coucke wrote that "Perrigo corporate wants to change us" and referred to "the list where Perrigo allready [sic] tried to change [O]mega" even though "[c]losing is not yet 3 months old." Ex. 180; ECF 390 ("Defendants' April 29 Letter"). Plaintiffs make no attempt to explain how complaints about excessive integration can be used to support a claim that integration was not progressing. No reasonable juror could rely on grousing about the "list" of areas "where Perrigo allready [sic] tried to change [O]mega" to infer that Defendants' statements that integration was progressing were anything but true.

***Second***, Plaintiffs contend that Defendants' "interpretation" of a May 26, 2016 email regarding a "retrospective" review of the Omega integration (Ex. 84) is "facially implausible." May 6 Letter at 1. No interpretation is necessary: Exhibit 84 is an email dated May 26, ***2016***, and Plaintiffs are citing it as evidence of what Defendants knew in ***2015***. Defendants' April 29 Letter at 4-5. Plaintiffs fail to cite any evidence contemporaneous with the challenged statements to show that any such statement was false or misleading when made.

Plaintiffs are wrong when they assert that Exhibit 84 demonstrates that "severe problems were well-known to Perrigo by July 2015." May 6 Letter at 2. The document makes clear that as part of a "postmortem" or "retrospective" analysis more than a year after the acquisition closed, Mr. Farrington, with hindsight, lamented in emails to Mr. Rabinowitz that Perrigo had mistakenly "placed great trust" in the Omega management team following a July 2015 meeting with Mr. Coucke. Ex. 84 at -045; *see also* ECF 347 (Papa Opening Brief) at 36-37 (discussing Ex. 84). That Mr. Farrington, who led the Perrigo integration team, regretted in May 2016 having "placed great trust" in the Omega team does not mean Mr. Papa, Mr. Farrington, or anyone else at Perrigo was aware of fraud or other wrongdoing by Omega's executives in 2015. *Id*

Hon. Julien X. Neals, U.S.D.J.
May 18, 2022
Page 3

## II. Plaintiffs Miscite the Standard for Scienter

Plaintiffs incorrectly contend that "the scienter standard is **higher** at the pleading stage than at summary judgment or trial" because "[t]o survive a motion to dismiss, a securities fraud plaintiff must establish a 'strong inference' of scienter." May 6 Letter at 2 n.2 (emphasis in original). This misses the point. At summary judgment, unlike the pleading stage, a plaintiff "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In any event, Plaintiffs rely on an outdated case, decided nearly two years before the Supreme Court's seminal decision in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). In the wake of *Tellabs*, courts within the Third Circuit have applied the "strong inference of scienter" standard at the summary judgment stage. *See, e.g.*, *WM High Yield Fund v. O'Hanlon*, 964 F.Supp.2d 368, 372, 374 (E.D. Pa. 2013) (granting summary judgment because "*Tellabs* requires that there must be a 'strong inference' of scienter" and "Plaintiffs have adduced no such proof"); *Pennmont Secs. v. Wallace*, 2008 WL 834379, at *6 (E.D. Pa. Mar. 26, 2008) (granting summary judgment and explaining "there must be a strong inference of scienter drawn from all the facts" to prevail at summary judgment) (citation omitted). As Defendants' filings make clear, Plaintiffs have failed to adduce proof sufficient to create a strong inference of scienter.[1]

## III. Plaintiffs' Repeated Attempts to Re-Write the Claims in this Action Fail

In the May 6 Letter, Plaintiffs do not cite anything in either the Court's July 2018 motion to dismiss decision (ECF 136) or the November 14, 2019 class certification order (ECF 227) supportive of their contention that this action involves supposed misrepresentations and omissions about overall Omega performance. Nor do Plaintiffs contest that (i) their own complaint alleged material misrepresentations and omissions about "the integration of Perrigo's largest acquisition, Omega Pharma N.V.," and (ii) the Court held that "the Amended Complaint fails to allege any specific misrepresentations in connection with underperformance." Defendants' April 29 Letter at 6 (citing Am. Compl. ¶¶ 1, 140 & *Roofer's*, 2018 WL 3601229, at *23 n.23). Further, Plaintiffs' May 6 Letter does not mention the Court's November 14, 2019 class certification decision (accompanying the certification order of the same date). That decision states clearly that "[t]he surviving claims are premised upon misrepresentations and omissions relating to two key areas: (1) collusive pricing for generic drugs; and (2) the *integration* of Omega Pharma, N.V. ('Omega')." ECF 226 (Class Certification Opinion) at 3 (emphasis added); *see also id.* at 4 (explaining that "[t]he second set of misstatements relates to the integration of an

---

[1] Unable to show that either individual defendant, Mr. Papa or Ms. Brown, acted with scienter, Plaintiffs cannot rely on the corporate scienter doctrine, which the Third Circuit has repeatedly declined to adopt, to make the requisite showing of scienter against Perrigo. *See In re Hertz Glob. Holdings, Inc.*, 905 F.3d 106, 121 n.6 (3d Cir. 2018); *Pamcah-UA Local 675 Pension Fund v. BT Group PLC*, 2021 WL 3415060, at *3 (3d Cir. Aug. 5, 2021) (non-precedential).

Hon. Julien X. Neals, U.S.D.J.
May 18, 2022
Page 4

acquired company" and that, in the motion to dismiss decision, the court "sustained the claims based upon misrepresentations relating to the past and present success of the integration").

Plaintiffs cite the fact that Judge Arleo's motion to dismiss decision allowed claims related to statements about the "accretive effect" of the merger to proceed past the pleading stage. May 6 Letter at 3. Defendants do not dispute that those claims proceeded to discovery, and Defendants' summary judgment papers explain how discovery has shown that those statements were not false or misleading. *See, e.g.*, ECF 343 ("Perrigo Opening Brief") at 7, 33; ECF 347 (Papa Opening Brief) at 31-32. The "accretive effect" of the merger is not the same thing as overall Omega performance.

Plaintiffs argue that Defendants' April 29 Letter supposedly "artfully excerpt[ed] portions of sentences" from the class certification order. May 6 Letter at 3. However, the additional language from that order (that Plaintiffs quote at length in their May 6 letter) merely discusses the statute under which each cause of action is being pursued and the Defendants for each cause of action. *Id.* There is no debate among the parties about what causes of action or Defendants remain in the case.

Insofar as Plaintiffs find no support for their position in their complaint, the motion to dismiss decision, the class certification order, or the class certification decision, they return once again to the Notice of Pendency of Class Action (ECF 389) that Plaintiffs sent to shareholders, which Plaintiffs refer to as the "class notice." May 6 Letter at 3. Plaintiffs do not dispute that the purpose of a class notice is to provide a high-level overview of the action in language that can be easily understood by a layperson and that a class notice is not intended to be relied upon in court for the precise contours of the claims at issue. Defendants' April 29 Letter at 6 n.2. Plaintiffs do not cite a single case, from any jurisdiction, that has ever relied on a class notice to determine the contours of what claims remained in the case. As set forth in the class certification order, the remaining claims in this case are those "set forth in the Amended Complaint and consistent with the Court's Opinion and Order of July 27, 2018." ECF No. 227 at 2.

For all the reasons discussed in Defendants' motion papers, at oral argument, and in this letter and Defendants' April 29 Letter, Defendants respectfully request that the Court grant summary judgment in their favor.

> Respectfully yours,
>
> */s/ Alan S. Naar*
>
> Alan S. Naar

cc: via ECF Counsel for All Parties